

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, | : |
|     Plaintiff, | :    Civil No. 3:01-CV-364(AVC) |
| v. | : |
| Karl Vaillancourt, | :    October 24, 2003 |
|     Defendant, | : |

### PLAINTIFF'S APPLICATION FOR REPRESENTATION OF COUNSEL

Pro se plaintiff, Aaron Northrop, respectfully requests that the court secure representati...

3:01CV0364(AVC). November 17, 2003. This is an action for damages brought pursuant to common law tenets concerning breach of contract. The plaintiff has filed the within motion seeking the appointment of counsel pursuant to 28 U.S.C. § 1915. For the reasons that hereinafter follow, the plaintiff's application for appointment of counsel (document no. 59) is DENIED without prejudice to its refiling in accordance with this order.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The court has wide discretion in determining whether to appoint counsel, which is informed by various factors. See Hodge v. Police Officers, 802 F.2d 52, 61-62 (2d Cir. 1986). One of those factors, implicit within the statute, is that the party cannot obtain counsel. See Hodge, 802 F.2d at 61; see also Highsmith v. Gomez, 2000 WL 333810018, at *2 (D. Conn. Nov. 30, 2000) (denying plaintiff's application for counsel based, in part, on fact that plaintiff had not demonstrated that he was unable to obtain counsel).

The application submitted by the plaintiff does not indicate that he has made any attempts to secure legal representation, nor does it address the other factors identified in Hodge. Consequently, the plaintiff's application for appointment of counsel is DENIED with prejudice to its refiling in accordance with order.

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.