Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

**FILED**

2004 MAR 15 A 11: 37

IN THE UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
HARTFORD, CT.

FOR THE DISTRICT OF CONNECTICUT

Aaron Ben Northrop,       )
        Plaintiff,        )
                          )
                          )
v.                        )          Case No. 3:01-CV-364 (AVC)
                          )
                          )
Karl Vaillancourt,        )
        Defendant.        )          March _11_, 2004

### DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO QUASH OR FOR PROTECTIVE ORDER

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to Fed. R. Civ. P. 7(a), responds and objects to the plaintiff's motion for extension of time to respond to defendant's motion to quash or for protective order, dated September 5, 2003.

### BACKGROUND

The defendant filed a motion to quash or for protective order (relative to Plaintiff's Interrogatories numbered 1-8) on September 5, 2003, together with a motion to reconsider and modify (relative to the Court's Order of August 22, 2003) and a motion to dismiss for lack of subject matter jurisdiction. See Docket Entry No.'s 54, 53 and 55, respectively.

The plaintiff filed a response to defendant's motion to reconsider and modify, and motion to dismiss for lack of subject matter jurisdiction (both also filed September 5, 2003), on September 19, 2003. See Docket Entry No. 57.

The defendant filed a reply to plaintiff's response (No. 57) on September 29, 2003. See Docket Entry No. 58.

The Court issued an Order to pro-se plaintiff directing him to respond to defendant's motion to quash or for protective order by February 25, 2004, or such motion would be allowed, dated February 9, 2004. See Docket Entry No. 62.

The plaintiff filed a motion for extension of time to respond to defendant's motion to quash or for protective order (No. 54) on February 23, 2004.  See Docket Entry No. 64.

The Court issued an endorsement order granting plaintiff's motion for extension of time to respond (No. 64) to March 19, 2004, on February 24, 2004.  See Docket Entry No. 65.

The defendant now objects to the plaintiff's motion for extension of time to respond (No. 64).

## **GROUNDS FOR OBJECTION**

The plaintiff alleges in an affidavit attached to the motion for extension that:

1.      He did not receive a copy of the motion to quash from defendant;

2.      He had no knowledge of the filing of such a motion.

Both of plaintiff's allegations are patently false.

Attached as Exhibit A is a photocopy of an acknowledged certified mail receipt showing that the plaintiff received all documents filed by defendant with this Court on September 5, 2003 in a very prompt fashion.

Attached as Exhibit B is the sworn affidavit of Karl Vaillancourt affirming that the package sent to Aaron Northrop on September 5, 2003 contained a conformed copy of the motion to quash or for protective order, as well as copies of all the other documents filed by defendant on September 5, 2003, and to which plaintiff has responded.

Attached as Exhibit C is a photocopy of an acknowledged certified mail receipt showing that the plaintiff received defendant's reply to plaintiff's response in regard to defendant's motion to reconsider and modify, filed by defendant with this Court on September 29, 2003, also in a very prompt fashion.

The defendant included a conformed copy of the motion to quash in the very same package that contained the motion to reconsider and the motion to dismiss.  The plaintiff has responded in a timely fashion to these other two motions.  He clearly received the package sent by defendant in a timely fashion.  His claim that such did not contain a copy of the motion to quash is without merit.

Furthermore, the defendant pointed out to the Court and to the plaintiff that a motion to quash or for protective order had been filed by defendant and had not been objected to in his consolidated reply of September 29, 2003.  See Docket No. 58, First Section.

The plaintiff had every reason to know that he had failed to respond to the defendant's motion to quash in early October of 2003.  The plaintiff has not and can not deny having received a copy of defendant's reply of September 29, 2003.  He had ample opportunity to raise a lack of receipt of a copy of the motion to quash in October and November of 2003.  He did not do so

because plaintiff had received a copy of the pleading. He either lost it, or ignored it. His motion for an extension of time in this regard is stale and out of order, given the defendant's explicit calling of the item to his attention in his reply of September 29, 2003.

Wherefore, defendant Vaillancourt respectfully prays that this Court would reverse its endorsement Order (No. 65) as improvidently granted, deny plaintiff's motion (No. 64) and strike the plaintiff's motion for extension of time (No. 64). Further, defendant Vaillancourt prays that this Court would now grant his motion to quash or for protective order, as it has not been objected to.

Respectfully submitted,

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

ORAL HEARING IS NOT REQUESTED

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within objection was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Lompoc U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA 93436, on this ___th day of March, 2004.

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473



EXHIBIT A

**EXHIBIT B**

Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:01-CV-364 (AVC) |
| | ) | |
| | ) | |
| Karl Vaillancourt, | ) | March _11_, 2004 |
| Defendant. | ) | |

**AFFIDAVIT OF KARL VAILLANCOURT**

Now comes Karl Vaillancourt, the defendant in the instant action and, after being duly sworn, does depose and say:

1.     On September 5, 2003, I filed at the office of the Clerk of the U.S. District Court the following documents:

        a)     Motion to Reconsider and Modify;

        b)     Motion to Quash or For Protective Order;

        c)     Motion to Dismiss for Lack of Subject Matter Jurisdiction; and

        d)     Memorandum in Support of Motion to Dismiss.

2.     Also on September 5, 2003, I personally prepared a package addressed to the plaintiff in this action that contained conforming copies of all four of the foregoing pleadings.

3.     Also on September 5, 2003, I personally paid postage for, and personally caused said package containing all four of the foregoing pleadings to be mailed by certified mail, with a return receipt requested, to the plaintiff's known address at Lompoc Penitentiary.

4.     I received and have in my possession an original acknowledged certified mail receipt showing that the package described above was accepted by the U.S. Postal Service on September 5, 2003 for delivery, and received for plaintiff by prison officials shortly thereafter.

Affiant affirms under the penalty of perjury and the laws of the United States that the statements made herein are true and correct to the best of affiant's knowledge and belief.

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473

## Acknowledgment

County of   CLARK   )
                              )
State of Nevada        )

Before me personally appeared Karl Vaillancourt, who is personally known to me, or has presented identification to establish his identity to my satisfaction, and after being duly sworn, did execute and subscribe to the foregoing Affidavit in my presence this __11__th day of March, 2004.



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
CAROL DAVIS
No: 94-0509-1
My Appointment Expires Oct. 3, 2006

NOTARY PUBLIC

My commission expires on ___10-3-06___.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within affidavit was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Lompoc U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA  93436, on this ___th day of March, 2004.

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473



EXHIBIT C