UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AARON BEN NORTHROP,  :
   Plaintiff,  :
                 :
v.  :  Civil No. 3:01CV364(AVC)
                 :
KARL VAILLANCOURT,  :
   Defendant.  :

### RULING ON THE DEFENDANT'S MOTION TO DISMISS

This is an action for damages arising out of the defendant's alleged default on a promissory note. It is brought pursuant to common law tenets concerning breach of contract. On September 5, 2003, the defendant filed the within motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) contending that this court lacks subject matter jurisdiction over this cause of action.

The sole issue presented is whether the amount in controversy exceeds the statutory minimum for purposes of diversity jurisdiction. The court concludes that the amount in controversy does exceed the statutory minimum. Accordingly, for the reasons that hereinafter follow, the motion to dismiss (document no. 55) is DENIED.

### FACTS:

Examination of the complaint, the motion to dismiss and the response thereto, the supporting affidavits, and other documents, reveals the following: On February 8, 1990, the plaintiff loaned the defendant $40,000. In return, the defendant executed a promissory note (the "note"). Pursuant to the terms of the note, the defendant agreed to pay the plaintiff "the principal sum of

forty thousand ($40,000) dollars, with interest at the rate of nine percent per annum." The note became due on February 8, 1995. The note gave the defendant "the right to prepay the principal amount outstanding in whole or in part."

In March, 1992, the plaintiff asserts, in his affidavit, that the plaintiff and defendant "entered into a verbal agreement in which [the parties] agreed that the date of payment on the loan would be extended an additional five years," and that "the interest would continue at the rate of nine percent per annum." Relying on this verbal extension, the plaintiff alleges that the defendant owes the plaintiff $86,707. On March 7, 2001, the plaintiff, acting pro se, commenced the within action.

On June 17, 2003, the defendant filed his first motion to dismiss contending that this court lacked subject matter jurisdiction. In that motion the defendant contended that this court lacked jurisdiction because the amount in controversy did not meet the statutory minimum of $75,000. Specifically, the defendant contended that the statute of frauds rendered the verbal modification of the promissory note unenforceable. Thus, according to the defendant, absent the verbal modification the defendant allegedly owed the plaintiff approximately $60,000, a sum below the requisite $75,000. On August 22, 2003, this court denied the defendant's motion to dismiss. In denying the defendant's motion, this court first concluded that, based on the plaintiff's allegations, the amount in controversy exceeded the

2

statutory minimum of $75,000. This court also concluded that the defendant's statute of frauds argument was misplaced because the statute did not apply to the note at issue. On September 5, 2003, the defendant filed the within motion to dismiss.

### STANDARD:

A case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In analyzing a motion to dismiss under Rule 12(b)(1), the court must accept all well-pleaded factual allegations as true and must draw reasonable inferences in favor of the plaintiff. Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001). Where a defendant challenges the district court's subject matter jurisdiction, the court may resolve disputed factual issues by reference to evidence outside the pleadings. Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), vacated on other grounds, 505 U.S. 1215 (1992).

### DISCUSSION:

The defendant contends that this court lacks subject matter jurisdiction. Specifically, the plaintiff maintains that the oral modification of the note in 1995 is unenforceable because it is not supported by valid consideration. Thus, according to the

defendant, absent the oral modification, the amount in controversy does not exceed $75,000.

The plaintiff responds that the "motion[] should . . . be denied because [it is] . . . based on [an] affirmative defense[] and [does] not challenge the court's jurisdiction."

This court has jurisdiction over diversity actions "where the matter in controversy exceeds the sum or value of $75,000 . . . ." 28 U.S.C. 1332(a). A plaintiff claiming diversity jurisdiction has the burden "of proving that it appears to a reasonable probability that the claim is in excess of the statutory minimum." Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394, 397 (2d. Cir. 2003). The amount in controversy is determined as of the date the complaint is filed, and "once jurisdiction has attached, it cannot be ousted by subsequent events." Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394, 397 (2d. Cir. 2003). The plaintiff's burden of proving that the amount in controversy exceeds the statutory minimum, "is hardly onerous, . . . for [courts] recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy. . . . To overcome [this] face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." Scherer v. Equitable Life Assurance Society of the United States, 347

4

F.3d 394, 397 (2d. Cir. 2003) (internal citations and quotation marks omitted).

"[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. . . . [E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394, 397 (2d Cir. 2003) (internal citations and quotation marks omitted; alterations in original). Importantly, "affirmative defenses asserted on the merits may not be used to whittle down the amount in controversy." Scherer, 347 F.3d at 397. Further, "[t]he rule that affirmative defenses may not be used in determining the jurisdictional amount does not appear to depend on whether a colorable argument against the defense has been advanced." Scherer, 347 F.3d at 397-98. This so-called "affirmative defense rule" is apparently based on the fact that "affirmative defenses can be waived, [and thus] the court cannot *at the time of filing* be certain that any given affirmative defense will be applied to the case." Scherer, 347 F.3d at 398 (emphasis in original). In other words, because the amount in controversy is to be determined at the time of filing, "it follows that waivable 'affirmative defenses' are not germane to determining whether the

5

amount-in-controversy requirement has been met." Scherer, 347 F.3d at 398.

In Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394 (2d Cir. 2003), the Second Circuit applied these principles to reverse a district court's ruling that it lacked subject matter jurisdiction over the plaintiff's cause of action. In Scherer the plaintiff brought an action in federal district court against her insurer seeking, in part, certain disability benefits she contended that the defendant-insurer was obligated to provide her. Scherer, 347 F.3d at 395. However, a state court jury had previously found that the plaintiff was not entitled to at least a portion of the disability benefits she sought in her federal court action. Scherer, 347 F.3d at 395-96. Relying on the state court judgment and the doctrine of res judicata, the defendant-insurer contended that the federal district court lacked jurisdiction over the plaintiff's cause of action. Specifically, the insurer contended that, if the state court action were applied to offset the damages sought by the plaintiff in her federal action, she would not meet the $75,000 statutory minimum for a diversity jurisdiction. Scherer, 347 F.3d at 396. The district court agreed and dismissed the plaintiff's cause of action on the ground that the court lacked subject matter jurisdiction.

On appeal, the Second Circuit reversed. Relying on the so-called affirmative defense rule, the court concluded that the

6

district court improperly considered the affirmative defense of res judicata for purposes of determining the amount in controversy.  The court reiterated that the amount in controversy is determined by examining "the sum put in controversy by the plaintiff's complaint, *without regard to the subsequently asserted [affirmative defense]*."  <u>Scherer v. Equitable Life Assurance Society of the United States</u>, 347 F.3d 394, 399 (2d. Cir. 2003) (emphasis added).  Thus, regardless of the validity of a defendant's affirmative defense, under the affirmative defense rule, it may not be considered in determining whether the amount in controversy meets the statutory minimum.  <u>Scherer</u>, 347 F.3d at 398-99.

Applying these principles, the court concludes that the defendant's motion to dismiss should be denied.  Firstly, as this court has previously concluded with regard to the defendant's first motion to dismiss, the amount in controversy meets the statutory minimum if the oral modification is taken into account.  The defendant contends, however, that the oral modification should not be considered in determining the amount in controversy because the modification lacked the requisite consideration.  In other words, the defendant's jurisdictional argument is premised on his contention that the oral modification lacks consideration.  Lack of consideration, however, is an affirmative defense.  <u>See</u> Fed. R. Civ. P. 8(c).  Further, lack of consideration, like res

judicata, may be waived if not properly asserted. See Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1278, at 477-81 (1990); cf. Seaboard Surety Co. v. Harbison, 304 F.2d 247, 249 (7th Cir. 1962)("a party shall affirmatively set forth the defenses of 'failure of consideration'"). Consequently, pursuant to the affirmative defense rule, this court may not consider the defendant's contention that the oral modification of the note lacked adequate consideration in determining the amount in controversy. Accordingly, the oral modification may be considered in determining whether the amount in controversy meets the statutory minimum, and, as previously indicated, if the oral modification is considered, the amount in controversy meets the statutory minimum. The defendant's motion to dismiss is therefore DENIED.

## CONCLUSION:

For the foregoing reasons, the motion to dismiss (document no. 55) is DENIED.

It is so ordered this ___13TH___ day of April, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge