54

Karl Vaillancourt
Pro Se
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, )<br>Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:01-CV-364 (AVC) |
| ) | |
| Karl Vaillancourt, ) | September 5, 2003 |
| Defendant. ) | |

## MOTION TO QUASH INTERROGATORIES
## OR FOR PROTECTIVE ORDER

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to Fed. R. Civ. P. 26(c)(1) and (4), moves this Court to quash or enter a protective Order against certain of the plaintiff's Interrogatories submitted May 4, 2002. The defendant appends a copy of the plaintiff's interrogatories hereto for the Court's reference.

## LAW

The party seeking to bar a deposition bears the burden of showing that there is good cause why the protective order should be issued. See Practice Book § 13-5; *Babcock v. Bridgeport Hospital*, 251 Conn. 790, 848-49, 742 A.2d 322 (1999). "A finding of good cause

```
3:01CV364(AVC).  April 12, 2004.  This is an action for damages
brought pursuant to common law tenets concerning breach of contract.
On September 5, 2003, the defendant filed the within motion to quash
interrogatories or for a protective order (document no. 54).  The
plaintiff did not respond to the defendant's motion within the
proscribed twenty-one day time frame.  See Conn. L. R. Civ. P. 7(a)
("all memoranda in opposition to any motion shall be filed within
twenty-one (21) days of the filing of the motion").  On February 9,
2004, this court ordered the plaintiff to respond to the defendant's
motion by February 25, 2004.  In that order, this court noted that
failure to respond "may be deemed sufficient cause to grant the
defendant's motion."  See Document No. 62.  On February 18, 2004, the
plaintiff filed a motion for an extension of time to file his
response to the defendant's motion to quash.  The court granted the
motion, and ordered that the "plaintiff shall have to an including
March 19, 2004 to respond to the defendant's motion."  The plaintiff
has not responded.  Accordingly, the defendant's motion to quash is
GRANTED.
SO ORDERED.
```

Alfred V. Covello, U.S.D.J.