UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AARON BEN NORTHRUP,
  Plaintiff,

v.                                  : Civil No. 3:01CV364(AVC)

KARL VAILLANCOURT,
  Defendant.

### RULING ON THE DEFENDANT'S MOTION FOR RECONSIDERATION

This is an action for damages arising out of the defendant's alleged default on a promissory note. It is brought pursuant to common law tenets concerning breach of contract. On September 5, 2003, the defendant filed the within motion for reconsideration of this court's August 22, 2003 order that, inter alia, struck the defendant's statute of limitations defense from his answer and denied the defendant's motion to dismiss as moot. For the reasons that hereinafter follow, the motion for reconsideration (document no. 53) is GRANTED, but the relief requested therein is DENIED.

### FACTS:

In relevant part, the complaint alleges that the plaintiff loaned the defendant $40,000. In return, the defendant executed a promissory note pursuant to which the defendant agreed to pay the plaintiff "the principal sum of forty thousand ($40,000) dollars, with interest" when the note became due. The complaint further alleges that, after the plaintiff granted the defendant an extension of time within which to pay the note, the defendant failed to pay the note when it came due.

On March 7, 2001, the plaintiff filed the instant lawsuit. On February 25, 2002, the defendant filed his first answer. That answer, however, was deficient. On July 16, 2002, the court instructed the defendant to file an amended answer before August 2, 2002. The defendant failed to comply. On October 4, 2002, because the defendant failed to comply with the court's order, the answer was stricken.

On June 24, 2003, the defendant filed a motion to file a late amended answer and a motion to dismiss the complaint for lack of standing. On August 22, 2003, by way of an order, the court granted the plaintiff leave to file a late answer but struck the affirmative defenses from the answer. The court struck the affirmative defenses, which included affirmative defenses based on lack of standing and the statute of limitations, because the defendant's actions in failing to file a timely answer were willful and because the late filing would unduly prejudice the plaintiff insofar as he was unaware of such defenses. Also by way of the August 22, 2003 order, the court denied as moot the defendant's motion to dismiss premised on the defense of lack of standing because the affirmative defense of standing had been ordered stricken. On September 5, 2003, the defendant filed the within motion for reconsideration.

### STANDARD:

Reconsideration of a previous ruling is appropriate where

there has been an intervening change in controlling law, new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice. United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994).

## DISCUSSION:

1. Statute of Limitations Defense

The defendant first contends that the court improperly struck his affirmative defense based on the statute of limitations and therefore that the defense should be reinstated. Specifically, the defendant contends that he should be permitted to assert his defense of the statute of limitations because the plaintiff had notice of this defense insofar as it was raised in the defendant's original answer and therefore there would be no prejudice to the plaintiff. The court is not persuaded.

The defendant's contention assumes that the court's August 22, 2003 ruling was wholly based on the fact that permitting the defendant to raise the statute of limitations defense at such a late date would prejudice the plaintiff. Certainly that was a consideration in the court's decision, but so too was the fact that the defendant had willfully failed to comply with the requirement to file an answer in accordance with the court's order. Thus, even if the court were to assume that the statute of limitations defense was raised in the defendant's original answer, the defendant wholly fails to account for the fact that

he willfully failed to comply with this court's order - even after the court struck his original answer. Inasmuch as the August 22, 2003 order was premised on the defendant's willfulness, the court is not persuaded that it's ruling was incorrect.[1]

2.  Motion to Dismiss Based on Standing:

The defendant next contends that the court improperly failed to address his motion to dismiss that alleged that the plaintiff lacked standing. Specifically, the defendant maintains that standing implicates subject matter jurisdiction and therefore the court must address the issue of standing on the merits. Further, the defendant maintains that if his motion to dismiss based on standing is examined on the merits, the complaint should be dismissed. The court is not persuaded.

Put simply, assuming arguendo that the defendant is correct that the issue of standing should have been examined on the merits because it implicates subject matter jurisdiction, the defendant's argument regarding standing is meritless and thus would not require a different result than that reached in the August 22, 2003 order. The defendant's contention regarding standing is that the plaintiff does not have "standing" to sue on

---

[1] The court notes that nothing in its August 22, 2003 order prohibits the defendant from making a motion at trial to amend his answer pursuant to Fed. R. Civ. P. 15(b).

4

the note at issue because he not a holder of the note.[2] However, a fair reading of the complaint indicates that the plaintiff alleges that he is a holder of the note and thus that he has a right to enforce the note. On a motion to dismiss for lack of standing the court must take as true the allegations contained in the complaint. See Center for Reproductive Law and Policy v. Bush, 304 F.3d 183, 191-92 (2d. Cir. 2002) ("[s]ince this case remains at the pleading stage, all facts averred by the plaintiffs must be taken as true for purposes of the standing inquiry - as they must be for any other issue presented"). Therefore, regardless of the *defendant's averments* regarding the plaintiff's status as a holder in due course, the complaint alleges sufficient facts to give rise to the plaintiff's rights to enforce the note at issue. Accordingly, even if the court were to address the motion to dismiss for lack of standing on the merits, it is meritless and does not require dismissal of the complaint.

---

[2] The court has considerable doubts that the defendant's holder in due course argument actually implicates concepts of standing. See Ninth RMA Partners, LP v. Krass, 746 A.2d 826, 830 (Conn. App. 2000) (holding that defendant's holder in due course argument did not implicate standing but rather went to merits of action). Nevertheless, *for purposes of this motion only*, the court assumes that the defendant's argument implicates standing.

5

## CONCLUSION

For the foregoing reasons, the motion for reconsideration (document no. 53) is GRANTED, but the relief requested therein is DENIED.

It is so ordered this ___16TH___ day of April, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge