Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT  06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop,  )<br>  Plaintiff,  )<br>        )<br>        )<br>v.        )<br>        )<br>        )<br>Karl Vaillancourt, )<br>  Defendant. )  | Case No. 3:01-CV-364 (AVC)<br><br>June 11, 2004 |

### DEFENDANT'S TRIAL MEMORANDUM

Now comes Defendant Karl Vaillancourt, and pursuant to the Order of this Court dated April 28, 2004, submits this trial memorandum.

### I. TRIAL COUNSEL

The defendant will proceed at trial pro se. Defendant's address is 29 State Street, North Haven, CT  06473.

### II. JURISDICTION

The defendant avers that this Court lacks any proper basis for jurisdiction, and will maintain such throughout these proceedings. Nonetheless, the plaintiff's trial memorandum accurately reflects this Court's stated basis for jurisdiction.

### III. JURY/NON-JURY

Plaintiff has demanded a jury, and defendant has no basis upon which to object.

1

### IV.  LENGTH OF TRIAL

Barring stipulations, defendant estimates that trial would take two days.  Day one would consist of jury selection, opening statements, proof from witnesses, rebuttal and closing statements.  Day two would consist of jury instructions, deliberation and a verdict.

### V.  FURTHER PROCEEDINGS

Defendant anticipates opposing plaintiff's petition for habeas corpus ad testificandum, including an appeal of any grant thereof as a collateral order.  Defendant also anticipates opposing plaintiff's portended second application for appointment of counsel.

Defendant anticipates bringing various motions at trial as the proof supports, such as (without limitation) to amend the pleadings, for a directed verdict from the bench for dismissal due to lack of standing, dismissal for bar by statute of limitations, and dismissal for lack of jurisdiction.

### VI.  NATURE OF THE CASE

Defendant subscribes to the plaintiff's explanation in his trial memorandum. But the defendant nevertheless denies he had any enforceable obligation to pay plaintiff money, that an agreement to extend such a contract ever occurred, nor that plaintiff is entitled to any of the relief he is demanding.

### VII.  TRIAL BY MAGISTRATE JUDGE

Defendant has executed and herewith submits the consent for trial by magistrate judge, signed in original by each of the parties.

### VIII.  LIST OF WITNESSES

The defendant will testify about the MAGNA enterprise, and will testify that no conversation was had between himself and plaintiff at any time after the Spring of 1991.  This

testimony should take an hour.

The Honorable Alan H. Nevas will testify that the plaintiff voluntarily and knowingly pled guilty at his criminal trial to two counts contained in a superseding indictment that each alleged that he funded the MAGNA enterprise with drug sale proceeds. <u>USA v. Northrop</u>, 1998 U.S. Dist. LEXIS 677, *1; Superseding Indictment, Count One (Overt Acts No. 13 at p.4), Count Three (at p.10) (incorporating Overt Acts in Count One). This testimony should take an hour, barring stipulation to these facts by plaintiff.

Assistant U.S. Attorney Peter Jongbloed may testify to similar information as Judge Nevas, and may testify about the nature of plaintiff's claim for return of seized property. This testimony should take an hour, barring stipulation to these facts by plaintiff.

Mr. Keith Mello, a Sergeant of the Milford police department, will testify as to plaintiff's arrest and incarceration during March of 1992, his ability to communicate with defendant during March of 1992, and will testify concerning plaintiff's flight from prosecution after making bail in March of 1992. This testimony should take an hour.

John W. Woychowski will testify as to the facts drawn from his observations of the MAGNA enterprise, the nature of the relationship between plaintiff and defendant after the break-up of MAGNA, and may offer insights into the nature of communications between the parties. This testimony should take an hour.

## IX. EXHIBITS

The defendant will submit the following exhibits at trial, to be denominated as defense exhibits numbered as follows:

1. Docket of <u>USA v. Aaron Northrop</u>, Case No. 92-CR-00032(AHN);
2. Copy of affidavit of Connecticut State Trooper Thomas Murray, April 15, 1997 (part of the docket in this case, filed by plaintiff on June 30, 2003);

3. Copy of decision in *Northrop v. USA*, 1998 U.S. Dist. LEXIS 677, *1, decided January 14, 1998 (habeas regarding plea and counsel);

4. Copy of Superseding Indictment, USA v. Northrop, Grand Jury N-91-2, Case No. 92-CR-00032(AHN), filed December 9, 1992;

5. Copy of Plaintiff's First Motion for Default Judgment, dated June 10, 2002 (Docket Entry No. 13);

6. Copy of Plaintiff's Second Motion for Default Judgment, dated June 16, 2003 (Docket Entry No. 23);

7. Copy of Affidavit of Aaron Northrop, dated June 30, 2003 (Attached to Docket Entry No. 24);

8. Copy of news article, "Cocaine Found in Car of Man Chased By Cops," published in the New Haven Register on or about March 4, 1992; and

9. Copy of news article, New Haven Register, April 9, 1992, by Joseph T. Brady.

Copies of numbers 1, 3, 8 and 9 above are served on the plaintiff together with a copy of this trial memorandum. On information and belief, plaintiff has in his possession copies of numbers 2, 4, 5, 6 and 7.

## X. TRIAL TO JURY

**(a) Proposed findings of fact are:**

1. The plaintiff lacks standing to sue upon this note because, by a preponderance of the evidence adduced at trial, it is held that the monies loaned by plaintiff were drug sale proceeds;

2. By a preponderance of the evidence adduced at trial, it is found that no extension agreement to this loan was made in March of 1992;

4

**(b)(i) Proposed voir dire questions will be:**

1. Have you ever been a drug dealer?

2. Have you ever known someone that was a drug dealer (and relationship therewith if a positive response)?

3. Have you ever experimented with marijuana or cocaine?

4. Have you ever filed a false police report?

5. Have you ever filed a false insurance claim?

6. Have you ever been sued?

7. Have you ever sued someone?

8. Have you ever been evicted or had a mortgage foreclosed upon?

9. Have you ever been in jail?

10. What do you do for a living?

11. What is your annual household income?

**(b)(ii) Proposed jury instructions are as follows:**

<u>Standing:</u>

Standing means the right to sue over something. A person can only sue when they or their property have been harmed. I can't sue your gardener for you if he damages your lawn. Only you would have the right to seek damages from him. Consequently, one can't sue over the loss of property they don't legally own. If the law says that a party has no right to own a certain kind of property, naturally, they can't sue to recover it if it gets lost, stolen or otherwise becomes out of their possession.

A drug dealer is not allowed to own drugs, nor is he allowed to sell drugs. If a drug dealer loses the money received from drug sales, he can't sue to recover it. He was never entitled to possess the drugs or the drug sale monies in the first place. Under law, those monies

belong to the U.S. Government at the time of the crime.

The entering of a voluntary and knowing guilty plea in court is strong proof of all of the elements alleged in the count contained in the indictment. Mr. Northrop pled guilty at his criminal trial to Counts One and Three of the superseding indictment which has been entered into evidence in this case. Those counts clearly state in Overt Act No. 13 that Mr. Northrop used approximately $100,000 in drug sale proceeds to open the MAGNA enterprise.

If you credit the testimony of Judge Nevas that his plea of guilty to these charges was both knowing and voluntary, then you should consider the guilty plea as strong evidence tending to prove Mr. Northrop used at least some drug sale proceeds to start the MAGNA enterprise.

But the question at hand is not dispositively proved by this admission of guilt. In order for you to find that Mr. Northrop is entitled to sue in this case, you would have to believe from the evidence at trial that this loan was not part of those drug sale proceeds. If you believe that this loan was part of those drug sale proceeds, then you would find Mr. Vaillancourt not liable for the loan.

A plaintiff always has the burden of proving every element that is essential to his case. In this case, it is essential to Mr. Northrop's case that you are convinced by a preponderance of the evidence that he did not use drug monies to make the loan at issue. If you are convinced that the monies lent were not drug sale proceeds, your deliberations continue. If you are not convinced, and believe that the monies in question were Mr. Northrop's drug sale proceeds, then the case is over, because you would be finding that Mr. Northrop doesn't have legal standing to sue in this case.

If you find, by a preponderance of the evidence admitted in this trial, that the plaintiff, Aaron Northrop, used drug monies to make this alleged loan to Karl Vaillancourt, you should render a verdict that Mr. Vaillancourt is not liable for the loan. Conversely, if you find by that

same preponderance standard that Mr. Northrop did not lend drug monies, then you should proceed to evaluate whether an extension agreement existed between the parties.

**Authorities:**

The party making a claim has the burden of proof with respect to that claim. Thus, the plaintiff has the burden of proving each essential element of the cause of action upon which the plaintiff relies. *Gulycz v. Stop & Shop Companies, Inc.*, 29 Conn. App. 519, 523, cert. denied, 224 Conn. 923 (1992);

Conn. Gen. Stat. § 42a-3-309(a), which, in relevant part, provides:

> "(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of . . . a lawful seizure, . . . ."

(Emphasis added);

21 U.S.C. §881(a)(6), (c) and (h);

*United States v. Stowell*, 133 U.S. 1, 16-17 (1890);

Connecticut recognizes relation back to the commission of the crime for title purposes. *State v. Champagne*, 206 Conn. 421, 433, 538 A.2d 193 (1988);

> "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy."

*Webster Bank v. Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002) (internal quotation marks omitted) (emphasis added);

A guilty plea is an admission of all the elements of a formal criminal charge. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Duperry v. Solnit*, 261 Conn. 309, 320 (2002);

"[T]he representations of the defendant . . . as well as any findings made by the judge

accepting the plea, constitute a formidable barrier . . . . Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977);

A guilty plea is a verbal admission by the accused in court, and, as such, is admissible in subsequent civil proceedings. *Flynn v. Raccuia*, 146 Conn. 210, 212-13, 148 A.2d 763 (1959). Guilty pleas to statutory violations are admissions that tend to prove the elements of the charges. *Jacobs v. Goodspeed*, 180 Conn. 415, 418, 429 A.2d 915 (1980);

Admissions at a criminal plea allocution can establish that an individual is not entitled to property. *Adames v. United States*, 171 F.3d 728, 730 (2d Cir. 1999).

**Existence of Extension:**

In determining whether an agreement to extend the loan contract in this case was made, you should take into account the credibility of each of the witnesses, and you should also evaluate the likelihood of such an agreement from the believable facts adduced at trial.

The facts given that you choose to believe about the nature of the relationship between the parties in March of 1992, and the facts surrounding the whereabouts of Mr. Northrop in March of 1992, are all relevant to your determination of the credibility of the parties as to whether an extension agreement existed.

**Availability of Interest:**

Prejudgment interest is not a matter of right at Connecticut law. It may only be awarded as an element of damages when fairness considerations deem that it is warranted. If you determine that Mr. Northrop can sue in this case, and that you believe an extension agreement existed, you must also determine whether it is fair to the parties to charge interest on the loan, and if so, how much interest should be charged. You may consider all or any part of the

evidence adduced at trial to determine what is fair.

**Authorities:**

*Nor'easter Group, Inc. v. Colassale Concrete, Inc.*, 207 Conn. 468, 482, 542 A.2d 692 (1988);

*Hoye v. The DeWolfe Co., Inc.*, 61 Conn. App. 558, 564, 764 A.2d 1269 (2001).

**(c) Opening Statements:**

Defendant plans on making a brief opening statement that meets Local Rule 83.4 and the time restriction set forth in the Pretrial Order.

Respectfully submitted this _11_ th day of ~~May~~ June, 2004.

Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT 06473

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within trial memorandum with the specified exhibits was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Lompoc U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA 93436, on this _11_ th day of ~~May~~ June, 2004.

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

**(b)(ii) Proposed jury instructions are as follows:**

**<u>Standing</u>:**

  Standing means the right to sue over something. A person can only sue when they or their property have been harmed. I can't sue your gardener for you if he damages your lawn. Only you would have the right to seek damages from him. Consequently, one can't sue over the loss of property they don't legally own. If the law says that a party has no right to own a certain kind of property, naturally, they can't sue to recover it if it gets lost, stolen or otherwise becomes out of their possession.

  A drug dealer is not allowed to own drugs, nor is he allowed to sell drugs. If a drug dealer loses the money received from drug sales, he can't sue to recover it. He was never entitled to possess the drugs or the drug sale monies in the first place. Under law, those monies belong to the U.S. Government at the time of the crime.

  The entering of a voluntary and knowing guilty plea in court is strong proof of all of the elements alleged in the count contained in the indictment. Mr. Northrop pled guilty at his criminal trial to Counts One and Three of the superseding indictment which has been entered into evidence in this case. Those counts clearly state in Overt Act No. 13 that Mr. Northrop used approximately $100,000 in drug sale proceeds to open the MAGNA enterprise.

  If you credit the testimony of Judge Nevas that his plea of guilty to these charges was both knowing and voluntary, then you should consider the guilty plea as strong evidence tending to prove Mr. Northrop used at least some drug sale proceeds to start the MAGNA enterprise.

But the question at hand is not dispositively proved by this admission of guilt. In order for you to find that Mr. Northrop is entitled to sue in this case, you would have to believe from the evidence at trial that this loan was not part of those drug sale proceeds. If you believe that this loan was part of those drug sale proceeds, then you would find Mr. Vaillancourt not liable for the loan.

A plaintiff always has the burden of proving every element that is essential to his case. In this case, it is essential to Mr. Northrop's case that you are convinced by a preponderance of the evidence that he did not use drug monies to make the loan at issue. If you are convinced that the monies lent were not drug sale proceeds, your deliberations continue. If you are not convinced, and believe that the monies in question were Mr. Northrop's drug sale proceeds, then the case is over, because you would be finding that Mr. Northrop doesn't have legal standing to sue in this case.

If you find, by a preponderance of the evidence admitted in this trial, that the plaintiff, Aaron Northrop, used drug monies to make this alleged loan to Karl Vaillancourt, you should render a verdict that Mr. Vaillancourt is not liable for the loan. Conversely, if you find by that same preponderance standard that Mr. Northrop did not lend drug monies, then you should proceed to evaluate whether an extension agreement existed between the parties.

**Authorities:**

The party making a claim has the burden of proof with respect to that claim. Thus, the plaintiff has the burden of proving each essential element of the cause of action upon which the plaintiff relies. *Gulycz v. Stop & Shop Companies, Inc.*, 29 Conn. App. 519, 523, cert. denied, 224 Conn. 923 (1992);

Conn. Gen. Stat. § 42a-3-309(a), which, in relevant part, provides:

"(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of . . . a lawful seizure, . . . .";

21 U.S.C. §881(a)(6), (c) and (h);

*United States v. Stowell*, 133 U.S. 1, 16-17 (1890);

Connecticut recognizes relation back to the commission of the crime for title purposes. *State v. Champagne*, 206 Conn. 421, 433, 538 A.2d 193 (1988);

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." *Webster Bank v. Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002) (internal quotation marks omitted) (emphasis added);

A guilty plea is an admission of all the elements of a formal criminal charge. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Duperry v. Solnit, 261 Conn. 309, 320 (2002);

"[T]he representations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier . . . . Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977);

A guilty plea is a verbal admission by the accused in court, and, as such, is admissible in subsequent civil proceedings. *Flynn v. Raccuia*, 146 Conn. 210, 212-13, 148 A.2d 763 (1959). Guilty pleas to statutory violations are admissions that tend to prove the elements of the charges. *Jacobs v. Goodspeed*, 180 Conn. 415, 418, 429 A.2d 915 (1980);

Admissions at a criminal plea allocution can establish that an individual is not entitled to property. *Adames v. United States*, 171 F.3d 728, 730 (2d Cir. 1999).

**Existence of Extension:**

In determining whether an agreement to extend the loan contract in this case was made, you should take into account the credibility of each of the witnesses, and you should also evaluate the likelihood of such an agreement from the believable facts adduced at trial.

The facts given that you choose to believe about the nature of the relationship between the parties in March of 1992, and the facts surrounding the whereabouts of Mr. Northrop in March of 1992, are all relevant to your determination of the credibility of the parties as to whether an extension agreement existed.

**Availability of Interest:**

Prejudgment interest is not a matter of right at Connecticut law. It may only be awarded as an element of damages when fairness considerations deem that it is warranted. If you determine that Mr. Northrop can sue in this case, and that you believe an extension agreement existed, you must also determine whether it is fair to the parties to charge interest on the loan, and if so, how much interest should be charged. You may consider all or any part of the evidence adduced at trial to determine what is fair.

**Authorities:**

*Nor'easter Group, Inc. v. Colassale Concrete, Inc.*, 207 Conn. 468, 482, 542 A.2d 692 (1988);

*Hoye v. The DeWolfe Co., Inc.*, 61 Conn. App. 558, 564, 764 A.2d 1269 (2001).