Karl Vaillancourt  
Defendant, Pro Se  
29 State Street  
North Haven, CT  06473

FILED

2004 JUL 19  A 9: 07

U.S. DISTRICT COURT  
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, )<br>Plaintiff, )<br>)<br>)<br>v.             )<br>)<br>)<br>Karl Vaillancourt, )<br>Defendant. ) | <br><br><br><br>Case No. 3:01-CV-364 (AVC)<br><br><br>July 16, 2004 |

### DEFENDANT'S OBJECTION AND MOTION TO STRIKE
### PORTION OF PLAINTIFF'S TRIAL MEMORANDUM

Now comes Defendant Karl Vaillancourt, and pursuant to Fed. R. Evid. §§ 1002 and 1003, moves to partially object to plaintiff's trial memorandum and strike plaintiff's introduction into evidence of a copy of the promissory note (and ancillary documents) at issue in this case.

### STANDARD OF REVIEW

The correct standard of review of the facts found by the trial court is contained in Rule 52(a) of the Federal Rules of Civil Procedure: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous. . . ."

A district court's evidentiary rulings will be disturbed only if they are "manifestly erroneous." *Hester v. BIC Corp.*, 225 F.3d 178, 181 (2d Cir. 2000) (citing *Luciano v. Olsten Corp.*, 110 F.3d 210, 217 (2d Cir. 1997)).

1

The district court retains broad discretion to weigh potential prejudice against probative value, appellate courts reviewing a district court's evaluation of evidence under Federal Rule of Evidence 403 "generally 'maximiz[e] its probative value and minimiz[e] its prejudicial effect.'" *United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002) (quoting *United States v. McDermott*, 245 F.3d 133, 140 (2d Cir. 2001)).

## **GROUNDS FOR MOTION**

Federal Rule of Evidence 1002 provides:

"To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress."

Federal Rule of Evidence 1003 provides:

"A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

The defendant argues that the introduction into evidence of a copy of the promissory note and ancillary documents thereto by plaintiff in this case would be prejudicial to defendant without a sworn representation by plaintiff of foundation to be provided to the jury as to where the original promissory note is and why he is not in possession of it.

Connecticut law is in agreement on this "best evidence rule." "As defined by our Supreme Court, the best evidence rule requires a party to produce an original writing, if it is available, when the terms of that writing are material and must be proved." *Brookfield v. Candlewood Shores Estates, Inc.*, 201 Conn. 1, 10, 513 A.2d 1218 (1986). The best evidence rule is a preferential, rather than an exclusionary rule. *Id.*, at 201 Conn. 12.

## LAW

"To prevail in an action to enforce a negotiable instrument, the plaintiff must be a holder of the instrument or a nonholder with the rights of a holder. See General Statutes § 42a-3-301; <u>Donnelly v. Garvan</u>, 111 Conn. 626, 629, 151 A. 168 (1930)." <u>Ninth RMA Partners, L.P. v. Krass</u>, 57 Conn. App. 1, 6, 746 A.2d 826, cert. denied, 253 Conn. 918, 755 A.2d 215 (2000). Only a holder in due course may enforce a negotiable instrument. Pursuant to General Statutes § 42a-3-301, a "'[p]erson entitled to enforce' an instrument [such as a promissory note] means . . . **the holder of the instrument. . . .**" (Emphasis added.)

General Statutes § 42a-1-201 (20) defines the term holder, with respect to a negotiable instrument, as meaning "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, **if the identified person is in possession. . . .**" (Emphasis added.)

To establish a prima facie case, the plaintiff is required to demonstrate [not just allege] that he possesses the note, and further that he satisfies the elements of a holder in due course. <u>SKW Real Estate Ltd. Partnership v. Gallicchio</u>, 49 Conn. App. 563, 571, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998).

An assertion that one is a holder in due course requires the production of evidence. <u>Cadle Co. v. Ginsburg</u>, 51 Conn. App. 392, 409, 721 A.2d 1246 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999).

General Statutes § 42a-3-309 defines the rights to enforcement of a lost, destroyed or stolen instrument as follows:

> "(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful

seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 42a-3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means."

"A bill or note is not a debt; it is only primary evidence of a debt; and where this is lost, impaired or destroyed **bona fide**, it may be supplied by secondary evidence." *Bank of United States v. Sill*, 5 Conn. 106, 111 (1823) (Emphasis added).

The business record exception to the hearsay rule does not apply to the introduction into evidence of a promissory note being sued on, nor to ancillary documents to the loan. See 2 C. McCormick, *Evidence* (5th Ed. 1999) § 249, p. 100 ("[w]hen a suit is brought for breach of a written contract, no one would think to object that a writing offered as evidence of the contract is hearsay").

## ARGUMENT

Possession has been referred to by laypersons as nine-tenths of the law. But in the case of a promissory note, possession is closer to ten-tenths of the law. Possession of an original promissory note is near perfect proof of the right to enforce it against its maker.

The defendant has raised serious challenges to the plaintiff's right to enforce the note in question on numerous occasions. To date, there has been no explanation given by, or required of, the plaintiff as to why he is not in possession of the original note.

The defendant has a right to object to the introduction of a mere photocopy of the note as

4

evidence at trial without adequate foundation for the plaintiff's status as the lawful possessor and holder. The defendant does so object.

The introduction of a photocopy of the note without a detailed foundation would be prejudicial to defendant because it is his right to show as a complete defense that the note was not lost or destroyed in a bona fide manner; that the plaintiff is not the possessor, nor a holder. Additionally, if another person is in possession of the original note, they might also claim to have a right of recovery against defendant.

To meet the substance of Fed. R. Evid. § 1003 and *Bank of United States v. Sill*, the defendant would waive his objection to the use of a photocopy of the note if the Court would, at this stage of the proceedings, require plaintiff to provide an affidavit setting forth the pertinent facts that lay a foundation for the note. This acknowledged affidavit under the penalties of perjury must be filed on the docket now to permit investigation, be appended to the copy of the promissory note submitted as evidence at trial, it must be read to the jury at trial, and it must address the following factors:

1. The source of the funds plaintiff claims to have lent to defendant;
2. The method of delivery of the underlying consideration claimed to have been received by defendant for the loan;
3. The purpose of the loan claimed to have been made;
4. The date the plaintiff lost possession of the original note;
5. The circumstances under which plaintiff lost possession of the original note;
6. The present location of the original note;
7. The party in possession of the note; and
8. A list of the actions taken by plaintiff to attempt to secure the original note.

5

## CONCLUSION

The introduction into evidence of a copy of the promissory note in question would be unfair to defendant, absent a foundation for the reasons that the original is not in plaintiff's possession. Possession goes to the plaintiff's status of a holder, and must be presented as a basis for his right to recover in this action. Absent possession, one is normally not permitted to enforce a note. The Court should therefore either demand a showing of such a foundation at this juncture, or in the alternative, strike the plaintiff's offer of the copy of the note and ancillary documents into evidence.

Respectfully submitted this 16th day of July, 2004.

_____
Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT  06473

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within motion to strike was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Lompoc U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA  93436, on this 16th day of July, 2004.

_____
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473