Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

FILED

2004 JUL 19 A 9: 06

U.S. DISTRICT COURT
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, )<br>　　Plaintiff,　　)<br>　　　　　　　　)<br>　　　　　　　　)<br>　　　　　　　　)<br>v.　　　　　　　)<br>　　　　　　　　)<br>　　　　　　　　)<br>Karl Vaillancourt, )<br>　　Defendant.　)　 | Case No. 3:01-CV-364 (AVC)<br><br>July 16, 2004 |

### DEFENDANT'S REPLY & MEMORANDUM TO PLAINTIFF'S OBJECTION & MOTION TO STRIKE DEFENDANT'S TRIAL MEMORANDUM

Now comes Karl Vaillancourt, defendant in the instant action, and pursuant to Local Rule § 7(d), replies to plaintiff's objection and motion to strike defendant's trial memorandum.

### BACKGROUND

The plaintiff has objected that defendant's trial memorandum speaks to the defense of lack of standing and calls such an affirmative defense. Plaintiff argues that this Court struck down as an affirmative defense the defense of lack of standing in its Orders of August 22, 2003 and April 16, 2004, and that as a consequence, defendant cannot raise lack of standing at trial.

While it is true that this Court attempted to strike the defense of lack of standing as an affirmative defense at Connecticut law in its Order of August 22, 2003, such was

proven to the Court to be in error. The Court subsequently granted reconsideration and "assumed" that the defendant's raising of lack of standing did speak to the subject matter jurisdiction of the Court for purposes of the April 16, 2004 Order, and was therefore not an affirmative defense.

The Court's Order of April 16, 2004 suggests that standing need not be addressed with proof as a threshold issue. It further raised a doubt to defendant's argument on holder status based upon a single Connecticut appellate court case which intimates that holder status speaks to the merits, rather than jurisdiction. The case alluded to truly speaks to the ability of one who has conceded liability to raise such an argument in the damages phase. Further, defendant points out that there is a huge distinction between arguing over mere holder status and the defendant's allegation that plaintiff lacks standing to sue on the subject matter.

In this case, defendant is attacking the plaintiff's ability to have made the note in the first place, not just his holder or non-holder status. The defendant is claiming that the plaintiff didn't own the money being lent, and asserting that the note is unenforceable by him on those grounds. While the general principles of promissory note law apply to this matter, the defendant's argument is not like typical "holder in due course" situations.

Further, defendant argues that:

1. The case is wholly inapplicable, as jurisdiction is an entirely federal issue in federal court; that such is solely determined within the parameters of the Case or Controversy Clause of Article III, and within the federal rules of civil procedure; and

2. Connecticut Supreme Court precedents and a Connecticut Practice Book provision demonstrate standing is not a waivable affirmative defense.

The Court's April 16, 2004 Order states that the plaintiff need only make a *prima facie* showing of holder status in order to survive defendant's motion to dismiss for lack of standing. Such has never been the law, even though every presumption is to be in favor of jurisdiction. When jurisdiction is challenged, the party invoking jurisdiction must present a <u>preponderance of evidence</u> to support its claim. Only allegations that have a reasonable basis in fact are to be construed in plaintiff's favor. Proof in support of standing must be on the record, and can not rest on just well-pleaded allegations.

It is at this juncture that the Court is forced to affirmatively state the rule it intends to live by with regard to standing.

## LAW & ARGUMENT

### Federal Law:

It is the established view that "standing" is at heart "a jurisdictional prerequisite to a federal court's deliberations, ...." *Hodel v. Irving*, 481 U.S. 704, 711, 107 S.Ct. 2076, 2080, 95 L.Ed.2d 668 (1987).

"In a diversity action, while state law must determine the substantive rights and duties of the parties to a contract, <u>the question of justiciability is a federal issue to be determined only by federal law</u>. 'Thus a federal court decides for itself whether a party has standing to raise a particular issue, or that a particular matter is justiciable or that it is not.'" 6A J. Moore, *Moore's Federal Practice*, ¶ 57.02[5]; see *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3rd Cir. 1986) (emphasis supplied).

The Constitution confines the judicial power of the federal courts to deciding cases or controversies. U.S. Const. Art. III. § 2, cl.1. The doctrine of standing is derived directly from this constitutional provision. It focuses upon the party seeking to invoke

federal jurisdiction, rather than upon the justiciability of the issue at stake in the litigation. *In re: Bennett Funding Group, Inc.*, 336 F.3d 94, 99 (2d Cir. 2003).

Standing cannot be inferred, but "must affirmatively appear in the record." *Spencer v. Kemna*, 523 U.S. 1, 10-11 (1998) (internal quotations omitted).

The party invoking jurisdiction in federal court must allege (1) an injury in fact, (2) that is "fairly traceable" to the challenged action, and (3) that will be redressed by a favorable decision. See *Allen v. Wright*, 468 U.S. 737, 751 (1984).

To establish standing, a party must first show that they have suffered an injury in fact, "an invasion of a legally-protected interest that is concrete and particularized, and actual or imminent." *N.Y. Coastal P'ship, Inc. v. United States Dep't of the Interior*, 341 F.3d 112, 116 (2d Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1991)).

By statute, a drug dealer has no legally cognizable or protectable interest in drug sale proceeds. 21 U.S.C. §881(a)(6), (c) and (h). Such stripping of property rights in regard to proceeds of crime is a long-standing federal command. See *United States v. Stowell*, 133 U.S. 1, 16-17 (1890).

"Litigants, therefore, cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they "fail[] to challenge jurisdiction early in the proceedings." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982).

If a litigant offers facts or law in order to defend against or raise a claim that is not within the current pleadings of the opponent, and such facts are not directed to a general theory of recovery, defense or counterclaim, then such issue is deemed tried by implied

consent for purposes of Rule 15(b). *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815 (1988) (citations omitted).

Federal rule of civil procedure 8(c) provides:

"(c) Affirmative Defenses:

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

A guilty plea is an admission of all the elements of a formal criminal charge. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

"[T]he representations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier . . . . Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977);

Admissions at a criminal plea allocution can establish that an individual is not entitled to property. *Adames v. United States*, 171 F.3d 728, 730 (2d Cir. 1999).

Federal law controls the determination of justiciability issues in a diversity action, therefore, Connecticut law is irrelevant to the determination of whether the plaintiff has standing to sue.

Standing is jurisdictional and can not be waived. It is not an enumerated affirmative defense in Rule 8(c), and cannot be construed as covered under the "catch-

all" term of avoidance. It is a constitutional command that each federal court claim jurisdiction only over those matters that present a true "case or controversy," and standing is an issue that must be addressed in this context. This is why a lack of standing can be raised at any point in the proceedings, even after judgment, through a motion to dismiss for lack of subject matter jurisdiction.

Since the plaintiff has previously admitted as part of his criminal plea allocution that he used drug proceeds to start the MAGNA enterprise, and the loan at issue is admittedly part of the process of starting the MAGNA enterprise, there is a strong probability that plaintiff lacks standing to sue in this case. Plaintiff's guilty plea on this issue is amplified by his introduction of the affidavit of Trooper Murray into this case. Such supports the verity of the use of drug sale proceeds to form MAGNA. Because plaintiff submitted Trooper Murray's affidavit without provocation on the issue, the issue is also now tried by implied consent.

While defendant believes that this Court has already remedied its erroneous assertion that "standing" is an affirmative defense at Connecticut law by its Order of April 16, 2004, the defendant now seeks a declaration from the Court that makes it plain to the parties that standing is not a waivable affirmative defense. The Court has never held that standing is an affirmative defense as a matter of federal law. Federal law controls on this issue.

**Connecticut Law:**

> "Standing is the legal right to set judicial machinery in motion. <u>One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.</u>"

*Webster Bank v. Zak*, 259 Conn. 766, 774, 792 A.2d 66 (2002) (internal quotation marks omitted) (emphasis added).

A lack of subject matter jurisdiction is a sufficient basis for a motion to dismiss. Practice Book § 143; see *McCutcheon & Burr, Inc. v. Berman*, 218 Conn. 512, 517-18, 590 A.2d 438 (1991). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." *Demar v. Open Space and Conservation Commission*, 211 Conn. 416, 423-24, 559 A.2d 1103 (1989) (internal quotation marks omitted). A lack of standing may serve as grounds for a motion to dismiss, for, "in the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." *Sadloski v. Manchester*, 228 Conn. 79, 83, 634 A.2d 888 (1993).

> Connecticut Practice Book § 10-50 provides:
>
>> "Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be the plaintiff's own."
>
> (Emphasis added.)

Connecticut recognizes relation back to the commission of the crime for title purposes. *State v. Champagne*, 206 Conn. 421, 433, 538 A.2d 193 (1988).

A guilty plea is an admission of all the elements of a formal criminal charge. *Duperry v. Solnit*, 261 Conn. 309, 320 (2002). A guilty plea is a verbal admission by the accused in court, and, as such, is admissible in subsequent civil proceedings. *Flynn v. Raccuia*, 146 Conn. 210, 212-13, 148 A.2d 763 (1959). Guilty pleas to statutory

violations are admissions that tend to prove the elements of the charges. *Jacobs v. Goodspeed*, 180 Conn. 415, 418, 429 A.2d 915 (1980).

Connecticut law does not articulate standing to be an affirmative defense and goes further to support defendant's assertion, clearly stating that "title in a third person" can be claimed upon a simple denial.

Connecticut law recognizes standing in the same manner as federal law, a jurisdictional prerequisite. It also uses the same standard; that of a legally protectable interest in the subject matter of the suit.

Connecticut law also recognizes the "relation back" doctrine on legal ownership of proceeds of a crime.

While defendant strenuously argues that Connecticut law is inapplicable to the issue of standing before a federal court, the defendant offers that Connecticut law provides plaintiff no solace for the position that standing is a waivable affirmative defense.

## **CONCLUSION**

Because the issue of standing is not an affirmative defense, but rather a jurisdictional prerequisite, the defendant is entitled to offer proof at trial that the plaintiff lacks a legally cognizable and protectable interest in the subject matter of this suit. Such is true whether one examines federal or Connecticut law.

If so proven, this suit should be dismissed.

The plaintiff's motion to strike the defendant's trial memorandum should be denied.

Respectfully submitted this 16th day of July, 2004.

*[signature]*

Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT  06473

**ORAL HEARING IS NOT REQUESTED**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within reply was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Lompoc U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA 93436, on this 16th day of July, 2004.

*[signature]*

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473