§ 42a–3–208  
Repealed

UNIFORM COMMERCIAL CODE  
Title 42a

### Historical and Statutory Notes

The repealed section, which related to reacquisition, was derived from:
- 1902 Rev., §§ 4218, 4220, 4291.
- 1918 Rev., §§ 4406, 4408, 4479.
- 1930 Rev., §§ 4365, 4367, 4438.
- 1949 Rev., §§ 6340, 6342, 6413.
- 1958 Rev., §§ 39-49, 39-51, 39-122.
- 1959, P.A. 133, § 3-208.

## PART 3. ENFORCEMENT OF INSTRUMENTS

### Historical and Statutory Notes

**Codification**

Gen.St., Rev. to 1993, changed the part heading from "Right of a Holder" to "Enforcement of Instruments".

### § 42a–3–301. Person entitled to enforce instrument

"Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 42a–3–309 or 42a–3–418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

(1959, P.A. 133, § 3–301; 1991, P.A. 91–304, § 27.)

### Uniform Commercial Code Comment

This section replaces former Section 3–301 that stated the rights of a holder. The rights stated in former Section 3–301 to transfer, negotiate, enforce, or discharge an instrument are stated in other sections of Article 3. In revised Article 3, Section 3–301 defines "person entitled to enforce" an instrument. The definition recognizes that enforcement is not limited to holders. The quoted phrase includes a person enforcing a lost or stolen instrument. Section 3–309. It also includes a person in possession of an instrument who is not a holder. A nonholder in possession of an instrument includes a person that acquired rights of a holder by subrogation or under Section 3–203(a). It also includes any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights.

### Historical and Statutory Notes

**Codification**

Gen.St., Rev. to 1993, changed the section heading from "Rights of a holder" to "Person entitled to enforce instrument".

**Amendments**

**1991 Amendment.** 1991, P.A. 91–304, § 27, revised section, which had read:

"The holder of an instrument whether or not he is the owner may transfer or negotiate it and, except as otherwise provided in section 42a–3–603 on payment or satisfaction, discharge it or enforce payment in his own name."

**Uniform Laws:**

This section is similar to § 3–301 of the Uniform Commercial Code, 1990 Revision of Article 3. See Uniform Laws Annotated, Master Edition or the ULA database on Westlaw.

### Cross References

Defenses on instruments in consumer sale transactions, see C.G.S.A. § 52-572g.

334

### § 42a–3–309.　Enforcement of lost, destroyed or stolen instrument

(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, section 42a–3–308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means. (1991, P.A. 91–304, § 35.)

#### Uniform Commercial Code Comment

Section 3–309 is a modification of former Section 3–804. The rights stated are those of "a person entitled to enforce the instrument" at the time of loss rather than those of an "owner" as in former Section 3–804. Under subsection (b), judgment to enforce the instrument cannot be given unless the court finds that the defendant will be adequately protected against a claim to the instrument by a holder that may appear at some later time. The court is given discretion in determining how adequate protection is to be assured. Former Section 3–804 allowed the court to "require security indemnifying the defendant against loss." Under Section 3–309 adequate protection is a flexible concept. For example, there is substantial risk that a holder in due course may make a demand for payment if the instrument was payable to bearer when it was lost or stolen. On the other hand if the instrument was payable to the person who lost the instrument and that person did not indorse the instrument, no other person could be a holder of the instrument. In some cases there is risk of loss only if there is doubt about whether the facts alleged by the person who lost the instrument are true. Thus, the type of adequate protection that is reasonable in the circumstances may depend on the degree of certainty about the facts in the case.

#### Historical and Statutory Notes

**Uniform Laws:**
This section is similar to § 3–309 of the Uniform Commercial Code, 1990 Revision of Article 3. See Uniform Laws Annotated, Master Edition or the ULA database on Westlaw.

#### Library References

Bills and Notes ⇔441.
Lost Instruments ⇔16.
Westlaw Topic Nos. 56, 246.

C.J.S. Bills and Notes; Letters of Credit § 251.
C.J.S. Lost Instruments § 9.

#### Notes of Decisions

Lost instruments
　　In general　1

to (f), which provided for a rights of recovery, damages and defenses.

**Prior Laws:**

1902 Rev., §§ 4235, 4239.
1918 Rev., §§ 4423, 4427.
1930 Rev., §§ 4382, 4386.
1949 Rev., §§ 6357, 6361.
1958 Rev., §§ 39-66, 39-70.

**Uniform Laws:**

This section is similar to § 3-417 of the Uniform Commercial Code, 1990 Revision of Article 3. See Uniform Laws Annotated, Master Edition or the ULA database on Westlaw.

### Cross References

Letters of credit, warranties of transfer and presentment, see C.G.S.A. § 42a-5-110.

### Law Review and Journal Commentaries

Accommodation party pitfalls. D.E. Murray, 15 UCC L.J. 248 (1983).

Certification and warranties under U.C.C. section 3-417(1)(c)(iii) and (iv). Ezra Siff, 88 Com.L.J. 366 (1983).

Check fraud litigation in Connecticut after the 1990 revisions to the U.C.C. Timothy S. Fisher, 68 Conn.B.J. 393 (1994).

Perini Case: Double forgery revisited (part II). Donald W. Baker, 11 UCC L.J. 41 (1978).

### Library References

Banks and Banking ⚖149, 175.
Bills and Notes ⚖296, 326.
Westlaw Topic Nos. 52, 56.

C.J.S. Banks and Banking §§ 408, 420, 424 to 434, 437 to 438.
C.J.S. Bills and Notes; Letters of Credit §§ 162 to 165.

## § 42a-3-418. Payment or acceptance by mistake

(a) Except as provided in subsection (c), if the drawee of a draft pays or accepts the draft and the drawee acted on the mistaken belief that (i) payment of the draft had not been stopped pursuant to section 42a-4-403 or (ii) the signature of the drawer of the draft was authorized, the drawee may recover the amount of the draft from the person to whom or for whose benefit payment was made or, in the case of acceptance, may revoke the acceptance. Rights of the drawee under this subsection are not affected by failure of the drawee to exercise ordinary care in paying or accepting the draft.

(b) Except as provided in subsection (c), if an instrument has been paid or accepted by mistake and the case is not covered by subsection (a), the person paying or accepting may, to the extent permitted by the law governing mistake and restitution, (i) recover the payment from the person to whom or for whose benefit payment was made or (ii) in the case of acceptance, may revoke the acceptance.

(c) The remedies provided by subsection (a) or (b) may not be asserted against a person who took the instrument in good faith and for value or who in good faith changed position in reliance on the payment or acceptance. This subsection does not limit remedies provided by section 42a-3-417 or 42a-4-407.

(d) Notwithstanding section 42a-4-215, if an instrument is paid or accepted by mistake and the payor or acceptor recovers payment or revokes acceptance under subsection (a) or (b), the instrument is deemed not to have been paid or accepted and is treated as dishonored, and the person from whom payment is recovered has rights as a person entitled to enforce the dishonored instrument. (1959, P.A. 133, § 3-418; 1991, P.A. 91-304, § 55.)