UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP 23  P 3: 47

AARON BEN NORTHRUP,
  Plaintiff,

v.  :  Civil No. 3:01CV364(AVC)

KARL VAILLANCOURT,
  Defendant.

## RULING ON THE PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND THE DEFENDANT'S MOTION TO DISMISS

This is a diversity action for damages arising out of the defendant's alleged default on a promissory note. On May 14, 2004, pro se plaintiff filed a trial memorandum stating that he intended to introduce a "copy" of the promissory note at trial. On July 16, 2004, the pro se defendant filed a motion with the court (document 76) objecting to the plaintiff's introduction into evidence of a copy of the note. Specifically, the defendant argued that, under Connecticut law, only a person in possession of the actual note or a person meeting statutory criteria may enforce a note.[1] Agreeing with the defendant, on August 6, 2004, the court ordered "the plaintiff to produce the original note or explain why, pursuant to Conn. Gen. Stat. § 42a-3-301 . . . he is nevertheless entitled to enforce the note."

---

[1] The defendant also argues the best evidence rule, Fed. R. Evid. 1002, prohibits the plaintiff from introducing a copy of the promissory note into evidence. Federal Rule of Evidence 1002 provides: "To prove the content of a writing . . . the original writing . . . is required, except as otherwise provided in these rules or by Act of Congress." There is no dispute as to the "content" of the note at issue here. Copies of promissory notes are admissible under the best evidence rule when the existence of the original writing and the authenticity and accuracy of the copies are not in dispute. See Cadle Co. v. Errato, 71 Conn. App. 447, 453-54 (2002).

On August 27, 2004, the plaintiff filed the within motion (document no.80) with the court asking for "permission to proceed without having to produce the note" or, in the alternative, requesting "an extension of time to obtain the note."[2] Specifically, the plaintiff states that he does not possess the original note, but that the United States Attorney's office possesses the note "pursuant to a court subpoena issued March 8, 1993." Nonetheless the plaintiff argues that he is still "entitled to enforce the note."

On September 16, 2004, the defendant filed the within motion to dismiss (document no.81). The defendant argues that the plaintiff cannot enforce the note because he "admittedly [is] not in possession of the original note, [and] is not the holder by definition." Specifically, the defendant states that the United States Attorney seized the note as "property connected with the plaintiff's drug crimes and his continuous criminal enterprise." The defendant further argues that under Connecticut law "enforcement is barred to a person not in possession of an original note where such was the subject of a 'lawful seizure.'"

While the court concludes that the plaintiff cannot enforce the note without possession of it, the court GRANTS the plaintiff's motion for an extension of time (document no. 80) to obtain the note. Accordingly, the court DENIES the defendant's motion to dismiss (document no.81) without prejudice to its refilling if the defendant fails to produce the note.

---

[2] The court construes the motion (document no.80) as a motion for extension of time.

## DISCUSSION

In Cadle Co. v. Errato, 71 Conn.App.447, 457-58(2002), the Connecticut Court of Appeals stated that to establish a prima facie case for enforcement of a promissory note "the plaintiff was required to demonstrate that it possessed the note, and further that it satisfied the elements of a holder in due course."[3] To enforce a negotiable instrument, a plaintiff must "be a holder of the instrument or a nonholder with the rights of a holder." Ninth RMA Partners L.P. v. Krass, 57 Conn. App. 1, 6 (2000).

A "holder" of an note must be "in possession" of the note. See Conn. Gen. Stat. § 42a-1-201(20). Likewise, a "non holder *in possession* who has the rights of a holder" may also enforce a note (emphasis added). Conn. Gen. Stat. § 42a-3-301(ii). The plaintiff admits that he is not in possession of the note, therefore he cannot enforce the note as a "holder" or a "nonholder in possession of the instrument."

A person who does not possess a note can enforce the note by meeting the criteria set forth in either Conn. Gen. Stat. §§ 42a-3-309 or 42a-3-418(d). See Conn. Gen. Stat.§ 42a-3-301(iii)(stating "a person not in possession of the instrument who is entitled to

---

[3] The plaintiff's trial memorandum states that he intends to introduce a copy of the promissory note at trial. Connecticut courts have allowed a plaintiff to introduce a copy of a promissory note. However, those cases are inapplicable here. In Cadle Co. v. Errato, 71 Conn. App. 447, 457-58 (2002), the Connecticut Appellate Court allowed the plaintiff to introduce only a copy of the note because the "defendant failed to present any evidence demonstrating that the plaintiff was not in possession of the note or casting any doubt on the plaintiff's status as a holder in due course." In contrast, here, the defendant directly challenges the plaintiff's status as a holder in due course. See document no.81.

enforce the instrument pursuant to section 42a-3-309 or 42a-3-418(d)" is "entitled to enforce an instrument"). The first exception, § 42-3-418(d), permits a person not in possession of a note nevertheless to enforce the note if the note has been paid or accepted by mistake. The plaintiff does not argue that he fits within this exception.

The other exception, Conn. Gen. Stat. § 42a-3-309, permits a person not in possession of a note nevertheless to enforce the note if it is lost, destroyed or stolen. Although the plaintiff does not cite a statute in his August 27, 2004 response, his argument seems to follow this exception. Subsection 42-3-309(a)(iii) requires that to enforce a note under this exception the plaintiff must show that he

> cannot reasonably obtain lawful possession of the instrument because the instrument was *destroyed*, *its whereabouts cannot be determined*, or it is in the *wrongful possession of an unknown person* or a *person that cannot be found* or is *not amenable to service* of process.

Conn. Gen. Stat. § 42a-3-309(a)(iii)(emphasis added). The plaintiff does not argue that the note is destroyed, that its whereabouts cannot be determined, or that it is in the possession of an unknown person. In contrast, the plaintiff states that "the original note is in the possession of the United States Attorney's office" and furthermore that he "can obtain possession of the original note by filing a motion in the district court for return of property, or by court subpoena." Because the plaintiff knows the location of the note and states that he can obtain the note, the plaintiff cannot enforce the note under the exception for lost, stolen or destroyed instruments.

Furthermore, Conn. Gen. Stat. § 42a-3-309(a)(ii) also requires that "the loss of possession was *not* the result of a transfer by the person or a *lawful seizure*"(emphasis added). A party "seeking enforcement of an instrument" under the exception for lost, stolen or destroyed instruments "must prove the terms of the instrument and *the person's right to enforce the instrument*." Conn. Gen. Stat. § 42a-3-309(b). Unless the plaintiff shows that his loss of possession was not the result of a "a transfer by the person or a lawful seizure" the plaintiff will fail to make out a prima facie case to enforce his note.

Accordingly, because the plaintiff admits that he is not in possession of the note and does not meet the requirements to enforce a note without possession, the plaintiff must produce the note to establish a prima facie case to enforce the note.

## CONCLUSION

The court hereby orders the plaintiff to produce the original note. The plaintiff shall have up to and including December 23, 2004 to comply with this order. If the plaintiff fails to produce the note, the court will dismiss this case.

The plaintiff's motion (document no.80), construed as a motion for an extension of time, is GRANTED. The defendant's motion to dismiss (document no.81) is DENIED without prejudice to its refiling if the plaintiff fails to produce the note.

It is so ordered this 23rd day of September, 2004 in Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.