Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop,<br>    Plaintiff, | |
| v. | Case No. 3:01-CV-364 (AVC) |
| Karl Vaillancourt,<br>    Defendant. | October 6, 2004 |

### DEFENDANT'S MOTION TO STRIKE
### SUPPLEMENTAL RESPONSE

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to Fed. R. Civ. P. §7, moves this Honorable Court to strike plaintiff's supplemental response (Docket Entry No. 83).

### GROUNDS FOR MOTION

Federal Rule of Civil Procedure 15(d), Supplemental Pleadings, provides:

> "<u>Upon motion of a party</u> the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading <u>setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented</u>. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor."

(Emphasis added).

1

Whether to admit additional evidence outside the record is a decision within the discretion of the Court. <u>DeFelice v. Am. Int'l Life Assurance Co.</u>, 112 F.3d 61, 66 (2d Cir. 1997). However, there must be "good cause" to consider additional evidence. <u>Id</u>.

Supplementation is not a matter of right. Plaintiff did not move for leave to supplement his response, and such is therefore out of order. Further, plaintiff has not established good cause justifying why he should be permitted to supplement the record after having made an offer of proof that the Court has based a ruling upon. "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." <u>Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers and Lybrand, LLP.</u>, 322 F.3d 147, 167 (2d Cir. 2003) (citation omitted). The plaintiff's shifting of position is both negligent and untimely.

If the Court allows plaintiff to supplement the record based on events that transpired a year ago or more (which is normally not permissible in supplementation), defendant will be prejudiced. Defendant will need to conduct additional discovery, and tender additional and/or amended pleadings. Moreover, the precedent would be that defendant must continually contradict every whim of speculation, with no duty on plaintiff's part to timely adduce facts or to plead carefully. Nothing the plaintiff pleads will form a sound basis for any opposing pleading or court ruling.

It is sufficient for the moment to say that the Yolen law firm's two letters speak for themselves as to who requested the original documents. Lawyers know their individual clients personally. The "duped" allegation is "wholly incredible" and completely unsupported in the record. As the correspondence plaintiff submitted shows,

the Yolen firm would not have honored a request for original documents from defendant. They drafted the documents in which defendant tendered his stock back to plaintiff, resigned as an officer and director and accepted a countervailing promissory note from plaintiff's "solely-owned" corporation as a full satisfaction of the original deal.

Defendant never stated it was his independent belief that the note was seized by subpoena. Defendant simply recited plaintiff's averment of seizure by subpoena and argued that such was good enough to preclude enforcement. There was no obligation to do otherwise. Such remains in material agreement with defendant's belief of seizure.

The letter of Peter Jongbloed intimates that the <u>original documents surrendered as a result of the subpoena</u> were returned to Tim Yolen. It does not say that the documents surrendered included the "original" of the note. Defendant believes that Jongbloed is not referring to the original note, but due to a lack of a copy of plaintiff's letter to Jongbloed, defendant can not decipher what is really being said. Defendant still subjectively and in good-faith believes that the original note was seized and is in Government possession; just not in the possession of Jongbloed's office.

Importantly, the letter does not prove that the note was not seized. It only offers an arguable interpretation that Jongbloed's office is no longer in possession of what it once had as a result of the subpoena. The letter also arguably confirms that the note was "lawfully seized" by the subpoena. As was stated before, the standard is "lawfully seized," not "forfeited," and not "continuously in government possession."

Nonetheless, the letter intimates that Tim Yolen may have the note, and he is a known and amenable party. Plaintiff should therefore still be required to produce the original note.

The plaintiff still has not proven an entitlement to enforce the note as required by statute. It is not enough to satisfy his burden under the statute to arguably show the note is lost or stolen. Chief among plaintiff's burdens is that he must prove that he is an innocent owner (loaned monies that were not drug sale proceeds), *Alli-Balogun v. U.S.*, 281 F.3d 362, 372 (2d Cir. 2002), so that he can show he was entitled to enforce the note at the time it was lost. Conn. Gen. Stat. § 42a-3-309(a)(i).

Defendant has placed direct evidence in the record demonstrating that plaintiff was, in part, indicted for using drug monies to form MAGNA. Defendant has also shown this was admitted in open court by plaintiff as part of his guilty plea in 1993. This is judicially conclusive of the fact unless contradicted by evidence. *United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992). And defendant has shown at least three judicial admissions by plaintiff during this case that the subject note was part of the formation of MAGNA. This is also conclusive unless disputed with evidence.

If plaintiff used drug sale proceeds to make this loan, he was not entitled to enforce the instrument at the time it was lost. 21 U.S.C. §§ 881(a)(6), (c) and (h); *United States v. Stowell*, 133 U.S. 1, 16-17 (1890); *Adames v. United States*, 171 F.3d 728, 732-33 (2d Cir. 1999); *Bird v. Plunkett*, 139 Conn. 491, 496-97, 95 A.2d 71 (1953). Further, defendant's position in this regard is buttressed by a rebuttable presumption at law in favor of plaintiff's lack of a cognizable interest in the note. See 21 U.S.C. § 853(d). Plaintiff has submitted nothing to refute the evidence adduced by defendant, nor the presumption at law. Until he does contradict the evidence with evidence, he remains disqualified from enforcing the note without possession of the original.

Such a failure of proof by plaintiff makes this supplementation an exercise in

futility because, until the plaintiff satisfies all three elements of the statute, the Court's order of September 23, 2004 remains well-founded. Conn. Gen. Stat. § 42a-3-309(b). The plaintiff's supplementation does not prove the satisfaction of any of the three required elements or entitle him to proceed without producing the original note. He should still be held to produce the original note or face dismissal. The Court's ruling should therefore be sustained.

The supplemental response is tendered by plaintiff some three and one-half years after filing suit, and approximately one year and eight months after plaintiff's receipt of Tim Yolen's reminder correspondence. See page 6 of Exhibit A to *Plaintiff's Response to Order to Show Cause*, Docket Entry No. 80, August 27, 2004. It is unfair to the Court (after having ruled) and to the defendant (after having responded in detail) to have plaintiff contradict his own offer of proof with regard to the original note.

### REQUESTED RELIEF

Wherefore, defendant Vaillancourt prays that this Court would strike plaintiff's supplemental response (Docket Entry No. 83) as tendered without leave, filed out of order, detrimental to judicial economy, founded on prior events, prejudicial to defendant, the result of negligent pleading, and as futile in relation to both the statutory standard at Connecticut law and this Court's ruling of September 23, 2004.

Respectfully submitted,

*/s/ Karl Vaillancourt*
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

ORAL HEARING IS NOT REQUESTED