Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:01-CV-364 (AVC) |
| ) | |
| ) | |
| Karl Vaillancourt, ) | October 6, 2004 |
| Defendant. ) | |

## DEFENDANT'S MOTION TO AMEND
## TO CONFORM TO EVIDENCE AND
## FOR RESTORATION OF DEFENSES

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to

Fed. R. Civ. P. §15(b), moves this Honorable Court to amend the pleadings to conform to

the evidence placed in the record by plaintiff, and to restore defenses in equity.

### GROUNDS FOR MOTION

Federal Rule of Civil Procedure 15(b), Amendments to Conform to the Evidence,

provides:

> "When issues not raised by the pleadings are tried by express or
> implied consent of the parties, they shall be treated in all respects
> as if they had been raised in the pleadings. Such amendment of the
> pleadings as may be necessary to cause them to conform to the
> evidence and to raise these issues <u>may be made upon motion of
> any party at any time</u>, even after judgment; but failure so to amend
> does not affect the result of the trial of these issues. If evidence is
> objected to at the trial on the ground that it is not within the issues
> made by the pleadings, the court may allow the pleadings to be
> amended and <u>shall do so freely when the presentation of the merits</u>

1

<u>of the action will be subserved thereby and the objecting party fails
to satisfy the court that the admission of such evidence would
prejudice the party in maintaining the party's action or defense
upon the merits</u>. The court may grant a continuance to enable the
objecting party to meet such evidence."

(Emphasis added).

If a litigant offers facts in order to defend against or raise a claim that is not within the current pleadings of the opponent, and such facts are not directed to a general theory of recovery, defense or counterclaim, then such issue is deemed tried by implied consent for purposes of Rule 15(b). *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815 (1988) (citations omitted).

"A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985) (citing *Mull v. Ford Motor Co.*, 368 F.2d 713, 715 (2d Cir. 1966)).

Allegations in a withdrawn, superseded or stricken pleading are admissible as evidential admissions of the pleading party. *Danko v. Redway Enterprise*, Inc., 254 Conn. 369, 381, 757 A.2d 1064 (2000).

Exhibits attached to the pleadings are part of the pleadings and are incorporated therein. *Cheney v. Strasburger*, 168 Conn. 135, 137 (1975) (part of the record on appeal). Exhibits attached or documents incorporated in a pleading by reference are facts suitable for judicial notice pursuant to Fed. R. Evid. § 201. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

The plaintiff has placed correspondence in the record as evidence that admits the existence of documents and transactions pertaining to corporate actions of MAGNA.

Such demonstrates that defendant possesses defenses in equity to plaintiff's claim. See *Plaintiff's Supplemental Response to Order to Show Cause*, Docket Entry No. 83, at pages 3 and 4 of Exhibit A thereto (*Letter of Cecelia U. Danaher, Yolen & Perzin, to MAGNA, attention Aaron Northrop*, dated July 6, 1990). Specifically, items 2, 3, 9 and 12 therein demonstrate the availability of defenses of breach of contract, breach of good faith and fair dealing, unjust enrichment, accord and satisfaction, *quantum meruit* and quasi-contract. The majority of these defenses were previously raised by defendant, but were deemed waived by Order of this Court dated August 22, 2003. See Docket Entry No. 51.

The aforementioned items demonstrate that defendant tendered his capital stock in MAGNA back to plaintiff in early 1990, resigned as a director and officer of the corporation, and received a one-third interest in a $120,000 promissory note from plaintiff's "solely-owned" corporation (his alter-ego) to offset the promissory note at issue in plaintiff's suit. It shows an accord was had, and a satisfaction was achieved. It shows a shareholder buy-sell agreement was in place. It shows the true amount plaintiff is entitled to.

The plaintiff should not be permitted to use such correspondence as both a sword and a shield. By placing such evidence in the record for his own purposes and asserting the truth of the business record, he both impliedly and expressly consented to placing evidence of defendant's equitable defenses in the record. The defendant's equitable defenses should therefore be restored, and defendant should be permitted to amend his pleadings and adduce further evidence to fully assert these equitable defenses.

These defenses arise from the same corporate facts that gave rise to plaintiff's

3

complaint on the note. The presence of these defenses can not prejudice plaintiff's case on the merits. He has had years of notice of their existence, and will have ample opportunity to contest them on the merits; both pre-trial and at any trial. The Court always has the option to grant plaintiff a continuance to deal on the merits with defendant's raising of any defense in equity.

In *Moore*, the court specifically concluded that because both the amendment and the original claims arose from a single group of facts, and the amendment did not inject into the case anything foreign to the issues in the original claims that required proof of facts the opposing party could not meet through the normal course of trial, the amendment had not prejudiced the opposing party. See *Moore v. Sergi*, 38 Conn. App. 829, 836-37, 664 A.2d 795 (1995).

## **REQUESTED RELIEF**

Wherefore, defendant Vaillancourt prays that this Court would grant defendant's motion to amend the pleadings to conform to the evidence, would restore defendant's equitable defenses of breach of contract, breach of good faith and fair dealing, unjust enrichment and satisfaction, *quantum meruit* and quasi-contract, and would grant him leave to amend his Trial Memorandum (Docket Entry No. 74) to address the restored equitable defenses.

Respectfully submitted,

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

ORAL HEARING IS NOT REQUESTED

4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within motion was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA 92301, on this 6 th day of October, 2004.

*Karl Vaillancourt*
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473