Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

FILED

2004 OCT 13 A 11: 39

IN THE UNITED STATES DISTRICT COURT
DISTRICT COURT
HARTFORD, CT.
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:01-CV-364 (AVC) |
| ) | |
| Karl Vaillancourt, ) | October 12, 2004 |
| Defendant. ) | |

## MOTION TO STRIKE PLAINTIFF'S
## MOTION FOR RECONSIDERATION

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to Fed. R. Civ. P. § 7, moves this Honorable Court to strike plaintiff's motion for reconsideration (Docket Entry No. 84).

The defendant anticipates that the Court will construe plaintiff's response to the Court's Ruling of September 23, 2004 (Docket Entry No. 84) as a motion to reconsider. Defendant objects and moves to strike such motion for reconsideration.

### STANDARD FOR RECONSIDERATION

The standard for granting a motion for reconsideration is strict. See *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. Thus, "the function of a motion for reconsideration

1

is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence.'" *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993) aff'd 33 F.3d 50 (2d Cir. 1994); accord, *Hock v. Thipedeau*, 245 F. Supp.2d 451, 453 (D.Conn. 2003).

"A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency" of the underlying motion. *LoSacco, supra*, 822 F. Supp. at 877 (emphasis added). "The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." *Id.* (quotation omitted).

Reconsideration is essentially a motion to amend a judgment under Rule 59(e). Specifically, "Rule 59(e) recognizes only three possible grounds for any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." *Doe v. New York City Dep't of Social Services*, 709 F.2d 782, 789 (2d. Cir. 1983) (emphasis added).

## FACTS

The Court did not overlook any matters presented to it. The Court considered all evidence and points of law presented by each of the parties, as well as the direct representations of the parties, before ruling with regard to the ability of plaintiff to prosecute the action without possession of the original note.

The evidence plaintiff seeks to introduce was discoverable by plaintiff as recently as one year and eight months ago, and at nearly any time after March 11, 1993. See

*Letter of Timothy Yolen to Aaron Northrop*, dated January 10, 2003, appended as page 6 of Exhibit A to *Plaintiff's Response to Order to Show Cause*, Docket Entry No. 80, August 27, 2004. It is not evidence that was kept from plaintiff, and could have been presented in the plaintiff's offer of proof in response to the Order to Show Cause, absent neglect on the part of plaintiff.

Searches and seizures were conducted with regard to plaintiff's assets by the Statewide Narcotics Task Force and DEA in May of 1992. See *Affidavit of Connecticut State Trooper Thomas R. Murray*, dated April 15, 1997 at 5 and 8, appended to *Plaintiff's Objection to Defendant's Motions to Dismiss*, Docket Entry No. 45, July 7, 2003.

Plaintiff has admitted that all of his assets were seized by the Government. *Letter of Aaron Northrop to Timothy Yolen*, dated December 11, 2002, at 2, appended as Exhibit E to *Defendant's Motion to Dismiss*, Docket Entry No. 81, September 16, 2004.

The plaintiff was convicted of engaging in a continuous criminal enterprise under 21 U.S.C. § 848. See *Aaron B. Northrop v. U.S.A.*, 1998 U.S. Dist. LEXIS 677, *1, attached as Exhibit D to *Defendant's Motion to Dismiss*, Docket Entry No. 81, September 16, 2004. All property mentioned in the indictment, proven at his criminal trial to be connected with the criminal enterprise, or having been acquired by him during the period of its operation (failing proof of his innocent ownership) is mandated to be forfeited by law upon a plea of guilty. Such is **not discretionary**. See 21 U.S.C. § 853. This matches with plaintiff's admission, referenced above, that all of his assets were seized by the Government.

The promissory note and capital stock in the MAGNA enterprise were acquired by plaintiff during the period of operation of the criminal enterprise. See *Superseding*

3

*Indictment*, Count Three at 10 (Summer of 1988 to on or about April 7, 1992), copy attached to *Defendant's Motion to Dismiss*, Docket Entry No. 81, September 16, 2004, as Exhibit B; *Promissory Note*, dated February 8, 1990. Such interests were both mentioned in the indictment and proven to be connected at trial.

## ARGUMENT

The evidence submitted by plaintiff is not proof that establishes any part of the three-pronged test for prosecuting an action without possession of an original promissory note. The documentation that plaintiff has submitted doesn't prove that the original note was lost through no fault of plaintiff. It does not prove the note was stolen or destroyed. It does not prove that plaintiff was in possession and entitled to enforce the note, nor does it prove that the original note was not lawfully seized by the United States Government.

For instance, there is no representation in the record that the Drug Enforcement Administration did not seize such, nor is there any representation that the DEA is not in possession. There is evidence in the record of DEA involvement in searches and seizures related to plaintiff's crimes. There is no record of the plaintiff having performed due diligence with regard to locating the original note.

In point of fact, what plaintiff has filed is nothing more than documentation refuting the plaintiff's own first hypothesis at where the original note is. The plaintiff is merely attempting to "plug the gaps" in his response to the Court's Order to Show Cause, having lost on the issue of proceeding without possession of the original note.

The defendant has submitted strong evidence that plaintiff used drug monies to fund the loan at issue. The plaintiff has submitted no proof to show he was an innocent owner, possessing good title. The plaintiff therefore lacks good title, and must prove

4

possession or face dismissal. "Concluding that [a drug trafficker] cannot give good title to [drug sale proceeds] to petitioner because he did not hold good title is neither extraordinary or novel." <u>Caplin & Drysdale, Chartered v. United States</u>, 491 U.S. 617, 627 (1989). The note was void at inception, and the MAGNA stock was worthless.

Furthermore, plaintiff's claim grows out of or depends upon or is inseparably connected with an illegal act. He requires the aid of his illegal act to make out his case. But for his drug dealing, the loan at issue would not have been possible. See <u>Superseding Indictment</u>, *supra*, Count Three at 10 ("... from which continuing series of violations he obtained substantial income and resources.").

It is well established that contracts that violate public policy are unenforceable. <u>Konover Development Corp. v. Zeller</u>, 228 Conn. 206, 231, 635 A.2d 798 (1994). "[P]ublic policy is established by our constitutions, statutes and legal precedents." <u>South Windsor v. South Windsor Police Union</u>, 41 Conn. App. 649, 658, 677 A.2d 464, cert. denied, 239 Conn. 926, 683 A.2d 22 (1996). "[O]ur drug laws reflect the <u>strong public policy</u> that neither the use nor the sale of illicit drugs will be tolerated in this state." <u>State v. Sanchez</u>, 75 Conn. App. 223, 236, 815 A.2d 242, cert. denied, 263 Conn. 914, 821 A.2d 769 (2003) (emphasis added).

The Connecticut Supreme Court has negated rights to recovery under a note and mortgage where a fraudulent misrepresentation to the bankruptcy court was necessary to create plaintiff's interest in the note. <u>Thompson v. Orcutt</u>, 257 Conn. 301, 777 A.2d 670 (2001). Where investing illegal drug sale profits are a necessary element in order for plaintiff's interest in the note to arise, the public policy concerns cannot possibly be comparatively attenuated to those in <u>Thompson</u>.

5

## CONCLUSION

The plaintiff's motion for reconsideration is an effort to undo the consequence of his own inexcusable negligence, and not to interpose something previously unavailable, nor to correct something the Court overlooked. The plaintiff's efforts are futile, given his lack of holder in due course status, lack of good title, and the violative nature of his claim toward public policy. Given this state of affairs, there is no manifest injustice in the Court's ruling to correct. Reconsideration is therefore inappropriate. The plaintiff should be required to produce the original note or face dismissal of this action.

Wherefore, the foregoing considered, defendant Vaillancourt prays that this Court would strike plaintiff's motion for reconsideration (Docket Entry No. 84) and sustain its order of September 23, 2004 (Docket Entry No. 82).

Respectfully submitted,

_____
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473

ORAL HEARING IS NOT REQUESTED

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within motion was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA 92301, on this 12th day of October, 2004.

_____
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473