Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

FILED

2004 NOV -2 A 11:47

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop,  ) | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 3:01-CV-364 (AVC) |
| ) | |
| Karl Vaillancourt,  ) | October 30 2004 |
|     Defendant.  ) | |

### DEFENDANT'S MOTION FOR ADDITIONAL EXTENSION
### OF TIME AND FOR ORDER TO COMPEL

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to Fed. R. Civ. P. §7, moves this Honorable Court for an additional extension of time to reply to this Court's Order of October 14, 2004 (Docket Entry No. 89) (Endorsement Order on Docket Entry No. 85), and moves for an Order compelling disclosure.

### GROUNDS FOR MOTION

This Court's Order of October 14, 2004 directs defendant to reply to plaintiff's supplemental response and motion for reconsideration by no later than November 4, 2004 (21 days from October 14).

The defendant has been on a temporary work assignment in Texas for the majority of October, working on a construction project that requires 13 hour days, seven days per week. Defendant has not as yet been able to devote proper time to the

investigation of the facts surrounding the disappearance of the original note. Defendant therefore requests an additional extension of time to reply to November 26, 2004.

Additionally, Supervising Assistant United States Attorney Peter Jongbloed and Connecticut State Trooper (Sgt.) Thomas Murray have expressed a desire to be helpful, but a paucity to disclose relevant information for fear of violating certain financial disclosure requirements. An Order of this Court would provide them with reassurance that they are not in violation of the law by disclosing information. Upon information and belief, subpoenas would not be effective in overcoming the restrictions to disclosure.

Defendant therefore requests an Order compelling Peter Jongbloed and Thomas Murray to:

1. Disclose in writing all information concerning Aaron Northrop's financial resources at the time the subject loan was made (including information derived from their review of plaintiff's federal income tax returns);

2. Disclose in writing all information concerning Aaron Northrop's incarceration in March of 1992 on Connecticut drug trafficking charges;

3. Disclose in writing all information acquired by the Government, from the time of plaintiff's arrest on March 2, 1992 to his conviction on March 11, 1993, concerning assets which were in the possession of Aaron Northrop; and

4. Provide defendant with any documentation in their possession that is relevant to plaintiff's financial resources, incarceration and assets upon defendant's written request (such as warrant returns, inventories, etc.).

These items are relevant to defendant's case. Financial resource information will prove that plaintiff had no resource other than drug sale proceeds from which he could make loans. Incarceration data from March of 1992 will shed light on the likelihood of plaintiff's claim of an extension agreement in March of 1992. Asset information will shed light on whether the Government's agents ever saw the original promissory note,

and ever took such into their possession.

All of the foregoing requested information has previously been disclosed in public during plaintiff's criminal trial. There is no concern with privacy, given that the material is more than 12 years old. Any sensitive identifying information can be redacted.

Wherefore, defendant Vaillancourt prays that this Court would grant him an extension of time to reply, to and including November 26, 2004, and issue an Order compelling disclosure of certain pertinent information as outlined above.

Respectfully submitted,

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

ORAL HEARING IS NOT REQUESTED

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within motion was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA 92301, on this 30th day of October, 2004.

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473