Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

FILED
2004 DEC 29 A 11: 09
U.S. DISTRICT COURT
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

Aaron Ben Northrop, )
Plaintiff, )
)
)
v. ) Case No. 3:01-CV-364 (AVC)
)
)
Karl Vaillancourt, ) December 24, 2004
Defendant. )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM OF LOSS**

Now comes Defendant Karl Vaillancourt, and pursuant to this Court's order of December 13, 2004 (Docket Entry No. 94), responds to plaintiff's claim of loss of the promissory note at issue in this case.

The facts do not support his allegation of loss of the note in the mail, and this Court should require plaintiff to tender the original promissory note in order for him to have standing to sue in this case under Connecticut's Lost Note statute.

**DEFENDANT'S PROOF**

The defendant attaches the affidavit of himself (Exhibit A), the affidavit of Mark Cartier (Exhibit B), a disinterested witness, and the affidavit of the plaintiff's own corporate attorney (Exhibit C). The fact is that the plaintiff received mail at the Airport Road location, was regularly present there in July of 1990, maintained an office there,

had the keys to the facility, personally requested the corporate documents be sent to him there, and never complained at any time in the 10 years immediately following his personal request of any loss of said documents. The preponderance of reliable evidence tends to demonstrate that the original note was not lost in the mail.

In the affidavit of defendant, skilled testimony is offered about the trade value of the equipment and supply assets of MAGNA that were stored in the Branford, Connecticut storage facility. Also attached is a copy of the plaintiff's own motion for return of assets (Exhibit D), dated April 24, 1996, as was filed in his criminal case.

The plaintiff's motion for return claims the total value of assets located at the storage facility was $160,000. The defendant testifies that the equipment and supply assets at the facility were worth $80,000. This reasonably tends to prove that plaintiff believed the two original promissory notes (one between plaintiff and defendant, and a separate $40,000 note between plaintiff and Eduardo Silva), bearing face values of $80,000 in aggregate, were stored in the Branford facility; all within the exclusive control and possession of Anthony Amendola. This is so because plaintiff received the originals from his attorney at the MAGNA offices, and all MAGNA documents and assets were placed in storage when it closed shop.

Further buttressing defendant's contention that plaintiff believed the original note was contained in said storage trailer is his response of July 7, 2003 (Docket Entry No. 45) to defendant's allegation of seizure. In that response, plaintiff tendered a copy of the affidavit of Trooper Thomas R. Murray for the proposition that the note was not seized. Of course, that affidavit exclusively concerns the search surrounding the storage trailer at Sciarra Storage, which contained the documents and assets of MAGNA.

**ARGUMENT**

The plaintiff did not lose the promissory note in the mail between his attorney and himself. The best evidence tends to prove that plaintiff received the original in the mail from his attorney and was subsequently placed in the storage trailer holding MAGNA's documents and assets in Branford, Connecticut. It also tends to prove that the original note was disposed of by Anthony Amendola as part of a bulk sale of the contents to pay storage arrearages. Importantly, the best evidence tends to prove that the plaintiff was not in possession of the promissory note at the time it was lost.

The Affidavit of Trooper Thomas R. Murray, dated April 18, 1997, at paragraph 5 (see Docket Entry No. 45), states that "when the marble and granite business failed, Amendola, using his name, leased a storage trailer at Sciarra Storage . . . ." The defendant has testified that he personally assisted Amendola and others in placing all of MAGNA's assets and papers into the storage trailer, which was later transported to Sciarra's Storage. Amendola was in individual control and possession of all of MAGNA's assets and documents. The evidence suggests the note was in the possession and control of Amendola when it was lost.

Further, the affidavit indicates (at paragraphs 5 and 7) that the assets and documents left Amendola's possession because he was forced to sell the contents to pay storage arrearages. The plaintiff's failure to pay the storage charges gave Sciarra Storage a superior right to the trailer contents. In fact, Trooper Murray's affidavit states that the owner of the storage facility was contemplating selling the contents to recoup overdue rent. Such constitutes a transfer by the plaintiff.

The plaintiff was not in possession of the original note at the time of the loss. The

plaintiff transferred the note by his own failure to pay storage charges. The note is not enforceable by plaintiff without his possession and production of the original.

While it is circumstantial and inferential that the note was contained in storage, there is no objective evidence which contradicts this conclusion. Significantly, the conclusion that the original note was in the storage trailer is the most logical and objectively supported one.

By contrast, the plaintiff's assertion of loss in the mail is contradicted by his repeated presence, access, and use of the Airport Road facility in June, July and August of 1990. Further, his receipt and reading of mail at Airport Road, his personal request indicated in the Yolen law firm's contemporaneous correspondence that the documents be sent there, and his failure to complain to his attorney of missing documents at some point in the subsequent 10 years are all probative of the truth of plaintiff's claim of loss in the mail.

According to the applicable statute, the plaintiff has the burden to prove each required element of entitlement to enforce the note. Proof under Connecticut standards requires the production of reliable evidence to a preponderance so that a reasonable jury could conclude his version of the truth of the matter is more probable than not. The plaintiff has not met this burden.

Before this Court permits plaintiff to introduce a copy of the note, the law requires the plaintiff show by a preponderance of evidence how he lost the note, demonstrate the note was in his possession at the time it was lost, that he was the person entitled to enforce it at the time of the loss, and shows that the note was not transferred or seized. The plaintiff is not entitled to swear his own way into a trial under these objective

standards. Plaintiff has not made a sufficient showing. He is not entitled to proceed under the Lost Note statute.

## CONCLUSION

Wherefore, the foregoing considered, defendant Vaillancourt prays that this Court would require plaintiff to produce the original note, and failing his production of the original, dismiss this case.

Respectfully submitted,

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

ORAL HEARING IS NOT REQUESTED

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within reply was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA 92301, on this 24th day of December, 2004.

Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

EXHIBIT "A"

Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, ) Plaintiff, ) | |
| v. ) | Case No. 3:01-CV-364 (AVC) |
| Karl Vaillancourt, ) Defendant. ) | December 24, 2004 |

**AFFIDAVIT OF WITNESS KARL VAILLANCOURT**

Now comes Karl Vaillancourt, and after being duly sworn, does depose and say:

1. I have been a professional stone mason and tile setter for more than 20 years.

2. I am uniquely aware of the values of the equipment and supplies utilized in my industry, both new and used, as I purchase, use and sell such on an ongoing basis.

3. I personally participated in loading all of the assets and papers of MAGNA into a certain storage trailer, which was subsequently transported to Branford, Connecticut for safe-keeping, under the possession and control of Anthony Amendola.

4. At the time MAGNA wound up its affairs, it possessed used equipment, supplies and inventory with a trade resale value of approximately $80,000.

5. I personally saw Aaron Northrop at the 100 Airport Road location of

MAGNA on numerous occasions, including during June, July and August of 1990.

6. I personally witnessed Aaron Northrop receiving and reading mail addressed to himself and to MAGNA at the Airport Road location of MAGNA, including during June, July and August of 1990.

7. I have not seen the original promissory note between Aaron Northrop and myself since February of 1990.

8. At no time have I ever come into possession by any means of the original promissory note between Aaron Northrop and myself.

9. I have personal and first-hand knowledge of the foregoing stated facts.

Affiant affirms under the penalty of perjury and the laws of the United States that the statements made herein are true and correct to the best of affiant's knowledge and belief.

Karl Vaillancourt
29 State Street
North Haven, CT 06473

## ACKNOWLEDGMENT

State of Nevada )
)
County of Clark )

Before me personally appeared Karl Vaillancourt, who is personally known to me, or has presented identification to establish his identity to my satisfaction, and after being duly sworn, did execute and subscribe to the foregoing Affidavit of Witness in my presence this 24 th day of December, 2004.

CHRISTIAN SALAZAR
NOTARY PUBLIC
STATE OF NEVADA
APPT. No. 99-54982-1
MY APPT. EXPIRES MAR. 11, 2007

NOTARY PUBLIC

My commission expires on 3-11-7.

"EXHIBIT B"

Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop,<br>Plaintiff, | ) | |
| v. | ) | Case No. 3:01-CV-364 (AVC) |
| Karl Vaillancourt,<br>Defendant. | ) | ~~October~~ NOV 29, 2004 |

**AFFIDAVIT OF WITNESS MARK L. CARTIER**

Now comes Mark L. Cartier, of 139 Rangely Street, West Haven, Connecticut and, after being duly sworn, does depose and say:

1. I was an employee of a company called Marble and Granite Network of America ("MAGNA") from inception to sometime in August of 1990.

2. On various occasions in connection with my employment I was personally present at the 100 Airport Road, Hartford, Connecticut office of MAGNA.

3. On various occasions in June, July and August of 1990 I personally witnessed the presence of Aaron Northrop at the Airport Road location, and had conversations with Aaron Northrop at the Airport Road location of MAGNA.

4. Aaron Northrop possessed a set of keys providing access to the Airport Road location of MAGNA in June, July and August of 1990.

5. At times in June, July and August of 1990, Aaron Northrop used a desk at the Airport Road location of MAGNA to conduct business.

6. At times in June, July and August of 1990, Aaron Northrop used a telephone at the Airport Road location of MAGNA to conduct business and/or personal affairs.

7. I have personal and first-hand knowledge of the foregoing stated facts.

Affiant states under the penalty of perjury and the laws of the United States that the statements made herein are true and correct to the best of affiant's knowledge and belief.

Mark L Cartier

Mark L. Cartier

**ACKNOWLEDGMENT**

State of Connecticut )
)
County of New Haven )

Before me, personally appeared Mark L. Cartier, who is personally known to me, or has presented identification to establish his identity to my satisfaction, and after being duly sworn, did execute and subscribe to the foregoing Affidavit of Witness in my presence this 29 th day of ~~October~~ Nov, 2004.

Don Bello

NOTARY PUBLIC

My commission expires on 8·31·05.

EXHIBIT Original

35

FILED

APR 29 12 49 PM '96

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES OF AMERICA
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA :
: Criminal Case No.
v. : 3:92CR32(AHN)
:
AARON NORTHROP : April 24, 1996

MOTION UNDER 18§41e
RETURN OF PROPERTY

NOW COMES; Aaron Northrop pro-se with a motion for return of property under 18§41e.

Defendant requests that the below listed property be returned to the defendant forthwith as it was taken illegally.

1. All property siezed from a storage warehouse located in Branford, Conn.

2. Items include; Wet saws, marble and granite supplies, tools and fabrication equipement, etc.

(1)

5/30/96. DENIED for the reasons stated in the Government's Response to Defendant's Rule 41(e) Motion for Return of Property. SO ORDERED.

ALAN H. NEVAS, U.S.D.J.

3. Value of property siezed $160,000. one hundrend and sixty-thousand dollars.

Wherefore; Northrop defendant prays for the Honorable Court to order said property to be returned to defendant.

Respectfully submitted;

[signature]

Aaron Northrop pro-se
61713-080
Box PMB
Atlanta, GA. 30315

Certificate of Mailing

I Aaron Northrop placed a true and correct copy of this motion for return of property 18 § 41e and placed it in the United States mail postage prepaid and addressed to:

Asst. United States Atterney
Peter Jongbloed
141 Church Street
New Haven, CT. 06510

[signature]
Aaron Northrop April 24, 1996