# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

Aaron Ben Northrop
    Plaintiff

v.                                                            Case No. 3:01-CV-364 (AVC)

Karl Vaillancourt
    Defendant                                        December 23, 2004

## AFFIDAVIT OF TIMOTHY B. YOLEN

Now comes Timothy B. Yolen, of Yolen and Perzin, LLC, with an office at 5 Trumbull Street, New Haven, Connecticut, and after being duly sworn, does depose and say:

1. The following is based upon review of this firm's file relative to this matter and the documents and correspondence contained therein.

2. In 1989 and 1990, the law firm in which I am a partner represented Aaron Northrop, Karl Vaillancourt and Eduardo Silva in the formation of Marble and Granite of North America, Inc. (MAGNA) and preparation of its corporate documents, as well as loan documents between the parties.

3. Aaron Northrop, in June or July 1990, personally requested from Attorney Cecelia Danahar, an associate attorney in our office at that time, that the original documents concerning the MAGNA incorporation, and personal loans, be mailed to its corporate offices at 100 Airport Road, Hartford, CT.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

Aaron Ben Northrop
    Plaintiff

v.                                            Case No. 3:01-CV-364 (AVC)

Karl Vaillancourt
    Defendant                              December 23, 2004

## AFFIDAVIT OF TIMOTHY B. YOLEN

Now comes Timothy B. Yolen, of Yolen and Perzin, LLC, with an office at 5 Trumbull Street, New Haven, Connecticut, and after being duly sworn, does depose and say:

1. The following is based upon review of this firm's file relative to this matter and the documents and correspondence contained therein.

2. In 1989 and 1990, the law firm in which I am a partner represented Aaron Northrop, Karl Vaillancourt and Eduardo Silva in the formation of Marble and Granite of North America, Inc. (MAGNA) and preparation of its corporate documents, as well as loan documents between the parties.

3. Aaron Northrop, in June or July 1990, personally requested from Attorney Cecelia Danahar, an associate attorney in our office at that time, that the original documents concerning the MAGNA incorporation, and personal loans, be mailed to its corporate offices at 100 Airport Road, Hartford, CT.

LAW OFFICES
# YOLEN AND PERZIN

367 ELM STREET
POST OFFICE BOX 483
WEST HAVEN, CONNECTICUT 06516

TIMOTHY B. YOLEN
MICHAEL PERZIN
CECELIA U. DANAHAR

TELEPHONE
(203) 937-0555

FACSIMILE
(203) 932-0006

July 6, 1990

MAGNA
100 Airport Road
Hartford, Connecticut 06114

Attention: Mr. Aaron Northrop

Re: MAGNA - Incorporation
    Our File No. 10,512

Dear Aaron:

Enclosed please find the following documents which you requested regarding the above referenced matter:

1. Pledge Agreement between Karl W. Vaillancourt and Aaron Northrop;

2. Notice that Director Has Ceased to Hold Office regarding Karl W. Vaillancourt;

3. Power to Transfer Stock from Karl W. Vaillancourt to Timothy B. Yolen;

4. Promissory Note in the amount of $40,000.00 from Karl W. Vaillancourt to Aaron Northrop;

5. Pledge Agreement between Eduardo G. Silva and Aaron Northrop;

6. Notice that Director Has Ceased to Hold Office regarding Eduardo G. Silva;

7. Power to Transfer Stock from Eduardo G. Silva to Timothy B. Yolen;

8. Promissory Note in the amount of $40,000.00 from Eduardo G. Silva to Aaron Northrop;

# EXHIBIT A

YOLEN AND PERZIN

MAGNA
July 6, 1990
Page 2

    9.   Promissory Note from Marble and Granite Network of America, Inc. in the amount of $120,000.00 to Aaron Northrop, Eduardo G. Silva and Karl W. Vaillancourt;

    10.  Trade Name Certificate which was filed in Hartford;

    11.  Trade Name Certificate which was filed in Ridgefield;

    12.  Shareholders and Redemption Buy-Sell Agreement;

    13.  Confirmation of Fees and copies of incorporation documents.

    Please do not hesitate to contact me should you have any questions regarding the enclosed documents.

                                  Very truly yours,

                                  Cecelia U. Danahar

CUD/lee
enclosures

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF __CONNECTICUT__

AARON BEN NORTHROP

V.

KARL VAILLANCOURT

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:01CV364(AVC)

TO:  Tim Yolen [Attorney at law]
     700 State Street
     P.O. Box 1990, New Haven, Connecticut 06521

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Contracts between Aaron Northrop, Karl Vaillancourt and Edwardo Silva in which Vaillancourt and Silva borrowed money from Northrop. Money was loaned for the purpose of forming the corporation named MAGNA.

| PLACE | DATE AND TIME |
|---|---|
| Lompoc U.S. Penitentiary, 3901 Klein Blvd., Lompoc, CA 93436 | 7-13-2001 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
KEVIN F. ROWE, CLERK

DATE

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
450 Main Street
Hartford, CT 06103

**EXHIBIT B**

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 7/5/2001 | 700 State Street<br>P.O. Box 1990, New Haven, CT 06521 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tim Yolen | Certified Mail #7001 0360 0003 8153 2579 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Aaron Ben Northrop | Plaintiff in action |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___7/5/2001___
         DATE

SIGNATURE OF SERVER

3901 Klein Boulevard
ADDRESS OF SERVER

Lompoc, CA 93436

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.