Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

FILED

2005 JAN 21 A 11: 11

U.S. DISTRICT COURT
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:01-CV-364 (AVC) |
| | ) | |
| Karl Vaillancourt, | ) | January 18, 2005 |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to Local Rule 7(d), responds in regard to plaintiff's motion for judgment on the pleadings (Docket Entry No. 96).

### BACKGROUND

The plaintiff filed his action on March 7, 2001. See Docket Entry No. 2.

The defendant was first served with a summons in regard to this action on February 5, 2002. See Docket Entry No. 8.

The defendant tendered a timely answer to the complaint containing an averment of the affirmative defense of bar by the statute of limitations and a general denial on February 25, 2002. See Docket Entry No. 9.

### STANDARDS FOR JUDGMENT ON THE PLEADINGS

"In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and

1

drawing all reasonable inferences in favor of the nonmoving party." *King v. American Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002).

"A party is entitled to judgment on the pleadings only if it is clear that no material issues of fact remain to be resolved and that it is entitled to judgment as a matter of law." *Caraballo v. Apfel*, 34 F. Supp.2d 208, 213 (S.D.N.Y. 1999); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1368, at 690 (1969).

## ARGUMENT

The defendant did deny plaintiff's right to recover in a timely filed answer, and is not bound to admit the facts claimed by plaintiff in his complaint. Assuming everything in the complaint and answer is true for the purposes of this motion, the plaintiff is still not entitled to judgment on the pleadings because the complaint fails to demonstrate plaintiff filed suit timely, that he is the person entitled to enforce the note, or that he has standing to bring this action.

As is stated in the standard for judgment on the pleadings, all reasonable inferences must be construed in favor of the defendant in this motion. The reasonable inferences to be drawn from the complaint and answer are that there was no extension agreement, that he used drug monies to make the loan, that plaintiff is not in possession of the original note, and that plaintiff is not entitled to enforce the note as a lost instrument.

Judgment upon the pleadings is therefore inappropriate, because material factual disputes exist, and the defendant can still be found to not be liable to plaintiff. For instance, the plaintiff's complaint contains no allegation of an extension of the debt. The plaintiff is therefore not entitled to a presumption that an extension agreement existed. If no extension agreement existed, the plaintiff fails to reach the amount in controversy required for diversity-type subject matter jurisdiction. Further, if no extension was had, the plaintiff's suit

was untimely.

In an action to enforce a promissory note under Connecticut law, the plaintiff must be in possession of the original note, or be entitled to enforce the note under the Lost Note provision. The plaintiff's complaint does not allege possession of the instrument nor entitlement to enforce it as a lost instrument. He is not entitled to a presumption of possession or a right to enforce the obligation as a lost note.

As the Court well knows, a material factual dispute exists regarding plaintiff's standing to bring this action. The defendant has placed strong evidence in the record that the plaintiff used drug sale monies to consummate the loan which is the subject matter of this action. The defendant is permitted to raise this as part of his general denial and will conclusively prove this fact at trial. If it is found that plaintiff did use drug sale monies to make this loan, the defendant will be found not liable.

The plaintiff clearly misapprehends the import of the *Scherer* decision. *Scherer* does not provide a presumption in his favor in the case in chief. The presumption granted is only for the purpose of withstanding a pretrial motion to dismiss for lack of subject matter jurisdiction due to a shortfall in the amount in controversy. If the claimed extension agreement is found to not have existed, as an absolute matter of law that completely negates all of plaintiff's presumed good faith, the amount in controversy in this case was less than $75,000 (excluding non-contractual interest and costs) at the time of filing.

The best example of the defendant's legal claim with regard to the claimed extension in this matter is *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781 (2d Cir. 1994). In *Tongkook*, the discovery of the true events which occurred before the filing of the complaint made it clear as a matter of law that the plaintiff's claim was less than required for jurisdiction. Here, if the extension agreement plaintiff claims was made in 1992 or 1995

3

(clearly before filing of the complaint in 2001) is found to have never existed, then all interest accruing to his claim after February 8, 1995 is required to be excluded from the calculation of the jurisdictional amount as non-contractual interest.

Moreover, the Connecticut lost note statute places the burden on the plaintiff to "prove" his entitlement to enforce the note. The plaintiff has not proven any such entitlement; even after litigating the case for four years. He certainly didn't establish this prerequisite within the four corners of his complaint.

### RELIEF REQUESTED

Wherefore, the foregoing considered, defendant Vaillancourt prays that this Court would deny plaintiff's motion for judgment on the pleadings.

Respectfully submitted,

*/s/ Karl Vaillancourt*
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

ORAL HEARING IS NOT REQUESTED

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within response and motion to dismiss was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA 92301, on this 18th day of January, 2005.

*/s/ Karl Vaillancourt*
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473