Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

**FILED**

2004 JUL 19 A 9:07

U.S. DISTRICT COURT
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, )<br>    Plaintiff,  )<br>)<br>)<br>v.          )<br>)<br>)<br>Karl Vaillancourt, )<br>    Defendant.  ) | Case No. 3:01-CV-364 (AVC)<br><br>July 16, 2004 |

3:01CV364(AVC) January 26, 2005. This is a diversity action for damages arising out of the defendant's alleged default on a promissory note. On May 14, 2004, the *pro se* plaintiff, Aaron Northrop, filed a trial memorandum stating that he intended to introduce a "copy" of the promissory note at trial. On July 16, 2004, the *pro se* defendant, Karl Vaillancourt, filed the within motion (doc. no.76) to "strike plaintiff's introduction into evidence of a copy of the promissory note." Specifically, Vaillancourt argues that the best evidence rule, Fed. R. Evid. 1002, and Fed. R. Evid. 1003 preclude Northrop from introducing "into evidence . . . a copy of the promissory note." Northrop responds that the "original note was lost or stolen in the mail." See doc. no.83 and no.84. Vaillancourt, however, argues that the "facts do not support [the plaintiff's] allegation of loss of the note in the mail."

    Connecticut General Statute § 42a-3-309 permits a person to enforce a note if it is lost. See Conn. Gen. Stat.§ 42a-3-301(iii). Similarly, the Federal Rules of Evidence include an exception to the best evidence rule for lost writings. See Fed. R. Evid. 1004(1). According to the Federal Rules of Evidence, the court must determine whether the original is lost as a preliminary fact. Fed. R. Evid. 104(a).

    Having reviewed applicable law and the numerous filings of both parties, the court concludes that issues of fact preclude the court from deciding on the papers alone whether the note is lost within the meaning of Conn. Gen. Stat.§ 42a-3-301(iii) and Fed. R. Evid. 1004(1). Accordingly, the court will hold an evidentiary hearing prior to trial to determine 1) whether the note is lost within the meaning of Conn. Gen. Stat, § 42a-3-309 and Fed. R. Evid. 1004(1), and 2) whether Northrop may introduce a copy of the note at trial. Therefore Vaillancourt's motion to strike (doc. no.76) is DENIED without prejudice to its argument at the evidentiary hearing.
SO ORDERED.

                                                Alfred V. Covello, U.S.D.J.