Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aaron Ben Northrop, )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>Karl Vaillancourt, )<br>    Defendant. ) | Case No. 3:01-CV-364 (AVC)<br><br>October 6, 2004 |

### DEFENDANT'S MOTION TO STRIKE
### SUPPLEMENTAL RESPONSE

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to

Fed. R. Civ. P. §7, moves this Honorable Court to strike plaintiff's supplemental response

(Docket Entry No. 83).

### GROUNDS FOR MOTION

Federal Rule of Civil Procedure 15(d), Supplemental Pleadings, provides:

3:01CV364(AVC) January 26, 2005. The defendant, Karl Vaillancourt, filed the within motion (document no.86) pursuant to Fed. R. Civ. P. 15(d) arguing that the court should "strike plaintiff's supplemental response." On August 6, 2004, the court ordered the plaintiff, Aaron Northrop, "to produce the original note or explain why . . . he is nevertheless entitled to enforce the note." See document no.79. On August 27, 2004, Northrop moved for an extension of time "to obtain the note" arguing that the note was in the possession of the United States Attorney. See document no.80. On September 23, 2004, the court granted Northrop an extension of time to "produce the original note." See document 82. On September 27, 2004, Northrop informed the court that after further research he had concluded that "the original note was stolen in the mail." See document no. 83. In the within motion to strike, Vaillancourt argues that Northrop's explanation that the note is lost in the mail was "tendered without leave" in violation of Fed. R. Civ. P 15(d). The court's August 6, 2004 and September 23, 2004 orders, however, implicitly gave Northrop leave to investigate the whereabouts of the note and report back to the court as his investigation developed. Accordingly, it would inappropriate to strike Northrop's supplemental response. The motion to strike (document no.86) is therefore DENIED.
SO ORDERED.

Alfred V. Covello, U.S.D.J.