UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2005 JAN 11 A 10:58
U.S. DISTRICT COURT
HARTFORD, CT.

AARON NORTHROP,           :

    Plaintiff,            :     Case No. 3:01CV364 (AVC)

V.

KARL VAILLANCOURT,        :     January 3rd, 2005

    Defendant,            :

PLAINTIFF'S MOTION FOR JUDGMENT

ON THE PLEADINGS

Plaintiff Aaron Northrop, respectfully moves for judgment on the pleadings in accordance with Rule 12(c) of the Federal

3:01CV364(AVC). January 26, 2005. This is a diversity action for damages arising out of the pro se defendant's alleged default on a promissory note. The pro se plaintiff has filed the within "motion for judgment on the pleadings" (document no. 96) pursuant to Federal Rule of Civil Procedure 12(c). Specifically, the plaintiff, Aaron Northrop, argues that the defendant, Karl Vaillancourt, has 1) "failed to meet his burden of disproving jurisdiction, and all reasonable doubt must be resolved in favor of the plaintiff's pleadings" and 2) "waived all affirmative defenses by failing to file a timely answer to the complaint." With regard to Northrop's jurisdiction argument, the court held on August 22, 2003 that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). See document no. 51. The court's jurisdiction over this action, however, does not entitle Northrop to "judgment on the pleadings." In this respect, Northrop's reliance on Schererr v. Equitable Life Assurance Soc. of the U.S., 347 F.3d 394 (2d Cir. 2003) is misplaced. In Schererr, the Second Circuit addressed the issue of whether the district court had subject matter jurisdiction over the action, not whether the plaintiff was entitled to judgment on the pleadings. Northrop next argues that Vaillancourt has failed to file "a timely answer to the complaint" thereby waiving his affirmative defenses. The court has already ruled on this issue. On August 22, 2003, the court granted Vaillancourt's motion to file a late answer, but struck "the affirmative defenses from the answer." See document no. 51. That order, however, did not entitle the plaintiff to judgment on the pleadings. Accordingly, Northrop's motion for judgment on the pleadings (document no. 96) is DENIED.
SO ORDERED.

Alfred V. Covello, U.S.D.J.