UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 FEB -8 P 4: 00

U.S. DISTRICT COURT
HARTFORD, CT.

AARON BEN NORTHROP,
  Plaintiff,

v.                                         Civil No. 3:01CV364 (AVC)

KARL VAILLANCOURT,
  Defendant.

**RULING ON THE DEFENDANT'S MOTION TO AMEND**

This is a diversity action for damages arising out of the defendant's alleged default on a promissory note. The *pro se* defendant, Karl Vaillancourt, filed the within (document no. 87) motion pursuant to Fed. R. Civ. P. 15(b) seeking the court's permission to "amend his pleadings and adduce further evidence to fully satisfy equitable defenses." Specifically, Vaillancourt seeks permission to assert the following counterclaims and affirmative defenses against the *pro se* plaintiff, Aaron Northrop: "breach of contract, breach of good faith and fair dealing, unjust enrichment, accord and satisfaction, *quantum meruit* and quasi-contract."

The issue presented is whether, in accordance with Fed. R. Civ. P. 15(b), the parties have tried these counterclaims and affirmative defenses by express or implied consent so that the court should treat them as if the parties raised them in the pleadings.

For the reasons set forth below, the motion is DENIED.

1

**FACTS**

The following procedural facts are relevant to the motion:

On March 7, 2001, Northrop commenced this action. On February 25, 2002, Vaillancourt filed his first answer. On April 2, 2002, Northrop moved to strike the answer because it did not "state the signer's address and telephone number" as required by Fed. R. Civ. P. 11(a). On June 16, 2002, the court denied Northrop's motion to strike the answer without prejudice to its refiling if Vaillancourt did not "file an amended answer with the court that includes [his] address before [August 2, 2002]." Vaillancourt failed to file an amended answer. On October 4, 2002, the court granted Northrop's motion to strike the answer.

Eight months later, on June 17, 2003, Vaillancourt filed a motion for leave to file a late answer. In his proposed late answer, Vaillancourt asserted seven "defenses": 1) "lack of standing," 2) "statute of limitations, 3) "[b]reach of contract," 4) "[b]reach of implied covenant of good faith and fair dealing," 5) "satisfaction," 6) "unjust enrichment," and 7) "[i]n pari delicto."

On August 22, 2003, the court granted Vaillancourt's motion to file a late answer (document no.51) but struck "the defendant's affirmative defenses from the answer." Specifically, the court concluded that Vaillancourt's "delay in filing his answer was willful and that permitting him to assert special

2

defenses at this stage of the proceedings would unfairly prejudice the plaintiff." The order noted, however, "[n]othing in this decision prohibits the defendant from making a motion at trial to amend his answer pursuant to Fed. R. Civ. P. 15(b)."

A year later, on August 6, 2004, the court ordered Northrop "to produce the original note or explain why . . . he is nevertheless entitled to enforce the note." See document no.79.

On October 12, 2004, Northrop filed a supplemental response to the court's August 6, 2004 order (document no. 83). Northrop attached a letter from his former attorney in which the attorney set forth a detailed list of enclosures, including: 1) "Notice that Director Has Ceased to Hold Office regarding Karl W. Vaillancourt," 2)"Power of Transfer Stock from Karl W. Vaillancourt to Timothy B. Yolen," 3) "Promissory Note from [MAGNA Corporation] in the amount of $120,000.00 to Aaron Northrop, Eduardo G. Silva and Karl Vaillancourt," and 4)"Shareholders and Redemption Buy-Sell Agreement."

Vaillancourt argues that these four references in the attorney's letter relate to his counterclaims and affirmative defenses. Specifically, Vaillancourt argues that by placing the attorney's letter "in the record for [Northrop's] own purposes . . . [Northrop] both impliedly and expressly consented to placing evidence of defendant's equitable defenses on the record."

3

## DISCUSSION

### I. Federal Rule of Civil Procedure 15(b)

Federal Rule of Civil Procedure 15(b) states, in relevant part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed. R. Civ. P. 15(b).[1]

To determine whether to allow a party to amend the pleadings, the court considers: 1) "whether the new issues were tried by the parties' express or implied consent," and 2) whether the nonmoving party "would be prejudiced" by the amendment of the pleadings. Royal American Managers, Inc. v. IRC Holding Corp. 885 F.2d 1011, 1017 (2d Cir. 1989)(citations omitted).

### A. Consent

Vaillancourt argues that when Northrop attached the attorney's letter to his October 12, 2004 response, Northrop "both impliedly and expressly consented to placing evidence of defendant's equitable defenses in the record."

---

[1] The court recognizes that Rule 15(b) refers to issues "tried" by the parties and that this case has not yet reached trial. Despite Rule 15(b)'s reference to issues having been "tried," a party may make a motion pursuant to Rule 15(b) prior to trial. Rule 15(b) "permits the motion to be made throughout the entire period during which the action is in the district court, including at an evidentiary hearing held in connection with a pretrial motion . . . ." 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1494, at 51 (1990).

4

### 1. Express Consent

After reviewing the record, the court concludes that there is no evidence that Northrop expressly consented to trying any of Vaillancourt's counterclaims or defenses. To the contrary, Northrop filed a motion (document no.96) on January 1, 2005 in which he argued that Vaillancourt has "waived all affirmative defenses." Accordingly, the only issue before the court is whether the parties have tried the counterclaims and affirmative defenses by implied consent.

### 2. Implied Consent

Whether Northrop has implicitly consented to the trial of Vaillancourt's counterclaims and defenses "depends on whether [the parties] recognized that the issue[s] had entered the case . . ." Luria Bros. & Co., Inc. v. Alliance Assur. Co., Ltd. 780 F.2d 1082, 1089 (2d Cir. 1986). The Second Circuit has held that the introduction of evidence that is "relevant to both pled and unpled issues . . . does not imply consent to trial of the unpled issues, absent some obvious attempt to raise them." Luria Bros. & Co., Inc. v. Alliance Assur. Co., Ltd. 780 F.2d 1082, 1089 (2d Cir. 1986)(citations omitted).

Furthermore, "when the evidence that is claimed to show that an issue was tried by consent is relevant to an issue already in the case, as well as to the one that is the subject matter of the

5

[proposed] amendment," but "there is no indication at trial that the party who introduced the evidence is seeking to raise the new issue," a court will not deem the pleadings amended pursuant to Rule 15(b). 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1493 at 32 (1990).

Northrop attached the attorney's letter as part of his attempt to explain an issue already in the case, namely, why he could not produce the original note at trial. There is no indication that Northrop sought to raise the counterclaims and defenses by submitting the letter. The possibility that the letter might also be relevant to Vaillancourt's proposed amendments to the pleadings is an insufficient basis for the court to deem the pleadings as amended.

"The purpose of Rule 15(b) is to allow the pleadings to conform to issues actually tried, not to extend the pleadings to introduce issues inferentially suggested by incidental evidence in the record." Browning Debenture Holders' Comm. v. DASA Corp. 560 F.2d 1078, 1086 (2d Cir. 1977). The attachment of a letter referring to certain documents does not indicate that the parties have tried the issues of breach of contract, breach of good faith and fair dealing, unjust enrichment, accord and satisfaction, quantum meruit or quasi-contract by implied consent.[2]

---

[2] Because Vaillancourt has failed to present evidence that the parties have tried the issues by express or implied consent, the court need not address the issue of prejudice.

6

## II. Conclusion

The court concludes that the parties have not tried Vaillancourt's counterclaims or affirmative defenses by express or implied consent. Accordingly, the motion to amend (document no. 87) is DENIED.

It is so ordered, this 7th day of February, 2005 in Hartford, Connecticut.

                                          Alfred V. Covello, U.S.D.J.