Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

FILED
2005 SEP 16  P 3: 52

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:01-CV-364 (AVC) |
| | ) | |
| Karl Vaillancourt, | ) | September 16, 2005 |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR TAKING
### JUDICIAL NOTICE OF ADJUDICATIVE FACTS

Now comes Karl Vaillancourt, the defendant in the instant action and, pursuant to Fed. R. Evid. §201(d), moves this Court to take judicial notice of adjudicative facts that are relevant to the determination of the issues reserved for hearing and trial, and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or are otherwise undisputed by the parties.

In addition, defendant moves that each of the facts set forth below, and their supporting sources, be admitted into evidence at trial for consideration by the jury.

### BACKGROUND

Both the plaintiff and defendant have introduced documents into the docket during the pre-trial motions phase of the subject litigation. Much of the documentation forms the basis for exhibits to be submitted at hearing and/or trial. The defendant believes that an advance adjudication of the evidence to be received will afford the parties an opportunity to

fully vet these items, and will also save significant court room time at hearing and trial. For these reasons, defendant moves to have the court take judicial notice of those relevant evidentiary elements susceptible to determination under Fed. R. Evid. §201(b)(2).

## AUTHORITIES

Indictments and their contents may be judicially noticed. *Ives Laboratories, Inc. v. Darby Drug Co.*, 638 F.2d 538, 544 n. 8 (2d Cir. 1981), rev'd on other grounds sub nom. *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844 (1981).

Fact of a party's prior conviction may be judicially noticed. *Kowalski v. Gagne*, 914 F.2d 299 (1st Cir. 1990) (approving judicial notice of defendant's prior conviction).

Prior proceedings in court regarding a presently litigating party are judicially noticeable. *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002); *Reyes-Vejerano v. United States*, 276 F.3d 94, 98 n. 2 (1st Cir. 2002).

Facts adjudicated in a prior criminal proceeding may be judicially noticed. *United States v. Salinas*, 611 F.2d 128, 130 (5th Cir. 1980)

Findings of fact made by another court may be judicially noticed if they meet the indisputability standard. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 278 n. 7 (3d Cir. 1999) (district court entitled to notice facts of decision in prior litigation during section 1983 action based on conduct of attorneys during that litigation).

A letter authored by a party to litigation is the statement of the party-opponent, and thus is admissible non-hearsay under Fed. R. Evid. §801(d)(2). Courts may take judicial notice of incontrovertible facts (such as the fact that a party has made a statement or taken a position) from documentary materials whose authenticity is not in question. See *Oneida Indian Nation of New York v. New York*, 691 F.2d 1070, 1086 (2d Cir. 1982), cert. denied, 493 U.S. 871 (1989).

## ADJUDICATIVE FACTS

The defendant submits for taking of judicial notice the following adjudicative facts:

**Fact 1:**

The plaintiff was indicted for both conspiracy to distribute cocaine and marijuana under 21 U.S.C. §846 (Count One of Superseding Indictment), and for engaging in a continuous criminal enterprise under 21 U.S.C. §848 (Count Three of Superseding Indictment at page 10) in 1992, and said charges included as an element thereof, in Overt Act No. 13 (page 4 of Superseding Indictment), that in January or February of 1990, plaintiff "invested approximately $100,000 in United States Currency, which was drug trafficking proceeds, to establish a company called Marble and Granite Network of America ("MAGNA") located at 100 Airport Road, Hartford, Connecticut."

**Source:**

See Superseding Indictment dated December 9, 1992, Grand Jury N-91-2, Connecticut District Court Criminal Docket No. 3:92-CR-00032 (AHN), certified copy attached as Exhibit A, bearing authenticating certificate and seal of Paul J. Palermo, Supervisory Archives Specialist of the National Archives and Records Administration, dated June 17, 2004. Confirmed as authentic by Criminal Docket Entry No. 74, dated December 9, 1992, Connecticut Federal District Court Criminal Docket No. 3:92-CR-00032, at page 5, a certified copy of said Docket is attached as Exhibit B.

**Argument:**

This item is relevant to plaintiff's standing to sue over the note, and therefore, is relevant to this Court's subject matter jurisdiction over this case. This item would be connected through proof of plaintiff's other relevant evidential and judicial admissions to show that the subject loan was part of the formation of the MAGNA enterprise, and was therefore made by the plaintiff's use of drug trafficking proceeds.

3

This item is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned, as it is the attested and certified record of this U.S. District Court.

**Fact 2:**

The plaintiff voluntarily, knowingly and with the assistance of competent counsel pled guilty to the elements and charges contained in Counts One and Three of the Superseding Indictment on March 11, 1993. As a result of said guilty plea, plaintiff was convicted, and subsequently sentenced to 600 months of federal incarceration. The plaintiff's guilty plea, conviction and sentence were upheld on direct appeal.

**Source:**

See ruling of U.S. District Judge Alan H. Nevas, dated January 14, 1998, in *Northrop v. United States* reported by a reliable commercial decision reporting service named Lexis at 1998 U.S. Dist. Lexis 677, *1-*21, copy attached as Exhibit C, regarding plaintiff's second habeas corpus motion. Decision in *Northrop v. United States* also recorded in Connecticut District Court Civil Docket No. 3:97-CV-00712, dated January 14, 1998.

Guilty plea to Counts One and Three, and finding of Conviction is confirmed by Criminal Docket Entry entitled "Change of Plea," dated March 11, 1993, Connecticut Federal District Court Criminal Docket No. 3:92-CR-00032, at page 7. See Exhibit B. Judgment of Conviction entered October 26, 1993, as Entry No. 137, Connecticut Federal District Court Criminal Docket No. 3:92-CR-00032, at page 10. See Exhibit B. Sentence is confirmed dated October 25, 1993, entitled "Disposition in a criminal case," Connecticut Federal District Court Criminal Docket No. 3:92-CR-00032, at page 10. See Exhibit B.

The plaintiff's guilty plea, conviction and sentence were upheld on direct appeal. *U.S.A. v. Northrop*, 1994 U.S. App. Lexis 32855, 40 F.3d 1238 (2nd Cir. 1994) (unpublished, summarily affirmed – dated November 1, 1994).

The plaintiff also corroborates his use of drug trafficking proceeds to form MAGNA by placement on the docket in this case of the Affidavit of Connecticut State Trooper Thomas R. Murray. Murray states, "Northrop had funded MAGNA with $120,000 that were proceeds from their drug trafficking." See *Affidavit of Trooper Murray*, at page 5, dated April 18, 1997, appended to *Plaintiff's Objection to Defendant's Motions to Dismiss*, July 7, 2003, Docket Entry No. 45. This is an admission by plaintiff. A party is obligated by the content of the exhibits they submit to the Court. They are presumed to have approved of the truth of their content when making submission. "The party's 'use of a document' made by a third person will frequently amount to an approval of its statements as correct, and thus it may be received against him as an admission by adoption." 4 Wigmore on Evidence § 1073, at 138 (Chadbourn rev. 1972) (emphasis in original).

**Argument:**

This item is beyond dispute because the plaintiff has exhausted all possible appeals to which he was entitled, and in each and every case, such was sustained by either this District Court or the Second Circuit Court of Appeals. Findings of fact by another court concerning one or both parties to a subsequent action can be judicially noticed when the findings are relevant to the present case and are not reasonably disputable. After three complete adjudications of the issue, the plaintiff has no reasonable basis upon which to dispute this fact.

This item is relevant to plaintiff's standing to sue over the note as an element of proof (judicial admission) of the fact that plaintiff used drug monies to form MAGNA, and therefore, is relevant to this Court's subject matter jurisdiction over this case. This item would be connected through proof of plaintiff's other relevant evidential and judicial admissions to show that the subject note was part of the formation of the MAGNA enterprise, and thereby prove by a preponderance that the plaintiff used drug trafficking proceeds to

make the subject loan.

This item is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, as it is the commercially reported and the certified record of this U.S. District Court, as well as the subject of an evidential admission by plaintiff.

**Fact 3:**

The loan in question is admitted by plaintiff to have been part of the formation of the MAGNA enterprise.

**Source:**

Plaintiff's judicial and evidential admissions he has placed on the docket in this case, as follows:

1. *Plaintiff's First Motion for Default Judgment*, June 10, 2002, Proof of Claim at page 2, Docket Entry No. 13;

2. *Plaintiff's First Set of Interrogatories to Defendant*, Interrogatory 12, dated May 4, 2002, see attachment to Docket Entry No. 54;

3. *Northrop's Subpoena to Attorney John Walkley*, dated June 18, 2001, appended to *Plaintiff's Response to Order to Show Cause*, dated August 27, 2004, at Exhibit B, Docket Entry No. 80.

4. *Northrop's Subpoena to Attorney Timothy B. Yolen*, dated June 18, 2001, appended to *Affidavit of Timothy B. Yolen*, dated December 23, 2004, as Exhibit B thereto, and attested to in paragraph 5 thereof, which is appended to Defendant's Response to Plaintiff's Claim of Loss, dated December 29, 2004, at Exhibit C, Docket Entry No. 95.

**Argument:**

This item is relevant to plaintiff's standing to sue over the note. These are plaintiff's own admissions that connect plaintiff's admitted use of drug monies to form MAGNA directly to the loan at issue in this case, and therefore, such is relevant to this Court's subject matter jurisdiction over this case.

Once again, a party is obligated by the content of the exhibits they submit to the

6

Court. They are presumed to have approved of the truth of their content when making submission. The plaintiff has made no filing where he has contradicted this assertion, and each of the documents so introduced were authored by the plaintiff.

This item is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned, as they are the original signed or exhibited documents placed on the docket of this Court in this case by the plaintiff.

**Fact 4:**

The business records of MAGNA, including the documents supporting the loan in question, and other documents concerning the company's formation, were the subject of a criminal trial subpoena issued by the United States Attorney in connection with the crimes for which the plaintiff had been indicted in 1992.

**Source:**

*Subpoena of the United States to Timothy B. Yolen*, dated February 23, 1993, at page 2 of Exhibit A to *Plaintiff's Response to Order to Show Cause*, dated August 27, 2004, Docket Entry No. 80.

**Argument:**

This item is relevant to plaintiff's standing to sue over the note. It tends to prove that defendant's contention of the use of drug trafficking proceeds to make the subject loan is true. Such is therefore relevant to this Court's subject matter jurisdiction over this case.

This item is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned, as it is the exhibited document placed on the docket of this Court in this case by the plaintiff.

**Fact 5:**

The plaintiff has made an evidential admission that the purported loan extension agreement was made between the parties in 1995.

**Source:**

Plaintiff's evidential admission placed on the docket in this case:

"In 1995, the plaintiff gave the defendant another 5 years to pay back the debt ...." *Plaintiff's Second Motion for Default Judgment*, dated June 16, 2003, Docket Entry No. 23, at page 3.

**Argument:**

This item is relevant to the validity of plaintiff's claim that an extension agreement was made between the parties. It is inconsistent with other statements made by plaintiff, and tends to prove that defendant's contention that no extension agreement was made is true. Such is therefore relevant to this Court's subject matter jurisdiction over this case, and whether the plaintiff is entitled to recover on the loan at issue.

This item is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned, as it is the sworn pleading placed on the docket of this Court in this case by the plaintiff.

**Fact 6:**

The plaintiff has made a judicial admission that the purported loan extension agreement was made between the parties in or about March of 1992.

**Source:**

Plaintiff's judicial admission placed on the docket in this case:

"[I]n or about March of 1992, the affiant and Karl Vaillancourt entered into a verbal agreement in which the affiant and Karl Vaillancourt both agreed that the date of payment on the loan would be extended an additional five years." *Affidavit of Aaron Ben Northrop*, dated June 30, 2003, filed on July 7, 2003, appended to *Plaintiff's Objections to Defendant's Motions to Dismiss*, Docket Entry No. 45.

8

**Argument:**

This item is relevant to the validity of plaintiff's claim that an extension agreement was made between the parties. When combined with other facts concerning plaintiff's incarceration in March of 1992, plaintiff's other inconsistent or contradictory statements, and the relationship between the parties in March of 1992, it tends to prove that defendant's contention that no extension agreement was made is true. Such is therefore relevant to this Court's subject matter jurisdiction over this case, and whether the plaintiff is entitled to recover on the loan at issue.

This item is capable of accurate and ready determination by resort to a source whose accuracy cannot reasonably be questioned, as it is the sworn pleading placed on the docket of this Court in this case by the plaintiff.

**Fact 7:**

In a letter to attorney Timothy Yolen, dated December 11, 2002, the plaintiff stated that, "[t]he contracts you were holding were made in 1989, and had a five year life span. I had until 2001 to collect the debts owed to me on those contracts."

**Source:**

Plaintiff's own letter to attorney Timothy B. Yolen, dated December 11, 2002, which was introduced into the docket by Defendant without objection or repudiation by plaintiff. See Docket Entry No. 81, dated September 16, 2004, copy appended thereto as Exhibit E, statement on page 1.

**Argument:**

This is the plaintiff's own evidential admission and statement against interest, which the plaintiff has not denied is his own authored writing. It is fully relevant to whether an extension agreement was ever entered into, because this statement is made in 2002, when plaintiff would have supposedly known for some 10 years that an extension agreement he

9

purportedly entered into in March of 1992 would have given him until 2006 to "collect on the note." This is probative of the truth of plaintiff's contention that an oral extension agreement was had, and tends to prove that plaintiff's allegation is false.

The fact of the authorship and content of this letter is not reasonably subject to dispute, and the source is automatically reputable as far as to plaintiff.

**Fact 8:**

The plaintiff was arrested on March 2, 1992 on cocaine trafficking charges by the Connecticut Statewide Narcotics Task Force.

**Source:**

"_East Haven Man Held in Scheme to Kill Two_," article published in the New Haven Register on April 9, 1992, authored by Joseph T. Brady. Copy attached as Exhibit D.

**Argument:**

This item is relevant to the determination of whether it was likely that the parties would have entered into an extension agreement of the loan at issue in March of 1992. It raises doubts about the plaintiff's availability to discuss such matters with defendant, and has a direct relationship to the objective determination of defendant's level of motivation to make further agreement with the plaintiff in March of 1992.

The truth of this assertion is buttressed by the content of the Overt Acts section of the Superseding Indictment. Moreover, defendant has repeatedly asserted this fact in his pleadings without objection or repudiation by plaintiff. It is not reasonably subject to dispute.

**Fact 9:**

The original promissory note between the parties was mailed to the offices of MAGNA at 100 Airport Road in Hartford on July 6, 1990 by Cecelia U. Danaher, Esq., of the law offices of Yolen and Perzin.

**Source:**

Letter of Cecelia U. Danaher, Esq., of Yolen and Perzin, dated July 6, 1990, addressed to MAGNA at 100 Airport Road, Hartford, CT, to the attention of Aaron Northrop, containing description of original documents of MAGNA being sent.

**Argument:**

This letter was placed in the record by plaintiff as an exhibit to his own sworn pleading in response to this Court's order to show cause. See Docket Entry No. 80. Neither of the parties disputes the letter's authenticity or content. The only dispute surrounding this item is whether plaintiff received the mailed documents, not whether or where to or when or by whom they were mailed. This information is relevant because it provides the last direct information as to the whereabouts of the original document. Such is of importance in this case because further evidence will be based upon the foundation of the last known location of the note, and will be determinative of whether plaintiff is entitled to enforce the note under the lost note statute.

The source is a highly reputable contemporaneous business record authored by a sworn officer of the courts of Connecticut, which is not in dispute by either party as to authenticity or content. The fact of its existence, its content, and the truthfulness thereof is therefore not reasonably in dispute.

### Alternative Request for Taking of Judicial Notice

In the event the Court declines to take judicial notice of any or all of the foregoing adjudicative facts, defendant moves the Court to separately take judicial notice of the existence and content, without regard to the truth thereof, for each of the various sources cited for each adjudicative fact set forth above.

### CONCLUSION

Wherefore, defendant Vaillancourt prays that this Court would take judicial notice of

the foregoing requested adjudicative facts, or in the alternative, take judicial notice of the existence and content of the sources provided herein, pursuant to Fed. R. Evid. § 201, and further admit each of the facts set forth above, and their supporting sources, as evidence at trial for consideration by the jury.

Respectfully submitted,

_____
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473

ORAL HEARING IS NOT REQUESTED

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within motion for judicial notice was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA  92301, on this 16th day of September, 2005.

_____
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT  06473