UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AARON BEN NORTHROP,

    Plaintiff,             Case No: 3:01-CV-364(AVC)

V.

KARL VAILLANCOURT,        September 19, 2005.

    Defendant,

### MOTION TO SUPPRESS

Plaintiff AARON BEN NORTHROP, pro se, respectfully submits this motion to suppress evidence that the defendant intends to introduce at trial. In support of this motion, plaintiff represents as follows:

1. The defendant has expressed his intent to introduce into evidence at trial a letter written by the plaintiff to his attorney Timothy Yolen. (See copy of letter dated December 11, 2002 attached).

2. The letter is confidential material protected by the attorney-client privilege and is therefore inadmissable under Rule 501 of the Federal Rules of Evidence.

3. Mr. Yolen disclosed the letter to the defendant without the plaintiff's knowledge, without the plaintiff's consent and in violation of his duty to keep attorney-client correspondence confidential. See e.g., American Bar Association's Rules of Professional Conduct, Rule 1.6.

4. Wherefore plaintiff requests an order by the court suppressing the introduction of the letter into evidence and prohibiting the defendant from eliciting any evidence or testimony

1

that would relate to the contents of the letter.

                              Respectfully submitted,

                          *AARON BEN NORTHROP*
                          AARON BEN NORTHROP

2

From: Aaron Northrop
Reg. No: 61713-080
Lompoc U.S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

Date: December 11, 2002

Dear Mr. Yolen,

It is unfortunate that you have disposed of the documents that I need to collect the debt owed to me by Mr. Vaillancourt. I hope that you can assist me in locating the documents that I need through the courts, and that your memory on the matter is clear. Otherwise I am going to have to sue you for the amount owed, which is over $160,000.00. As an attorney you were required to keep those documents safe. See, Rule 1.15 of the ABA Rules of Professional Conduct. The contracts that you were holding were made in 1989, and had a five year life span. I had until 2001 to collect the debts owed to me on those contracts. This means that you were at a minimum, required to keep those documents safe until the statute of limitations ran out on the contracts. You were also required to serve me notice and send me a copy of those documents before disposing of them. Hopefully there is a record of those documents filed with the court, or Secretary of the State. If so, please locate them and send me a copy immediately. I would also appriciate an affidavit from you verifying the existance of the contract, and the terms of the contract as you remember them. Please send me a letter and let me know what your position is on this matter.

Additionally, I want you to know that I have no intention of cheating you out of any money that may be owed to you by

1