UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
AARON BEN NORTHROP,            :
  Plaintiff,                   :
                               :
v.                             :          Civil No. 3:01CV364(AVC)
                               :
KARL VAILLANCOURT,             :
  Defendant.                   :
```

**ORDER FOR PLAINTIFF TO SHOW CAUSE**

This is a diversity action for damages arising out of the defendant's alleged default on a $40,000 promissory note.

On June 8, 2003, the plaintiff filed a "motion for default judgment" (document no. 23). Attached was a copy of the promissory note that underlies the claim (Exhibit B). The note is dated February 8, 1990 and specifies that it is "due and payable" on February 8, 1995. On June 23, 2003, the defendant submitted his Local Rule 56(a)(1) statement (document no. 42) in which he acknowledged the promissory note. It is therefore undisputed that the parties entered into an agreement on February 8, 1990, whereby the defendant borrowed $40,000 from the plaintiff.

On August 22, 2003, the defendant submitted an Answer to Complaint (document no. 52) in which he argued that the statute of limitations has run on enforcing the promissory note.

The Gen. Con. Stat § 42a-3-118 provides:

> (a) Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years

1

  after the due date or dates stated in the note or, if a
  due date is accelerated, within six years after the
  accelerated due date.

 It is undisputed that the note was due and payable on 02/08/1995.  The plaintiff filed the Complaint on 03/07/2001.  Therefore the statute of limitations has run by some thirty days.

 The plaintiff contends that he "gave the defendant another 5 years to pay back the debt" (document no. 23).  The court construes this as a claim that the parties entered into an oral agreement to extend the due date for the note to 02/08/2000 and that therefore the statute of limitations has not run.  (The court notes, however, that the plaintiff has inconsistently claimed that the oral agreement occurred both in 1992 and in 1995.)  The defendant denies that there was ever an oral agreement to extend the due date on the promissory note.  The plaintiff has not offered any evidence of the alleged oral agreement other than his own claim.

 Even if there was corroborating evidence of an oral agreement, the promissory note agreement that the plaintiff provided a copy of, and that the defendant has acknowledged, contains a no-oral-modification clause, to wit: "Neither this Agreement, nor any provision hereof, may be amended, modified, waived, discharged or terminated orally, but only by an instrument in writing signed by the party against which enforcement of the amendment, modification, waiver, discharge or

termination is sought." (Section 7, "Modification," page 5). This strongly militates against the plaintiff's assertion of an oral agreement modifying the original agreement.

Therefore, the court hereby orders the plaintiff to show cause as to why judgment should not be entered for the defendant on the grounds that the statute of limitations has run. The plaintiff is advised that mere repetition of the already presented assertions will not suffice.

The plaintiff shall have until October 27, 2005, to comply with this order. Failure to do so will result in dismissal of this action.

It is so ordered, this 27th day of September, 2005 in Hartford, Connecticut.

```
          _____/s/_____
          Alfred V. Covello, U.S.D.J.
```