Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 3:01-CV-364 (AVC) |
| | ) | |
| | ) | |
| Karl Vaillancourt, | ) | September 29, 2005 |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS *IN LIMINE* AND DEFENDANT'S MOTION TO STRIKE

Now comes Karl Vaillancourt, the defendant in the instant action, and responds and objects to plaintiff's motions *in limine* filed on September 23, 2005. See Docket Entry No.'s 117 and 118. Alternatively, defendant moves to strike said motions *in limine* as having not been signed by the plaintiff or his attorney in accordance with Rule 11(a).

### BACKGROUND

The plaintiff has moved *in limine* to exclude evidence related to his crimes as prejudicial, and to exclude evidence of his writing directed to attorney Timothy Yolen as subject to attorney-client privilege or confidentiality. See Docket Entry No.'s 117 and 118.

The motions carry a block letter representation of the plaintiff's name at the signature line, and not his customary cursive signature.

The Court ruled on the plaintiff's motion to strike defendant's trial memorandum on August 6, 2004. The defendant had fully disclosed in his trial memorandum more than a year ago that it was his intent to present evidence related to plaintiff's crimes. The plaintiff's

motion to strike was denied. See Docket Entry No.'s 75 and 78.

Further, the defendant previously introduced evidence of plaintiff's crimes and his correspondence onto the docket of the case. Plaintiff did not object to the introduction of this evidence at that time.

Plaintiff himself introduced evidence concerning his crimes onto the docket by tendering the affidavit of Trooper Thomas Murray, see Docket Entry No. 45, and by tendering a copy of a criminal trial subpoena issued by the Government in 1993 to Timothy Yolen. *Plaintiff's Response to Order to Show Cause*, dated August 27, 2004, Docket Entry No. 80.

Plaintiff introduced to the docket correspondence received by him from attorney Timothy B. Yolen's office, dated July 6, 1990, as Exhibit B to his *Supplemental Response to Order to Show Cause*, filed September 27, 2004.

According to his trial memorandum, the plaintiff intends to testify at trial, and is therefore going to be subjected to cross-examination on the issue of the purported verbal extension, as well as the source of his funding of the "loan" at issue for jurisdictional standing purposes.

## STANDARDS

This Court has broad discretion as to discerning the admissibility of evidence, and its decisions with regard to evidence will only be overturned for "manifest error." *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998).

> "Because virtually all evidence is prejudicial to one party or another, to justify exclusion under Rule 403 the prejudice must be unfair. See *Weinstein's Federal Evidence* § 403.04[1][a] (2d ed. 1997) (citing cases). The unfairness contemplated involves some adverse effect beyond tending to prove a fact or issue that justifies admission."

*Costantino v. Herzog*, 203 F.3d 164, 174-75 (2d Cir. 2000) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir. 1997)).

2

The question of whether a communication is privileged is a question of law for the court to decide. *Miller v. Anderson*, 30 Conn. Sup. 501, 505, 294 A.2d 344 (App. Div. 1972).

The party claiming the benefit of the attorney-client privilege has the burden of establishing all the essential elements. *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 144 (2d Cir.), cert. denied, 481 U.S. 1015 (1987); *Tunick v. Day, Berry & Howard*, 40 Conn. Sup. 216, 219, 486 A.2d 1147 (1984).

"The purpose of the attorney-client privilege is to promote open communication between attorneys and their clients so that fully informed legal advice may be given." *In re John Doe, Inc.*, 13 F.3d 633, 635-36 (2d Cir. 1994).

Privileges are not to be "expansively construed," as they "are in derogation of the search for truth," *United States v. Nixon*, 418 U.S. 683, 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), and the attorney-client privilege, in particular, "applies only where necessary to achieve its purpose." *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Ullmann v. State*, 230 Conn. 698, 710-11 and 713 (1994).

"What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995) (Quoting *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961)); *Pagano v. Ippoliti*, 245 Conn, 640, 649 (1998).

The privilege may not be used to prejudice an opponent's case or to disclose some selected communications for self-serving purposes. *U.S. v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *In re von Bulow*, 828 F.2d 94, 101-2 (2d Cir. 1987).

"A client may . . . by his actions impliedly waive the privilege or consent to disclosure." "[I]t is the client's responsibility to insure continued confidentiality of his communications." *Id*.

> **Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions:**
>
> (a) SIGNATURE. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.

Fed. R. Civ. Proc. §11(a), in relevant part.

## ARGUMENT

When the Court denied plaintiff's motion to strike defendant's trial memorandum on August 6, 2004, it essentially ruled that defendant was entitled to present evidence at hearing and trial that plaintiff lacks jurisdictional standing to sue in this case. Defendant's argument on this issue at all times has been that the plaintiff was not loaning monies that belonged to him, that he did not have title to said monies, that he had no right to make such a loan and that the purported loan was therefore void from inception. Plaintiff is therefore not a real party in interest.

To prove this, defendant must show proof that the source of funding for the loan was plaintiff's criminal enterprise, because plaintiff simply had no other source of funds, and because he admitted so in his criminal plea. The documents concerning plaintiff's arrest, plea and conviction are all relevant, admissible, truthful and highly probative to proving that this Court lacks subject matter jurisdiction in this case based on plaintiff lacking standing to sue.

The defendant is putting on evidence of portions of plaintiff's criminal case because it is inextricably intertwined with the making of the note at issue. MAGNA was formed by plaintiff as part and parcel of his criminal operation, using drug trafficking proceeds. The note was admittedly part of the formation of MAGNA. Reliable and truthful evidence which supports these contentions is entirely fair, is completely necessary, is not unnecessarily inflammatory and is extremely probative of a triable issue.

Plaintiff's statement that evidence of his crimes and his conviction is prejudicial to his case is insufficient to meet the standard for exclusion. All evidence is prejudicial to some party. Rule 403 is only concerned with "unfair" prejudice. Plaintiff fails to demonstrate why these admittedly true and integrally relevant facts are unfair for presentation.

Defendant's evidence in relation to plaintiff's crime and incarceration in March of 1992 is both relevant to, and probative of, plaintiff's ability to make a verbal extension agreement as he contends he did. Jails do not usually permit their drug trafficking prisoners to conduct ongoing business operations. This evidence is entirely fair and probative.

The plaintiff has argued Rule 404(b) should preclude defendant's use of plaintiff's crimes and conviction, but such reliance is misplaced. Rule 404(b) is generally intended as a rule for criminal prosecutions, barring the introduction of prior crimes to circumstantially show a propensity for the crime then being prosecuted. The applicable rule in this civil trial with regard to impeachment of plaintiff as a witness is Rule 609, which gives defendant every right to introduce evidence of plaintiff's relevant crimes and conviction for such purposes.

The plaintiff has not yet finished serving his sentence, and his conviction was not yet 10 years old at the time he filed suit. Further, plaintiff's crimes included the use of deceit and dishonesty, e.g., travel under assumed names, and filing false police reports, as indicated in the Overt Acts section of Count One of the Superseding Indictment. Finally, plaintiff has had years of notice that the defendant intends to present such evidence. He is not being unfairly surprised, he is not being attacked with untruthful information, and such is thoroughly admissible under the Rules of Evidence.

As plaintiff is intent on taking the stand to match his own veracity with that of defendant over the existence of a verbal extension agreement, his prior deceit crimes are made relevant. They are made probative of an essential element of plaintiff's claim, i.e., who

is telling the truth about the existence or non-existence of such an agreement. The defendant has a right to introduce proof of plaintiff's character and propensity for deceit through exposure of his crimes during cross-examination under Rule 405(b).

The major purpose of defendant's introduction of the Plaintiff's crimes is not for impeachment, but rather for the defendant's case in chief, as relevant to plaintiff's jurisdictional standing to sue, and is introduced pursuant to Rule 402. The plaintiff's conviction and guilty plea is admissible under Rule 803(22) to prove the plaintiff's use of drug trafficking proceeds to fund MAGNA, which was a fact essential to sustaining the charge of his operating a Continuous Criminal Enterprise (fifth element) at his criminal trial.

There is no doubt as to the truthfulness and fairness of these contentions because the plaintiff judicially admitted to all of these charges in his criminal plea allocution. From his own mouth, it is all true, as defendant will show the Court and jury. And the documents pertaining to plaintiff's crimes, plea and conviction that defendant has presented to the Court thus far are fully admissible under Rules 902(4) and 902(6).

Defendant has been asserting the facts concerning plaintiff's crimes at nearly every stage of the proceedings. The time for such objections by plaintiff has long since past. These arguments are waived.

Plaintiff has used the records of his criminal prosecution liberally in this case to defend his suit against issues raised by defendant. He is not entitled to use the matter as both a sword and a shield.

A review of plaintiff's correspondence of December 11, 2002 directed to attorney Timothy B. Yolen demonstrates that plaintiff was not presently employing Yolen to represent him on any matter, and was not providing Yolen with information for the purpose of obtaining legal advice. The content of the letter makes clear that plaintiff was writing to him in Yolen's capacity as custodian of the records of MAGNA, not as plaintiff's lawyer.

Where the communication from a former client to an attorney is not soliciting the provision of legal advice, the communication is not privileged. Moreover, there is no objective indication in the letter that it was intended in any way to be held confidential. Defendant attaches a copy of said letter as Exhibit A for the Court's convenience.

The burden of proof is on the plaintiff to show that his letter to Yolen meets all of the elements required to constitute a privileged communication. The plaintiff has made no showing that the letter sought legal advice, bore some indication that it was intended to be confidential, is irrelevant to the issues being tried, or is somehow otherwise inadmissible.

The letter is relevant and highly probative because it shows that plaintiff made a statement inconsistent with the existence of a verbal extension agreement in full contemplation of the applicable statute of limitations. It tends to prove that plaintiff's claim of an extension is pre-textual, and merely made to perpetuate his unworthy litigation. The statement of a party-opponent against his own interest is certainly admissible under Fed. R. Evid. § 801(d)(2).

As for plaintiff's contention that Yolen had an ethical obligation to keep his December 11, 2002 letter confidential, there are five reasons why such is incorrect. First, the letter was discoverable material, which could have been the subject of a discovery request or subpoena. Had defendant not received the letter through voluntary sharing, he would have subpoenaed all documents in Yolen's file on MAGNA, and discovered and utilized it anyway. Second, the defendant is regarded by Timothy Yolen as his client as well. When MAGNA was originally formed, the defendant was an officer, stockholder and director of the corporation, and was the person who introduced Timothy Yolen to plaintiff. In every respect, defendant was as much a client of Timothy Yolen as to the MAGNA enterprise as plaintiff ever was. Third, there is no objective indicia contained in the letter telling Yolen that plaintiff was seeking confidentiality. ABA Rule of Professional Conduct §1.6 has not been

7

violated. Fourth, the Rules of Professional Conduct are intended to be self-executing. These issues are generally to be determined and carried out by the lawyer only, without court enforcement. Attorney Yolen's determination of the nature of the communication and its lack of entitlement to privilege or confidentiality must be given great weight, absent a strong showing that such is incorrect. Fifth and finally, the Rules of Professional Conduct can not serve as a basis for a litigant's claim for the exclusion of relevant and probative evidence. The Rules of Evidence and the rules applicable to attorney-client privilege control the Court's proper determination of this issue.

As the plaintiff has previously disclosed documents involving communication to or from Yolen concerning MAGNA and the promissory note for his own benefit (Northrop's subpoena issued to Yolen; letter from Cecelia Danaher of Yolen and Perzin to Northrop), he is now unable to claim any confidentiality or privilege with respect to the December 11, 2002 letter. All of the disclosed communications concern the subject matter of MAGNA or the note, and the Second Circuit specifically recognizes a subject matter waiver with regard to attorney-client communications where those communications have been placed in issue in the case.

The defendant placed a copy of the letter in question onto the docket in this case months ago. The time for plaintiff to complain about privilege and confidentiality was months ago. The plaintiff's arguments for privilege and confidentiality are waived.

Finally, the defendant respectfully suggests that the motions are unsigned, as the plaintiff pro se's signature is not shown on the motions. The block letter representation at the signature lines on the motions could have been made by anyone, and are not in compliance with the requirement of Rule 11(a) of the Rules of Civil Procedure that every pleading shall be signed by the party or their attorney.

## CONCLUSION

Wherefore, defendant Vaillancourt prays that this Court would deny plaintiff's two motions in limine (including any motion styled as one to "suppress" evidence) filed on September 23, 2005, or in the alternative, strike them as being unsigned by the party or his legal representative.

Respectfully submitted,

*[signature]*

Karl W. Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT  06473

ORAL HEARING IS NOT REQUESTED

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within response and motion to strike was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA  92301, on this 29th day of September, 2005.

*[signature]*

Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT  06473

From: Aaron Northrop
Reg. No: 61713-080
Lompoc U.S. Penitentiary
3901 Klein Boulevard
Lompoc, CA 93436

Date: December 11, 2002

Dear Mr. Yolen,

    It is unfortunate that you have disposed of the documents that I need to collect the debt owed to me by Mr. Vaillancourt. I hope that you can assist me in locating the documents that I need through the courts, and that your memory on the matter is clear. Otherwise I am going to have to sue you for the amount owed, which is over $160,000.00. As an attorney you were required to keep those documents safe. See, Rule 1.15 of the ABA Rules of Professional Conduct. The contracts that you were holding were made in 1989, and had a five year life span. I had until 2001 to collect the debts owed to me on those contracts. This means that you were at a minimum, required to keep those documents safe until the statute of limitations ran out on the contracts. You were also required to serve me notice and send me a copy of those documents before disposing of them. Hopefully there is a record of those documents filed with the court, or Secretary of the State. If so, please locate them and send me a copy immediately. I would also appriciate an affidavit from you verifying the existance of the contract, and the terms of the contract as you remember them. Please send me a letter and let me know what your position is on this matter.

    Additionally, I want you to know that I have no intention of cheating you out of any money that may be owed to you by

1

the corporation. If I had the money you would have been paid by now. However, the government took whatever money I had, and I don't have an income. If I get a judgment against Mr. Vaillancourt, I'll make sure that you get some of the money that is collected. That is all that I can promise. Hopefully you will help.

                                              Yours truly,

                                              Aaron Northrop