Karl Vaillancourt
Defendant, Pro Se
29 State Street
North Haven, CT 06473

FILED

2005 OCT 31 P 3: 16

U.S. DISTRICT COURT
HARTFORD, CT.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| ) | | |
| v. ) | Case No. 3:01-CV-364 (AVC) | |
| ) | | |
| ) | | |
| Karl Vaillancourt, ) | October 31, 2005 | |
|     Defendant. ) | | |

**DEFENDANT'S MOTION TO STRIKE**

Now comes Karl Vaillancourt, defendant in the instant action and, moves to strike the plaintiff's *Notice of Erratum* (Docket Entry No. 124).

**GROUNDS FOR MOTION**

For approximately two and one-half years the defendant has been raising the inconsistency of the plaintiff's claims as to the timing of a supposed verbal extension agreement. It would be fair to say that defendant raised the issue some twenty times in pleadings since July 15, 2003. At no time in the last two and one-half years did plaintiff ever address the inconsistency constantly raised by defendant. He never corrected the record by asserting that such was a "typo."

Suddenly, after the Court takes due notice of the inconsistency in its *Order to Show Cause* (Docket Entry No. 120), plaintiff comes forward to offer that such was merely "erratum." The plaintiff was in Atlanta Federal Penitentiary for all of 1995. The

1

plaintiff was in the New Haven County Jail from March 2 to late March of 1992, and was fleeing prosecution in Las Vegas, Nevada for the balance of March of 1992. His entire claim is "erratum."

Defendant respectfully suggests that the plaintiff waived any argument of mistake two and one-half years ago:

> "When the defendant pointed out the absurdity of the plaintiff's claim to the existence of an extension under the prevailing conditions in 1995, the plaintiff consciously moved the ball down the field in his second affidavit. He now claims that a verbal extension was agreed to in March of 1992. See *Plaintiff's Affidavit No. 2*, dated June 30, 2003."

Defendant's *Replies to Objections and Motions*, Docket Entry No. 50, July 15, 2003, at page 5.

The defendant has expended much energy, both physical and intellectual, to investigate and plead his case. The two allegations as to the timing of the claimed extension agreement has caused defendant to investigate plaintiff's whereabouts in two different time periods, and to argue before this Court in many paragraphs about the probative value of such an inconsistency.

Furthermore, the plaintiff should not be allowed to change his inconsistent pleading only after the Court has duly noted its existence as a fact militating against his claim. It smacks of gamesmanship, disrespect for the Court and dishonesty. The defendant's case would be unfairly prejudiced by permitting such a cavalier maneuver.

It would be a manifest injustice for plaintiff to be allowed to simply switch the record at this late stage by asserting mistake after so long, and after having had so very many opportunities to correct the record in a diligent and forthright manner.

Furthermore, the plaintiff's *Notice* is once again not signed by him or his counsel in contravention of Rule 11(a).

## CONCLUSION

Wherefore, defendant Vaillancourt prays that this Court would now strike the plaintiff's *Notice of Erratum* (Docket Entry No. 124).

Respectfully submitted,

*/s/ Karl Vaillancourt*
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473

ORAL HEARING IS NOT REQUESTED

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within reply and motion to dismiss was mailed, certified, return receipt requested and postage prepaid, to plaintiff Aaron Ben Northrop, at Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA 92301, on this 31st day of October, 2005.

*/s/ Karl Vaillancourt*
Karl Vaillancourt
Defendant Pro Se
29 State Street
North Haven, CT 06473
