UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AARON BEN NORTHROP,            :
  Plaintiff,                    :
                                :
v.                             :            Civil No. 3:01CV364(AVC)
                                :
KARL VAILLANCOURT,             :
  Defendant.                    :

## RULING GRANTING THE DEFENDANT'S MOTION TO DISMISS

This is a diversity action for damages arising out of the defendant, Karl Vaillancourt's, alleged default on a $40,000 promissory note. It is filed pursuant to common law tenets regarding breach of contract. Vaillancourt has now filed a motion to dismiss for lack of subject matter jurisdiction (document no. 126), pursuant to Fed. R. Civ. Pro. 12(b)(1).

For the reasons that follow, the motion to dismiss is GRANTED.

## FACTS

Examination of the complaint, the various motions filed by the parties and responses thereto, the supporting affidavits and other documents, reveals the following:

On February 8, 1990, the plaintiff, Aaron Ben Northrop, loaned Vaillancourt $40,000. In return, Vaillancourt executed a promissory note (the "note"). Pursuant to the terms of the note, Vaillancourt agreed to pay Northrop "the principal sum of forty thousand ($40,000) dollars, with interest at the rate of nine percent per annum." The note also specified that it was secured

by a "Pledge of Stock of all of the outstanding stock" owned by Vaillancourt in the Marble and Granite Network of America, Inc. The note came due on February 8, 1995 and, because of the accumulated interest, at that date Vaillancourt owed Northrop $61,544.95 (Document no. 23, Exhibit E).

At the same date and place as the note was executed, Northrop and Vaillancourt also executed a "Pledge Agreement" which further formalized the "Pledge of Stock" set out in the note.  The pledge agreement contains a no-oral-modification clause.

On March 7, 2001, Northrop filed a complaint in the United States District Court for the District of Connecticut demanding judgment against Vaillancourt for $86,707.

On June 17, 2003, Vaillancourt filed a motion to dismiss for lack of subject matter jurisdiction arguing that Northrop had failed to prove to a reasonable probability that his claim is in excess of the $75,000 required by statute for diversity jurisdiction.

On August 22, 2003, the court denied the motion to dismiss (Document no. 51).  The court's denial was based on Northrop's assertion in a successive filing that in March, 1992, he and Vaillancourt "entered into a verbal agreement in which [the parties] agreed that the date of payment on the loan would be extended an additional five years," and that "the interest would

2

continue at the rate of nine percent per annum." Given such an extension, the note would come due on February 8, 2000, and its value would be "approximately $94,694," thus exceeding the statutory jurisdictional amount of $75,000.

## STANDARD

"[F]ailure of subject matter jurisdiction...may be raised at any time by a party or by the court sua sponte. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-701 (2d Cir. 2000). A case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). If a plaintiff's "allegations of jurisdictional facts are challenged by [its] adversary in any appropriate manner, [it] must support them by competent proof." United Food & Commercial Workers Union v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). However, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount...the suit will be dismissed." Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994).

"The district courts shall have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "The apparent purpose of excluding interest in computing the jurisdictional amount is to prevent the plaintiff from delaying suit until the claim, with accruing interest, exceeds the statutory minimum." 14B Wright & Miller, Federal Practice and Procedure § 3712 at 280 (3d ed. 1998). Therefore, for a district court "to include prejudgment interest in the calculation of the amount in controversy...would be contrary to law." Brashich & Finley v. Al Palmquist, 1984 U.S. Dist. LEXIS 22543 (S.D.N.Y. 1984). See also Regan v. Marshall, 309 F.2d 677, 678 (1st Cir. 1962)(Regardless of how it is characterized, interest does not form a part of the jurisdictional amount "so long as it...aris[es] solely by virtue of a delay in payment.")

    "[T]he interpretation and construction of a written contract present only questions of law, within the province of the court...so long as the contract is unambiguous and the intent of the parties can be determined from the agreement's face." Tallmadge Bros. v. Iroquois Gas Transmission Sys., L.P., 252 Conn. 479, 495 (Conn. 2000)(quoting from 11 S. Williston, Contracts (4th Ed. 1999) § 30:6, pp. 77-83 ). "It is a general rule of contract law that where two writings are executed at the same time and are intertwined by the same subject matter, they should be construed together and interpreted as a whole." Goldin

4

<u>Assocs., L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 2004
U.S. Dist. LEXIS 9153 (S.D.N.Y. 2004)(citing <u>Kroblin Refrigerated</u>
<u>Xpress, Inc. v. Pitterich</u>, 805 F.2d 96, 107 (3d Cir. 1986)).  <u>See</u>
<u>also</u> <u>Steinke v. Sungard Fin. Sys.</u>, 121 F.3d 763, 771 (1st Cir.
1997).

## <u>DISCUSSION</u>

Over two years have passed since the court denied
Vaillancourt's motion to dismiss for lack of subject matter
jurisdiction.  The court then relied on Northrop's presumptive
good faith assertion that there had been an oral agreement
extending the due date on the note.  In the intervening years, a
substantial number of papers have been filed and Vaillancourt now
argues that to a legal certainty, the amount in controversy is
less than the statutory jurisdictional amount of $75,000.

Vaillancourt's argument is as follows:  It is undisputed
that at the time of the due date set out in the note, i.e.
February 8, 1995, Vaillancourt owed Northrop $61,544.95.  Because
prejudgment interest is not included when calculating the amount
in controversy, Northrop's claim cannot meet the jurisdictional
amount unless there was an oral agreement to extend the due date.
The written contract setting the due date for the loan at
February 8, 1995, contains a no-oral-modification clause.  As
Northrop has failed to allege any evidence of an oral agreement
other than his own word, any "good-faith presumption" afforded

5

Northrop as to the amount in controversy is negated.  The court therefore lacks subject matter jurisdiction over the matter.

Northrop has not responded to Vaillancourt's motion to dismiss.  He has, however, responded to the above arguments in a Response to an Order to Show Cause (Document no. 125).  Northrop argues first that the no-oral-modification clause is not contained in the promissory note but rather in the pledge agreement which is a separate and distinct contract.  The parties therefore never agreed that a modification to the note had to be in writing.  Northrop further asserts that he will establish evidence to show that the defendant "had no ability to pay back the loan by February of 1995" and was therefore "predisposed to request an extension of time to pay back the loan."  In addition, Northrop proposes to establish that he was himself "predisposed to grant the defendant an extension of time" and that he "had a reputation of doing business orally and with a handshake rather than in writing."

The court does not agree with Northrop that the promissory note and the pledge agreement constitute two separate and distinct contracts.  On June 16, 2003, in a motion for default judgment, Northrop introduced the note and the pledge agreement as one single exhibit (Document no. 23, Exhibit B) and referred to them as "the contract."  When further describing the contract, Northrop noted that the loan was for $40,000 at an annual

6

interest rate of 9 percent per annum, and that Vaillancourt's signature on the contract was witnessed by two people who signed as witnesses on the last two pages of the document.  Since the loan amount appears on the first page of the contract, i.e. in the "promissory note," and the signature of the witnesses appear on the last two pages of the contract, i.e. in the "pledge agreement," Northrop was clearly conveying that the note and the pledge agreement constituted a single integrated contract.

Furthermore, the same parties are the signatories on both the note and the pledge agreement.  In addition, both documents were executed at the same date and at the same place.  Finally, the note refers to the "Pledge of Stock" that occurs in the pledge agreement, and the pledge agreement refers to the promissory note.  "It is a general rule of contract law that where two writings are executed at the same time and are intertwined by the same subject matter, they should be construed together and interpreted as a whole."  Goldin Assocs., L.L.C. v. Donaldson, Lufkin & Jenrette Sec. Corp., 2004 U.S. Dist. LEXIS 9153 (S.D.N.Y. 2004)(citing Kroblin Refrigerated Xpress, Inc. v. Pitterich, 805 F.2d 96, 107 (3d Cir. 1986)).  The court therefore concludes that the note and the pledge agreement constitute a single integrated contract.  Tallmadge Bros. v. Iroquois Gas Transmission Sys., L.P., 252 Conn. 479, 495 (Conn. 2000)(The interpretation and construction of a written contract present

7

only questions of law so long as the contract is unambiguous and
the intent of the parties can be determined from the agreement's
face.)

The contract contains the following no-oral-modification
clause:  "Neither this Agreement, nor any provision hereof, may
be amended, modified, waived, discharged or terminated orally,
but only by an instrument in writing signed by the party against
which enforcement of the amendment, modification, waiver,
discharge or termination is sought."  (Section 7, "Modification,"
page 5).  This strongly militates against Northrop's assertion of
an oral agreement modifying the original agreement.

The party alleging a modification to a contract bears the
burden of proof as to that issue.  Maloney v. PCRE, LLC, 68 Conn.
App. 727, 737 (Conn. App. Ct. 2002)(citing Lar-Rob Bus Corp. v.
Fairfield, 170 Conn. 397, 402 (1976)).  Northrop proposes to
support his allegation of an oral modification by providing
evidence that Vaillancourt was "predisposed" to request an
extension to the contract and that Northrop was "predisposed" to
grant such a request.  In addition, he will seek to establish
that he had a reputation for doing business orally.  However,
even if Northrop is able to establish these facts, they are
insufficient to overcome the presumption that any contract
modification had to be in writing.  The court therefore concludes
that Northrop is unable to prove that an oral agreement to extend

8

the due date on the note ever took place.

As discussed earlier, when the note came due on February 8, 1995, Vaillancourt owed Northrop $61,544.95 because of accumulated interest. Unless Northrop can prove that an oral agreement was made to extend the due date, any interest accumulating after February 8, 1995, would be prejudgment interest and does not form part of the amount in controversy. Brashich & Finley v. Al Palmquist, 1984 U.S. Dist. LEXIS 22543 (S.D.N.Y. 1984); Regan v. Marshall, 309 F.2d 677, 678 (1st Cir. 1962). As the court has concluded that Northrop is unable to prove the existence of an oral agreement to extend the due date, it is therefore apparent, to a legal certainty, that the statutory jurisdictional amount of $75,000 cannot be reached. The court therefore lacks subject matter jurisdiction over the action and must consequently grant the motion to dismiss. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss for lack of subject matter jurisdiction (document no. 126) is GRANTED.

It is so ordered, this 10th day of December, 2005 in Hartford, Connecticut.

_____/s/_____
Alfred V. Covello, U.S.D.J.

9