Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT 06473

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:01-CV-364 (AVC) |
| | ) | |
| Karl Vaillancourt, | ) | January 12, 2006 |
| Defendant. | ) | |

## MOTION TO DENY PLAINTIFF *IN FORMA PAUPERIS* STATUS ON APPEAL

Now comes Karl Vaillancourt, defendant in the instant action, and pursuant to Fed. R. Civ. P. § 7, moves this Court to deny plaintiff *in forma pauperis* status on appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and to certify that plaintiff's appeal of this Court's *Ruling* and *Judgment* is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), because it is, "jurisdictionally speaking," plainly frivolous and factually baseless as a matter of law. Further, defendant suggests that 28 U.S.C. § 1915(g) is applicable to plaintiff, barring him from proceeding *in forma pauperis*. Defendant therefore moves this Court to take judicial notice of the frivolous actions that plaintiff has filed in this Court, the Court of Appeals for the Second Circuit, as well as the U.S.

1

District Court for the Central District of California, and to declare 28 U.S.C. § 1915(g) applicable to plaintiff.

## BACKGROUND

This Court issued its *Ruling* on December 10, 2005 deciding that the plaintiff's claim lacks diversity-type subject-matter jurisdiction for want of the necessary amount in controversy. See Docket Entry No. 136. This Court issued said *Ruling* on the basis that plaintiff could not allege jurisdictional evidence sufficient to overcome the legal presumption that the modification of the contractual agreement between the parties had to be in writing. In fact, the plaintiff's jurisdictional allegations were completely unsupported by objective fact.

Pursuant to said *Ruling*, this Court rendered *Judgment* in defendant's favor, dismissing plaintiff's claim for want of subject-matter jurisdiction on December 13, 2005. See Docket Entry No. 137.

Plaintiff filed a *Notice of Appeal* to the Second Circuit Court of Appeals on January 3, 2006. See Docket Entry No. 139.

Defendant anticipates that plaintiff will move to proceed *in forma pauperis* on appeal. Plaintiff has been federally incarcerated since April 7, 1993, has been a prisoner at all times since that date, and is proceeding *in forma pauperis* in this and other actions. He is not alleged to have been under imminent danger of serious physical injury at the time of the filing of the *Notice of Appeal*.

Defendant now moves for denial of *in forma pauperis* status on appeal for plaintiff and for certification by this Court that said appeal is not taken in good faith. Further, defendant suggests the applicability of 28 U.S.C. § 1915(g) to plaintiff.

## **GROUNDS FOR MOTION**

### **THE PRESENT CASE**

The Court's *Ruling* underlying its *Judgment* is well-grounded in law, procedure and fact. The plaintiff's arguments on appeal are contrary to law as to Connecticut contracts, as to the written contract between the parties, and to law and procedure regarding federal jurisdiction. He is raising indisputably meritless legal arguments on appeal. Moreover, the plaintiff has alleged insufficient evidence, making his jurisdictional allegations clearly baseless. The plaintiff's appeal is therefore plainly frivolous as a matter of law.

"An action is frivolous when either: (1) the factual contentions are clearly baseless . . .; or (2) the claim is based on an indisputably meritless legal theory. A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted).

An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also . . . to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' *Id.*, at 327 (1989).

A civil action, where the plaintiff offered no evidence to support his cause of action other than his own account of the events, is frivolous for purposes of 28 U.S.C. §

1915. _Perry v. S.Z. Restaurant Corp._, 45 F. Supp.2d 272, 274 (S.D.N.Y. 1999). The appeal of a civil claim based solely on a plaintiff's conclusory allegations is frivolous. See _Jaffe v. United States_, 246 F.2d 760 (2d Cir. 1957).

Here, the plaintiff simply has no objective evidence to support his assertion that an oral modification took place. He relies solely on his own conclusory allegations. He does not dispute that he lacks unequivocal conduct evidence that points to a valid modification agreement. Without such evidence, the plaintiff could not have alleged diversity jurisdiction in good faith. Such was a necessary factual predicate to his claim of meeting the minimum required amount in controversy. Given the contractual bar on oral modifications in this case, without objective conduct evidence demonstrating the existence of the oral agreement, the plaintiff's appeal is jurisdictionally frivolous and factually baseless as a matter of law. His meritless appeal can go forward, but he should first be required to pay all fees on appeal.

## NORTHROP'S LITIGATION PRACTICES IN OTHER CASES

The _in forma pauperis_ "three strikes" provision, 28 U.S.C. § 1915(g), provides:

> "In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the
> prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury."

This is certainly not the first time that Northrop has filed a frivolous action or appeal. His recent claim against his criminal attorneys was dismissed by way of summary judgment on the ground of _res judicata_, and yet, he took an appeal. In denying Northrop _in forma pauperis_ status on appeal, Judge Thompson of this Court found that

Northrop's appeal of his ruling was plainly frivolous, and not taken in good faith. See *Northrop v. Williams, et. al*, Docket Entry No. 90, *Endorsement Order*, dated May 23, 2005, U.S.D.C. CT Docket No. 3:02-CV-00875 (AWT) (copy attached hereto as Exhibit A). This action was filed after the effective date of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Likewise, Judge Nevas of this Court found that Northrop presented no "substantial question for review," and failed to make a "substantial showing of denial of a federal right," in denying him a certificate of appealability in regard to his *habeas* claims; the allegations of which he found to be "wholly incredible." *Northrop v. United States*, 1998 U.S. Dist. LEXIS 677, *21 and *9 (copy appended to defendant's *Motion for Taking of Judicial Notice*, D.C. Docket Entry No. 114, September 16, 2005, as Exhibit C). This action was filed after the effective date of the Prison Litigation Reform Act.

Northrop filed two successive *habeas* actions with this Court (both of which were summarily dismissed), despite the 1998 *habeas* ruling and denial of a certificate of appealability. See U.S.D.C. CT Docket No.'s 3:99-CV-01571(AHN) and 3:00-CV-00830(AHN). A second or successive *habeas* application is generally presumed to be frivolous without permission to file having been obtained. These actions were filed after the effective date of the Prison Litigation Reform Act.

Further, Northrop has had an appeal to the Second Circuit dismissed as having no arguable basis in fact or law. See *Mandate of U.S.C.A.*, Docket Entry No. 10, dated August 6, 2003, U.S.D.C. CT Docket No. 3:03-CV-00351(SRU) (2d Cir. Case No. 03-0143) (copy attached hereto as Exhibit B). This action was filed after the effective date of the Prison Litigation Reform Act.

Finally, Northrop has filed no less than six civil actions with the U.S. District Court for the Central District of California that have been dismissed. See U.S.D.C. CDCA Docket No.'s 2:00-CV-02794-R-MAN, 2:00-CV-08341-UA-MAN, 2:00-CV-12596-R-MAN, 2:01-CV-00169-R-MAN, 2:01-CV-05289-R-MAN, and 2:04-CV-07342-UA-MAN. Of these six actions, at least four have been "*habeas* circumvention" actions that were found to be plainly frivolous, and one was an abortive "mandamus" action that was held to be "patently frivolous." In one such Order, the court found that Northrop was clearly shopping for *fora* to raise *habeas* arguments; Connecticut being the only proper forum for such challenges by Northrop. All of these actions were filed after the effective date of the Prison Litigation Reform Act.

Vaillancourt attaches hereto copies of the court orders regarding the five provable frivolous civil cases Northrop has brought in the Central District of California[1], as Exhibits C, D, E, F, G and H. Vaillancourt requests this Court take judicial notice of all eight exhibited court records for purposes of establishing that 28 U.S.C. § 1915(g) is applicable to Northrop. Even if his present claim is not found to be frivolous, he should still be denied *in forma pauperis* status on appeal in this and all future cases, under this provision.

## CONCLUSION

The plaintiff's claim in this case is baseless, founded on a complete lack of competent evidence to demonstrate the necessary amount in controversy to support diversity jurisdiction. The Court is fully authorized to look at the underlying facts of a prisoner's claim and find that his action is baseless. *Neitzke*. On appeal, Northrop has no

---

[1] Including an Order of the Ninth Circuit Court of Appeals, sustaining the District Court's ruling in regard to the denial of a certificate of appealability of one of his frivolous § 2241 actions. See Exhibit H.

meritorious argument at law with respect to contracts, jurisdiction or federal procedure.

Northrop has a significant history of bringing vexatious, abusive or meritless actions, and taking meritless or frivolous appeals. He has on more than three occasions filed frivolous federal civil actions while incarcerated, making 28 U.S.C. § 1915(g) applicable to him.

He should be denied *in forma pauperis* status on appeal in this case, it should be certified that his appeal of this Court's *Ruling* and *Judgment* is not taken in good faith, and this Court should certify that an appeal of this Court's denial of *in forma pauperis* status would also not be taken in good faith. Furthermore, this Court should declare that 28 U.S.C. § 1915(g) is applicable to plaintiff.

Wherefore, defendant Vaillancourt prays that this Court would deny plaintiff *in forma pauperis* status on appeal, certify that the plaintiff's appeal is not taken in good faith, and declare that 28 U.S.C. § 1915(g) is applicable to plaintiff for purposes of all federal court filings, including the appeal taken by Northrop in this case.

Respectfully submitted,

Karl Vaillancourt
Defendant *Pro Se*
29 State Street
North Haven, CT 06473

ORAL HEARING IS NOT REQUESTED

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the within motion was mailed, certified, return receipt requested and postage prepaid, this <u>12th</u> day of <u>  January  </u>, 2006, to:

> Aaron Ben Northrop, plaintiff *Pro Se*
> Reg. No. 61713-080
> Victorville U.S. Penitentiary
> P.O. Box 5600
> Adelanto, CA  92301

> Karl Vaillancourt
> Defendant *Pro Se*
> 29 State Street
> North Haven, CT  06473