UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
AARON BEN NORTHROP,             :
                                :
      Plaintiff,                :
                                :
v.                              :     Civil Action No.
                                :     3:02CV00875(AWT)
                                :
ELTON WILLIAMS and              :
RICHARD CRAMER,                 :
                                :
      Defendants.               :
                                :
-------------------------------x
```

**EXHIBIT A**

### ENDORSEMENT ORDER

Aaron Ben Northrop's Motion to Proceed on Appeal in Forma Pauperis (Doc. No. 89) is hereby DENIED. The court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal in this case is not taken in good faith for the reasons set forth below.

The court finds helpful to an analysis of the issues in this case the discussion and fact pattern in Linden v. Harper and Row Publishers, 490 F. Supp. 297 (S.D.N.Y 1980), and the court concludes that, as was the case in Linden, this "plaintiff's appeal, viewed objectively, . . . [is] plainly frivolous as a matter of law." Linden, 490 F. Supp. at 300.

Here the plaintiff does not dispute that the issues of the reasonableness of the legal services provided to him by the defendants and the voluntariness of the plaintiff's guilty plea

were raised in the prior habeas proceeding, but he contends that he should not be precluded from re-litigating them because some of the facts presented in his Third Amended Complaint were not presented to or considered by the Habeas Court. However, as noted by the court in its Ruling on Motions for Summary Judgment (Doc. No. 85)("Ruling"), "what the plaintiff portrays as 'new' issues are issues that arose from the same facts that were presented to, and were decided by, the Habeas Court." Ruling at 9. Thus, the court finds the situation in this case to be analogous to that in <u>Linden</u> and concludes that a similar result is appropriate.

It is so ordered.

Dated at Hartford, Connecticut on this 23rd day of May 2005.

/s/AWT
―――――――――――――――――
Alvin W. Thompson
United States District Judge

**MANDATE**

D. Conn.
03-cv-351
Underhill, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 6th day of August two thousand and three,

Present:

    Hon. Dennis Jacobs,
    Hon. Fred I. Parker,
    Hon. Sonia Sotomayor,
                                 *Circuit Judges.*

---

Aaron B. Northrop,

                Plaintiff-Appellant,

    v.                                                                          03-0143

United States of America,

               Defendant- Appellee.

---

Appellant, *pro se*, moves for *in forma pauperis* status and to expedite his appeal from the district court's dismissal of his Fed. R. Civ. P. 60(b) action. Upon due consideration, it is ORDERED that the *in forma pauperis* motion is denied, and the appeal is dismissed because it lacks an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e). Appellant's motion to expedite the appeal is denied as moot.

                            FOR THE COURT:
                            Roseann B. MacKechnie, Clerk

                            By: *Lucille Carr*

A TRUE COPY
ROSEANN B. MacKECHNIE, CLERK

SAO/ASmi

_ISSUED AS MANDATE:
JAN 15 2004

AUG - 6 2003

**EXHIBIT B**

ENTERED ON ICMS
NOV 13 2000

FILED
CLERK, U.S. DISTRICT COURT
NOV 13 2000
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BEN NORTHROP, | NO. CV 00-02794 R (MAN) |
| Plaintiff, | ORDER ACCEPTING AND ADOPTING |
| v. | FINDINGS, CONCLUSIONS, AND |
| UNITED STATES OF AMERICA, | RECOMMENDATIONS OF UNITED STATES |
| Defendants. | MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, all of the records herein, the attached Report and Recommendation of United States Magistrate Judge, and plaintiff's Objection. The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

**IT IS ORDERED** that: (1) the First Amended Complaint is dismissed without leave to amend; and (2) Judgment shall be entered dismissing this action without prejudice.

**EXHIBIT C**

1     **IT IS FURTHER ORDERED** that the Clerk serve copies of the Order and
2 the Magistrate Judge's Report and Recommendation on plaintiff.

4     **LET JUDGMENT BE ENTERED ACCORDINGLY.**

6 DATED: __Nov. 9__, 2000.

                              MANUEL L. REAL
                        UNITED STATES DISTRICT JUDGE

Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Case 2:00-cv-02794-R-MAN Document 12  Filed 10/13/2000  Page 3 of 12
Case 2:00-cv-02794-R-MAN Document 42  Filed 01/13/2006  Page 6 of 16

CLERK, U.S. DISTRICT COURT
- 4
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AARON BEN NORTHROP,

       Plaintiff,

VS.

UNITED STATES OF AMERICA, et al.,

       Defendants.

CASE NUMBER CV 00-02794-R (MAN)

NOTICE OF FILING OF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND LODGING
OF PROPOSED JUDGMENT AND/OR ORDER

TO: ALL PARTIES OF RECORD

    Aaron Ben Northrop
    Reg. No. 61713-080
    3901 Klein Blvd.
    Lompoc, CA 93436

    You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment and/or order has been lodged on October 4, 2000, copies of which are attached.

    Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than October 30, 2000, file and serve a written statement of objections with points and authorities in support thereof before the Honorable MARGARET A. NAGLE, U.S. Magistrate Judge.

    Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

    The report and recommendation of Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

CLERK, UNITED STATES DISTRICT COURT

Dated: October 4, 2000
Attachments

By    Earlene Carson ER
     Deputy clerk

M-51(6/98)    NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
       AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER



FILED
CLERK, U.S. DISTRICT COURT
OCT - 4 2000
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BEN NORTHROP, | NO. CV 00-02794 R (MAN) |
| Plaintiff, | REPORT AND RECOMMENDATION OF |
| v. | UNITED STATES MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

This Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### INTRODUCTION

On May 18, 2000, plaintiff, a federal prisoner proceeding pro se and in forma pauperis, filed a complaint entitled "Action to Remove, As Cloud on Plaintiff's Title, Government's Claim of Tax Lien." On August 15, 2000, plaintiff filed an amended complaint entitled "Action to

Remove Government's Claim of Tax Lien; Claim for Damages; Amended Complaint" ("First Amended Complaint"), which is now the operative complaint in this action. The defendants are the United States of America, the United States District Court for the District of Connecticut, and the Federal Bureau of Prisons.

Plaintiff alleges that he is incarcerated in federal prison on account of a tax lien enforced by the United States against his body. He alleges that the tax lien is invalid due to insufficient notice, and seeks release from custody and damages.

Congress has mandated that courts perform an initial screening of prisoner civil rights actions. This court may dismiss a prisoner civil rights action before service of process if it concludes that the complaint is frivolous, fails to state a claim, or seeks relief against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2), 1915A(b). For the reasons stated below, it is recommended that the Court dismiss this action without prejudice.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that in April of 1992, the United States filed "a number of Federal Tax Liens" against him in the United States District Court for the District of Connecticut. (First Amended Complaint ¶¶ 1, 2.) He further alleges that, on April 6, 1992, that District Court issued "an execution against the body of the Plaintiff." (Id. at ¶ 4.) Plaintiff was seized by United States Marshals in El Paso, Texas, transported to Connecticut, and arraigned. (Id. at ¶¶ 5-8.) Plaintiff

alleges various irregularities in connection with his arraignment and the impanelment of a grand jury. (Id. at ¶¶ 8-9.)

On July 28, 1992, the grand jury returned a seven-count indictment. (Id. at ¶ 10.) Plaintiff alleges that he was charged with tax violations. (Id.) However, the statutes he cites are not tax statutes. They are: 21 U.S.C. § 841(a)(1)(manufacture or distribution of drugs); 21 U.S.C. § 846 (conspiracy to sell drugs); 21 U.S.C. § 848 (engaging in a continuing criminal enterprise); 26 U.S.C. § 5861(c) and (f) (making and possessing a destructive device); 18 U.S.C. § 1958 (use of interstate facilities in the commission of murder for hire); and 18 U.S.C. § 401 (contempt of court). On March 11, 1993, plaintiff pled guilty to five counts of the indictment. (Id. at ¶ 11.)

Plaintiff alleges that he was never informed of the amount of taxes due, afforded an opportunity to challenge the tax assessments, or advised that he was actually pleading guilty to evading taxes. (Id. at ¶ 12.) On October 25, 1993, "a judgment was rendered against the Plaintiff" and he "was committed by the court for civil contempt (i.e. for allegedly refusing to pay the judgment) and placed into the custody of the . . . Federal Bureau of Prisons."[1] (Id. at ¶ 13.)

---

[1] In determining the existence of a cause of action, the court may properly take judicial notice of matters of public record, including court records in a related proceeding. See Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir.), cert. denied, 516 U.S. 964, 116 S. Ct. 418 (1995); MGIC Indemnity Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the court takes judicial notice of the facts and background set forth in the following rulings issued by the United States District Court for the District of Connecticut in connection with plaintiff's motions pursuant to 28 U.S.C. § 2255: Northrop v. United States, 1998 WL 27120 (D. Conn. 1998)("Northrop I") and Northrop v. United States, 2000 WL 631396 (D. Conn. 2000)("Northrop II").

3

1   Plaintiff alleges that on November 15, 1999, he learned that he was
2   being detained solely for the nonpayment of taxes. (Id. at ¶ 18.) On
3   January 31, 2000, February 2, 2000, and February 27, 2000, plaintiff
4   advised the Internal Service ("IRS") that its tax liens were
5   unenforceable because he had not received notice of the tax deficiency
6   or of the liens, and demanded a certificate of release. (Id. at ¶¶ 3,
7   20.) On February 15, 2000, plaintiff advised BOP officials that he was
8   being detained for the nonpayment of taxes, and demanded that they
9   furnish him with information relating to the federal tax liens. (Id. at
10  ¶ 21.) They did not do so. (Id. at ¶ 22.)

12  Plaintiff alleges that the federal tax liens asserted against him
13  are unenforceable because the United States: (1) failed to comply with
14  the statutory requirements of 26 U.S.C. § 6212(a), 6213(a), and 6303(a)

---

According to Northrop I and Northrop II, on March 11, 1993, plaintiff pled guilty to the following offenses: (1) conspiring to distribute cocaine and marijuana in violation of 21 U.S.C. § 846; (2) engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; (3) making and possessing a destructive device in violation of 21 U.S.C. §§ 5861(c) and (f); and (4) two counts of using interstate commerce in the commission of a murder-for-hire in violation of 18 U.S.C. § 1958. Northrop I, 1998 WL 27120 at * 1; Northrop II, 2000 WL 631396 at * 1. On October 25, 1993, the court sentenced plaintiff to 600 months imprisonment. Id. The Court of Appeals for the Second Circuit affirmed the sentence on November 1, 1994. Id.

Plaintiff filed three motions in the United States District Court for the District of Connecticut to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Plaintiff's first motion was denied without prejudice due to procedural defects; plaintiff's second motion was denied on the merits; plaintiff's third motion was treated as second and successive and was transferred to the Court of Appeals for the Second Circuit. Northrop I, 1998 WL 27120; Northrop II, 2000 WL 631396. The District Court for the District of Connecticut issued its ruling on plaintiff's third Section 2255 motion on March 10, 2000, ten days before plaintiff lodged his initial complaint in this action.

4

before filing and enforcing the lien; (2) failed to provide him with information relating to the tax assessments as required by 26 U.S.C. § 6203; (3) failed to provide him with a bond and post-execution hearing; and (4) failed to allow him the right of redemption pursuant to 26 U.S.C. § 6337. (Id. at ¶¶ 23-26.)

Plaintiff seeks a declaration that he is "the owner of his property/physical body," that defendants have no right or interest in it, and that the federal tax liens held against plaintiff are illegal and void. (Id. at ¶ 27.) He seeks an order enjoining defendants from claiming any interest in plaintiff's "property/physical body" under the liens, and directing defendants to "immediately release the body of the Plaintiff from the custody of the Federal Bureau of Prisons." Id. at ¶¶ 27, 28.) He also seeks damages. (Id. at ¶ 29.)

# DISCUSSION

I. **This Action Is Not A Proper Avenue To Seek Release From Imprisonment.**

Plaintiff's suit rests on his purported belief that his incarceration is due to a "tax lien" asserted by the IRS against his body. Plaintiff seeks to achieve his release from imprisonment by invalidating the tax lien.

Plaintiff's legal theory is entirely without merit. Plaintiff's body does not constitute "property" to which a tax lien can attach within the meaning of 26 U.S.C. § 6321 et seq. See U.S. Const. amend.

5

XIII; Commers v. United States, 66 F. Supp. 943, 945 (D. Mont. 1946)(plaintiff's body was not property within the meaning of the Takings Clause). Plaintiff is not incarcerated because of a tax lien. His incarceration is the result of his criminal conviction for drug and other offenses. See Northrop I, 1998 WL 27120 at * 1; Northrop II, 2000 WL 631396 at *1.

When a prisoner challenges the fact or duration of his imprisonment, and by way of relief seeks a determination that he is entitled to immediate or speedier release, his exclusive federal remedy is a petition for a writ of habeas corpus, or, in the case of a federal conviction, a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. See Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841 (1973). Similarly, plaintiff's claim for damages arising from his imprisonment necessarily implies the invalidity of his imprisonment and, thus, does not accrue until after his conviction or sentence has been invalidated. See Heck v. Humphrey, 512 U.S. 477, 114 S. Ct 2364 (1994).

Plaintiff can collaterally attack his imprisonment only by a motion pursuant to 28 U.S.C. § 2255 before the court that sentenced him, i.e., the District Court for the District of Connecticut. Indeed, plaintiff has already filed no fewer than three Section 2255 motions before that District Court. See Northrop II, 2000 WL 631396 at * 1. Plaintiff's first motion was denied without prejudice on account of procedural defects; plaintiff's second motion was denied on the merits; plaintiff's third motion was treated as second and successive and was transferred to the Court of Appeal for the Second Circuit. Id. at * 1-3. Ten days

6

1 later, plaintiff lodged his initial complaint in this action. This
2 Court cannot but conclude that this action constitutes an ingenious
3 attempt to circumvent the restrictions of Section 2255.

5 Plaintiff cannot obtain the relief he seeks through this action.
6 Accordingly, his claim must be dismissed.[2]

8 III. **The District Court for the District of Connecticut Is Immune**
9 **From Constitutional Claims**.

11 Plaintiff alleges that the United States District Court for the
12 District of Connecticut denied him due process of law under the
13 Fourteenth Amendment by failing to provide him with "a bond and adequate
14 post execution hearing." (First Amended Complaint ¶ 25.) Plaintiff's
15 constitutional claim against that District Court is barred by the
16 doctrine of sovereign immunity. See United States v. Dalm, 494 U.S.
17 596, 608, 110 S. Ct. 1361, 1368 (1990); Rivera v. United States, 924
18 F.2d 948, 951 (9th Cir. 1991) (the United States has not waived
19 sovereign immunity with respect to constitutional claims); Thomas-Lazear
20 v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir.
21 1988)(same).

---

[2] The Court expresses no opinion regarding whether plaintiff can attack the validity of federal tax liens, if any, on his property, or whether he can pursue an action for damages against the United States under 26 U.S.C. § 7432 for alleged wrongful failure to release tax liens. Plaintiff's present action is concerned solely with the tax lien allegedly enforced as against his body, i.e., through his imprisonment. Similarly, his damages action seeks solely damages resulting from his imprisonment.

7

Plaintiff's claim against the District Court for the District of Connecticut, therefore, must be dismissed for this additional reason.

III. Leave To Amend Should Be Denied.

In civil rights cases in which the plaintiff appears pro se, courts must construe the pleadings liberally and must afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 506 U.S. 915, 113 S. Ct. 321 (1992). Nevertheless, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). Where further amendment would be futile, the court may exercise its discretion and deny leave to amend. Id.

It is clear that additional allegations could not rectify the deficiencies of plaintiff's complaint. Plaintiff cannot seek release from imprisonment through statutory provisions addressing IRS collection practices; he must follow the procedures set forth in 28 U.S.C. § 2255. To the extent that plaintiff invokes any constitutional claims, they are barred by the doctrine of sovereign immunity. No amendment can overcome these fundamental deficiencies in plaintiff's claims. Under these circumstances, leave to amend is properly denied.

## RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting and adopting this Report and Recommendation; (2) dismissing the First Amended Complaint without leave to amend; and (3) dismissing this action without prejudice.

DATED: October 4, 2000.

*MARGARET A. NAGLE*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

LODGED
CLERK U.S. DISTRICT COURT
AUG - 3 2000
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

CLERK, U.S. DISTRICT COURT
AUG 18 2000
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

CLERK, U.S. DISTRICT COURT
AUG 14 2000
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BEN NORTHROP,<br>CDC# 61713-080<br><br>PLAINTIFF(S),<br>v.<br>FEDERAL BUREAU OF PRISONS,<br>DEFENDANT(S). | CASE NUMBER<br>CV 00-08341 IFP (CBM)<br><br>ORDER RE LEAVE TO FILE ACTION<br>WITHOUT PREPAYMENT OF FULL FILING FEE |

**IT IS ORDERED** that the complaint be filed without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $150.00. An initial partial filing fee of $_____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. §1915.

Dated: _____

# EXHIBIT D

UNITED STATES MAGISTRATE JUDGE

☑ **IT IS RECOMMENDED** that the application of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency
☑ Failure to authorize disbursements from prison trust account to pay filing fee
☑ Other: See below

☐ District Court lacks jurisdiction
☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
☐ Immunity as to _____
☑ Legally and/or factually patently frivolous

Comments: No Complaint has been filed, as required by Rule 3 of the Federal Rules of Civil Procedure. The matters alleged are not an appropriate subject for mandamus relief.

✓ Docketed
✓ Copies / NTC Sent
__ JS - 5 / JS - 6
__ JS - 2 / JS - 3
__ CLSD

Dated: 8/4/00

*Margaret A. Nagle*
UNITED STATES MAGISTRATE JUDGE

**IT IS ORDERED** that the application of prisoner-plaintiff to file the action without prepayment of the full filing fee is: ☐ GRANTED ☑ DENIED (See recommendation above).

Dated: 8/11/00

ENTERED ON ICMS
AUG 18 2000

*C. Bruce*
UNITED STATES DISTRICT JUDGE

CV-73c (6/00) ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE
CV

2