

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AARON BEN NORTHROP,                    )    NO. CV 00-12596-R (MAN)
                                       )
                Petitioner,            )    ORDER ACCEPTING AND ADOPTING
                                       )    FINDINGS, CONCLUSIONS AND
        v.                             )    RECOMMENDATIONS OF UNITED STATES
                                       )    MAGISTRATE JUDGE
UNITED STATES, et al.,                 )
                                       )
                Respondents.           )    EXHIBIT  E
_____)

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of United States Magistrate Judge, and Petitioner's Objections.  The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

    IT IS ORDERED that: (1) The Petition is DENIED; and (2)  Judgment shall be entered dismissing this action without prejudice.

///
///
///
///

JAN 2 2 2001

1    IT IS FURTHER ORDERED that the Clerk serve copies of the Order and

2    the Magistrate Judge's Report and Recommendation on petitioner.

3

4    DATED:  Jan. 19, 2001

5

6                                          MANUEL L. REAL
                                           UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JAN - 3 2001

CENTRAL DISTRICT OF CALIFOR
BY _____ DEP

AARON BEN NORTHROP,

      Plaintiff,

      VS.

UNITED STATES, et al.,

      Defendants.

CASE NUMBER CV 00-12596-R (MAN)

NOTICE OF FILING OF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND LODGING
OF PROPOSED JUDGMENT AND/OR ORDER

TO:    ALL PARTIES OF RECORD

      Aaron Ben Northrop
      Reg No. 61713-080
      Lompoc U.S. Penitentiary
      3901 Klein Blvd.
      Lompoc, CA 93436

      You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate
Judges, the Magistrate Judge's report and recommendation has been filed and a proposed
judgment and/or order has been lodged on January 3, 2001, copies of which are attached.

      Any party having objections to the report and recommendation and the proposed judgment
and/or order shall, not later than January 23, 2001, file and serve a written statement of
objections with points and authorities in support thereof before the Honorable
MARGARET A. NAGLE, U.S. Magistrate Judge.

      Failure to so object within the time limit specified shall be deemed a consent to any
proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing
objections, the case will be submitted to the District Judge for disposition. Following
entry of judgment and/or order, all motions or other matters in the case will be considered
and determined by the District Judge.

      The report and recommendation of Magistrate Judge is not a final appealable order. A
notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed
until entry of a judgment and/or order by the District Judge.

                        CLERK, UNITED STATES DISTRICT COURT

Dated: January 3, 2001
Attachments

By      Earlene Carson
      Deputy clerk

M-51(6/98)    NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
        AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER

FILED
CLERK, U.S. DISTRICT COURT

JAN - 3 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BEN NORTHROP, | NO. CV 00-12596-R (MAN) |
| Plaintiff, | REPORT AND RECOMMENDATION OF |
| v. | UNITED STATES MAGISTRATE JUDGE |
| UNITED STATES, et al., | |
| Defendants. | |

This Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## INTRODUCTION

Petitioner, a federal prisoner proceeding pro se, filed a "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)" on November 29, 2000 ("Petition"). Petitioner attacks the legality of his 1993 conviction and sentence, and his consequent incarceration.

1    For the reasons set forth below, the Court concludes that the

2  Petition is not properly asserted or cognizable under 28 U.S.C. § 2241,

3  and must be dismissed.

4

5                           **PRIOR PROCEEDINGS**

6

7

8     On  March 11, 1993, in the United States District Court for the

9  District of Connecticut, petitioner pled guilty to the following

10 offenses: (1) conspiring to distribute cocaine and marijuana in

11 violation of 21 U.S.C. § 846; (2) engaging in a continuing criminal

12 enterprise in violation of 21 U.S.C. § 848; (3) making and possessing

13 a destructive device in violation of 21 U.S.C. §§ 5861(c) and (f); and

14 (4) two counts of using interstate commerce in the commission of a

15 murder-for-hire in violation of 18 U.S.C. § 1958.  (Petition at 3; Ex.

16 A; see Northrop v. United States, 1998 WL 27120 at *1 (D. Conn. 1998)

17 ("Northrop I"), and Northrop v. United States, 2000 WL 631396 at *1 (D.

18 Conn. 2000) ("Northrop II")).  On October 25, 1993, the court sentenced

19 plaintiff to 600 months imprisonment.  (Petition at 3; Northrop I, 1998

20 WL 27120 at * 1; Northrop II, 2000 WL 631396 at * 1.)  The Court of

21 Appeals for the Second Circuit affirmed the sentence on November 1,

22 1994.  (Petition at 1-2; United States v. Northrop, 40 F.3d 1238 (2d

23 Cir. 1994).

24

25    Petitioner filed three motions in the United States District Court

26 for the District of Connecticut to vacate, set aside, or correct his

27 sentence, pursuant to 28 U.S.C. § 2255.  Petitioner's first Section 2255

28

                                    2

1 motion was denied without prejudice due to procedural defects. Northrop
2 I, 1998 WL 27120 at *1 n.1. Petitioner's second Section 2255 motion was
3 denied on the merits, and the court refused to issue a certificate of
4 appealability. Petition at 6; Northrop I, 1998 WL 27120 at *7.
5 Petitioner's third Section 2255 motion was treated as second and
6 successive, and was transferred to the Court of Appeals for the Second
7 Circuit. Northrop II, 2000 WL 631396 at *2.

8

9 Through the instant Petition brought pursuant to 28 U.S.C. § 2241,
10 petitioner asserts, citing cases pertaining to the Commerce Clause, that
11 the offenses charged in his indictment do not constitute a federal crime
12 absent a failure to pay taxes prior to engaging in the specified
13 criminal acts. (Petition, Attachment at 4-6.) Petitioner contends
14 that, as a result, his guilty plea was involuntary because the
15 indictment did not apprise him that the offenses to which he pled guilty
16 were actually tax offenses. (Petition, Attachment at 7-9.) Petitioner
17 contends that the purpose of his incarceration is to enforce payment of
18 his tax debt to the United States. (Petition, Attachment at 9-10.)

19

20                              **DISCUSSION**

21

22 I.   **The Relief Petitioner Seeks Is Cognizable, If At All, Only**
23      **Through A Section 2255 Motion.**

24

25 A federal prisoner who contends that his sentence is subject to
26 collateral attack "may move the court which imposed the sentence to
27 vacate, set aside or correct the sentence. A motion for such relief may

28

                                   3

be made at any time." 28 U.S.C. § 2255. Section 2255 expressly provides, in relevant part, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u> (Emphasis added.)

A Section 2255 motion is the "appropriate vehicle for challenging a conviction." <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1987). "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000).

It is well-established that a federal prisoner may not substitute a Section 2241 habeas petition for a Section 2255 motion. "[A] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997). "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." <u>Charles v. Chandler</u>, 180 F.3d 753, 758 (6th

4

1  Cir. 1999). "A federal prisoner authorized to seek relief under 28

2  U.S.C. § 2255 may not petition for habeas relief pursuant to 28 U.S.C.

3  § 2241 unless it appears that the § 2255 motion is inadequate or

4  ineffective to test the legality of his detention." Moore v. Reno, 185

5  F.3d 1054, 1055 (9th Cir. 1999), cert. denied, ___ U.S. ___, 120 S. Ct.

6  1214 (2000); see also Pirro, 104 F.3d at 299. The habeas petitioner

7  bears the burden of proving any such claimed inadequacy or

8  ineffectiveness. See, e.g., United States v. Lurie, 207 F.3d 1075, 1078

9  (8th Cir. 2000); Charles, 180 F.3d at 756; Leveriza v. Hayes, 1995 WL

10 392531 at * 2 (N.D. Cal. 1995), aff'd., 98 F.3d 1346 (9th Cir. 1996).

11

12      By his present Section 2241 Petition, petitioner challenges the

13 validity of his conviction and sentence, and the consequent legality of

14 his incarceration. If any relief is available with respect to his

15 claims, petitioner must seek it through the provisions of Section 2255.

16 Petitioner can proceed under Section 2241 only if he can show that

17 Section 2255 is inadequate and ineffective.

18

19      Petitioner asserts that his remedy under Section 2255 is inadequate

20 and ineffective because the Antiterrorism and Effective Death Penalty

21 Act ("AEDPA") forecloses further judicial review of his claims. He also

22 alleges that his claims in this Petition are new claims that have never

23 been addressed by any court. (Petition at 6A.)

24

25      A claim that Section 2255 is an inadequate or ineffective remedy

26 constitutes "a narrow exception" to the rule that Section 2255

27 represents the federal prisoner's exclusive remedy for challenging a

28

1  conviction.  Pirro, 104 F. 3d at 299.  The fact that Section 2255 relief

2  has been sought and denied does not render the remedy inadequate or

3  ineffective.  It is well-established that a "district court's previous

4  denial of relief on the merits is not alone sufficient to show that the

5  section 2255 remedy is inadequate."  Tripati, 843 F. 2d at 1163; see

6  also Chandler, 180 F.3d at 756 and 757-78 (collecting cases, and noting

7  that "the § 2255 remedy is not considered inadequate or ineffective

8  simply because § 2255 relief has already been denied").  Similarly, the

9  Section 2255 remedy is not rendered ineffective or inadequate because

10  a petitioner is unable to obtain the required certification to bring a

11  second or successive Section 2255 motion.  Moore, 185 F.3d at 1055

12  (holding that the dismissal of a subsequent Section 2255 motion pursuant

13  to 28 U.S.C. § 2244(b) does not render Section 2255 an inadequate or

14  ineffective remedy).

15

16      Petitioner's Section 2255 remedy is not inadequate or ineffective

17  simply because he claims to have come forth with new legal theories

18  since the time he filed his original Section 2255 motion.  Once a

19  Section 2255 motion has been brought and lost, a subsequent Section 2255

20  motion may not be brought absent certification from the United States

21  Court of Appeals.  Such certification may not be granted unless the

22  subsequent motion is based on either:  (1) newly discovered evidence

23  which, construed in light of the evidence as a whole, is sufficient to

24  establish that no reasonable factfinder would have found the prisoner

25  guilty; or (2) a new rule of law established by the United States

26  Supreme Court, previously unavailable, which is made retroactive to

27  cases on collateral review.  28 U.S.C. § 2255.  Petitioner's sole remedy

28

6

1   is to attempt to obtain such certification from the Court of Appeal for

2   the Second Circuit. He cannot circumvent Section 2255's restriction on

3   filing second or successive petitions by the simple expedient of

4   couching his Petition as one brought under Section 2241. See Moore, 185

5   F.3d at 1055; Greenawalt v. Stewart, 105 F.3d 1287, 1287-88 (9th Cir.

6   1997).

7

8       The Court notes that the District Court for the District of

9   Connecticut transferred petitioner's third Section 2255 motion to the

10  Court of Appeals for the Second Circuit. Northrop II, 2000 WL 631396.

11  Even if the Second Circuit denies, or has already denied, certification

12  of petitioner's claims asserted in the instant Petition, that denial

13  would not render petitioner's Section 2255 remedy inadequate or

14  ineffective. The Ninth Circuit has unequivocally held that the denial

15  of permission to bring a second or successive Section 2255 motion, and

16  consequent dismissal of a subsequent Section 2255 motion, does not

17  render the Section 2255 remedy inadequate or ineffective. Moore, 185

18  F.3d at 1055. See also Chandler, 180 F.3d at 756 (same). Cf. Felker

19  v. Turpin, 518 U.S. 651, 663-664 116 S. Ct. 2333, 2339-2340 (1996)

20  (holding essentially identical limitations on second or successive

21  petitions brought by state prisoner to be constitutional).

22

23      Petitioner has not met his burden of proving that the remedy

24  provided by Section 2255 is inadequate or ineffective. He has not shown

25  any basis for deeming it such. Petitioner simply refuses to accept the

26  finality of the denial of Section 2255 relief by the District Court for

27  the District of Connecticut. Petitioner's attempt to obtain another

28

7

1  bite of the apple in another court is improper forum shopping and an

2  abuse of the habeas procedure.  This Petition cannot properly be heard

3  under Section 2241.  Accordingly, the Petition should be denied and this

4  action dismissed, without prejudice.[1]

5

6                            **RECOMMENDATION**

7

8      For all of the foregoing reasons, IT IS RECOMMENDED that the Court

9  issue an Order:   (1) *accepting and adopting this* Report and

10 Recommendation; (2) denying the Petition;  and (3) directing that

11 Judgment be entered dismissing this action without prejudice.

12 DATED: January 2, 2001.

13

14                                    MARGARET A. NAGLE

15                              MARGARET A. NAGLE
                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19                               **NOTICE**

20

21     Reports and Recommendations are not appealable to the Court of

22 Appeals, but may be subject to the right of any party to file objections

23 —————

24      [1]    Petitioner is cautioned that the Court's recommendation that
   the Petition be dismissed without prejudice does not constitute
25 permission for him to continue to file with this Court Section 2255
   motions improperly designated as Section 2241 petitions.  The only
26 reason that the Court has not recommended a dismissal with prejudice is
   the possibility that Petitioner, in the future, might have a legitimate
27 need to avail himself of Section 2241 habeas relief.   Such a
28 circumstance is not presented by the instant Petition.

                                  8

FILED
CLERK, U.S. DISTRICT COURT

FEB 21 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ✓
Send ✓
Enter ———
Closed ———
JS-5/JS-6 ———
JS-2/JS-3 ———
Scan Only———

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

AARON BEN NORTHROP,

        Petitioner,

        v.

WARDEN, USP LOMPOC, et al.,

        Respondents.

NO. CV 01-00169-R (MAN)

ORDER ACCEPTING AND ADOPTING
FINDINGS, CONCLUSIONS AND
RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE

# EXHIBIT F

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, and the attached Report and Recommendation of United States Magistrate Judge. The time for filing Objections thereto having passed, and no Objections having been filed, the Court accepts and adopts the Magistrate Judge's Report and Recommendation.

    IT IS ORDERED that: (1) The Petition is DENIED, and (2) Judgment shall be entered dismissing this action without prejudice.

///
///
///

1    IT IS FURTHER ORDERED that the Clerk serve copies of the Judgment,

2  the Order, and the Magistrate Judge's Report and Recommendation on

3  petitioner.

4

5  DATED:   Feb. 21, 2001

6

7                                        _____
                                         MANUEL L. REAL
8                                        UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

CLERK, U.S. DISTRICT COURT

JAN - 9 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AARON BEN NORTHROP,

      Petitioner,

      vs.

WARDEN, USP LOMPOC, et al.,

      Respondents.

CASE NUMBER CV 01-00169-CAS(MAN)

NOTICE OF FILING OF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND LODGING
OF PROPOSED JUDGMENT AND/OR ORDER

TO:    ALL PARTIES OF RECORD

      Aaron Ben Northrop
      Reg# 61713-080
      U.S.P. Lompoc
      3901 Klein Blvd.
      Lompoc, CA 93436

      You are hereby notified that pursuant to the Local Rules Governing Duties of Magistrate Judges, the Magistrate Judge's report and recommendation has been filed and a proposed judgment and/or order has been lodged on January 9, 2001, copies of which are attached.

      Any party having objections to the report and recommendation and the proposed judgment and/or order shall, not later than February 5, 2001, file and serve a written statement of objections with points and authorities in support thereof before the Honorable MARGARET A. NAGLE, U.S. Magistrate Judge.

      Failure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact. Upon receipt of objections, or upon lapse of the time for filing objections, the case will be submitted to the District Judge for disposition. Following entry of judgment and/or order, all motions or other matters in the case will be considered and determined by the District Judge.

      The report and recommendation of Magistrate Judge is not a final appealable order. A notice of appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a judgment and/or order by the District Judge.

                            CLERK, UNITED STATES DISTRICT COURT

Dated: January 9, 2001
Attachments

By      Earlene Carson
        Deputy clerk

M-51(6/98)   NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
            AND THE LODGING OF PROPOSED JUDGMENT AND/OR ORDER

FILED
CLERK, U.S. DISTRICT COURT

JAN - 9 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BEN NORTHROP, | NO. CV 01-00169-CAS (MAN) |
| Petitioner, | REPORT AND RECOMMENDATION OF |
| v. | UNITED STATES MAGISTRATE JUDGE |
| WARDEN, USP LOMPOC, et al., | |
| Respondents. | |

This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## INTRODUCTION

Petitioner, a federal prisoner proceeding *pro se*, filed a "Writ of Habeas Corpus pursuant to The 'Savings Clause' [5] of 28 U.S.C. 2255," on January 5, 2001 ("Petition"). He alleges that he seeks habeas relief pursuant to 28 U.S.C. § 2241 ("Section 2241"). (Petition at 1.) Petitioner already has a Section 2241 habeas petition pending in this

1  Court. On November 29, 2000, he filed a habeas petition, pursuant to
2  Section 2241, in Case No. CV 00-12596-R (MAN) (the "Prior Petition").
3  On January 3, 2000, the Court issued a Report and Recommendation in the
4  Prior Petition action, recommending that the Prior Petition be dismissed
5  on the ground that Petitioner's relief, if any, lies under 28 U.S.C. §
6  2255 ("Section 2255"). At present, the Prior Petition remains pending.
7
8      For the reasons set forth below, the Court concludes that the
9  instant Petition is not properly asserted or cognizable under 28 U.S.C.
10 § 2241, and must be dismissed.
11
12                      **PRIOR AND PRESENT PROCEEDINGS**
13
14      On March 11, 1993, in the United States District Court for the
15 District of Connecticut, petitioner pled guilty to the following
16 offenses:  (1) conspiring to distribute cocaine and marijuana in
17 violation of 21 U.S.C. § 846; (2) engaging in a continuing criminal
18 enterprise in violation of 21 U.S.C. § 848; (3) making and possessing
19 a destructive device in violation of 21 U.S.C. §§ 5861(c) and (f); and
20 (4) two counts of using interstate commerce in the commission of a
21 murder-for-hire in violation of 18 U.S.C. § 1958.  (See Prior Petition
22 at 3,[1] Ex. A; see Northrop v. United States, 1998 WL 27120 at *1 (D.
23 Conn. 1998) ("Northrop I"), and Northrop v. United States, 2000 WL
24 631396 at *1 (D. Conn. 2000) ("Northrop II")).  On October 25, 1993, the
25

26      [1]    Pursuant to Rule 201 of the Federal Rules of Evidence, the
27 Court is entitled to take judicial notice of its own records and files
   in other cases. See, e.g., Schweitzer v. Scott, 469 F. Supp. 1017, 1020
28 (C.D. Cal. 1979).

                                    2

1  court sentenced plaintiff to 600 months imprisonment. (See Prior
2  Petition at 3; Northrop I, 1998 WL 27120 at * 1; Northrop II, 2000 WL
3  631396 at * 1.) The Court of Appeals for the Second Circuit affirmed
4  the sentence on November 1, 1994. (See Prior Petition at 1-2; United
5  States v. Northrop, 40 F.3d 1238 (2d Cir. 1994).)

6

7      Petitioner filed three Section 2255 motions in the United States
8  District Court for the District of Connecticut to vacate, set aside, or
9  correct his sentence. Petitioner's first Section 2255 motion was denied
10 without prejudice due to procedural defects. Northrop I, 1998 WL 27120
11 at *1 n.1. Petitioner's second Section 2255 motion was denied on the
12 merits, and the court refused to issue a certificate of appealability.
13 Petition at 6; Northrop I, 1998 WL 27120 at *7. Petitioner's third
14 Section 2255 motion was treated as second and successive, and was
15 transferred to the Court of Appeals for the Second Circuit. Northrop
16 II, 2000 WL 631396 at *2.

17

18     Through the Prior Petition, brought pursuant to Section 2241,
19 petitioner seeks to attack the legality of his 1993 conviction and
20 sentence, and his consequent incarceration. In the Prior Petition,
21 petitioner asserts that the offenses charged in his indictment do not
22 constitute a federal crime, absent a failure to pay taxes prior to
23 engaging in the specified criminal acts. (Prior Petition, Attachment
24 at 4-6.) Petitioner contends that, as a result, his guilty plea was
25 involuntary because the indictment did not apprise him that the offenses
26 to which he pled guilty were actually tax offenses. (Prior Petition,
27 Attachment at 7-9.) Petitioner further contends that the purpose of his

28

3

1  incarceration is to enforce payment of his tax debt to the United

2  States.  (Prior Petition, Attachment at 9-10.)

3

4  Through the instant Petition, petitioner again seeks to attack his

5  1993 conviction and sentence.  He attempts to plead a claim of

6  ineffective assistance of counsel, predicated on an allegation that his

7  counsel failed to file a notice of appeal with respect to his sentence,

8  which he asserts was "imposed in violation of the law or [based upon]

9  an incorrect application of the Sentencing Guidelines."  (Petition at

10  1.)  Petitioner alleges that the Supreme Court, through its decision

11  last year in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000),

12  established a "new rule of law . . . applied retroactively" which

13  entitles him to Section 2241 habeas relief.  (Petition at 2.)

14

15                              DISCUSSION

16

17  A federal prisoner who contends that his sentence is subject to

18  collateral attack "may move the court which imposed the sentence to

19  vacate, set aside or correct the sentence.  A motion for such relief may

20  be made at any time."  28 U.S.C. § 2255.  A Section 2255 motion is the

21  "appropriate vehicle for challenging a conviction."  Tripati v. Henman,

22  843 F.2d 1160, 1162 (9th Cir. 1987).  "In general, § 2255 provides the

23  exclusive procedural mechanism by which a federal prisoner may test the

24  legality of detention."  Lorentsen v. Hood, 223 F.2d 950, 953 (9th Cir.

25  2000).

26

27  Section 2255 expressly provides, in relevant part, that:

28

4

1        An application for a writ of habeas corpus in

2        behalf of a prisoner who is authorized to apply for

3        relief by motion pursuant to this section, <u>shall</u>

4        <u>not be entertained</u> if it appears that the applicant

5        has failed to apply for relief, by motion, to the

6        court which sentenced him, or that such court has

7        denied him relief, <u>unless it also appears that the</u>

8        <u>remedy by motion is inadequate or ineffective to</u>

9        <u>test the legality of his detention.</u> (Emphasis

10       added.)

11

12    It is well-established that a federal prisoner may not substitute

13 a Section 2241 habeas petition for a Section 2255 motion. "[A] federal

14 prisoner authorized to seek relief under section 2255 may not petition

15 for habeas corpus relief pursuant to section 2241." <u>United States v.</u>

16 <u>Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997). "The remedy afforded under

17 § 2241 is not an additional, alternative or supplemental remedy to that

18 prescribed under § 2255." <u>Charles v. Chandler</u>, 180 F.3d 753, 758 (6th

19 Cir. 1999). "A federal prisoner authorized to seek relief under 28

20 U.S.C. § 2255 may not petition for habeas relief pursuant to 28 U.S.C.

21 § 2241 unless it appears that the § 2255 motion is inadequate or

22 ineffective to test the legality of his detention." <u>Moore v. Reno</u>, 185

23 F.3d 1054, 1055 (9th Cir. 1999), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 120 S. Ct.

24 1214 (2000); <u>see also Pirro</u>, 104 F.3d at 299. The habeas petitioner

25 bears the burden of proving any such claimed inadequacy or

26 ineffectiveness. <u>See, e.g., United States v. Lurie</u>, 207 F.3d 1075, 1078

27

28

1  (8th Cir. 2000); <u>Charles</u>, 180 F.3d at 756; <u>Leveriza v. Hayes</u>, 1995 WL

2  392531 at * 2 (N.D. Cal. 1995), <u>aff'd.</u>, 98 F.3d 1346 (9th Cir. 1996).

3

4       By his present Petition, petitioner seeks to challenge the validity

5  of his sentence, and the consequent legality of his incarceration.

6  Accordingly, if any relief is available with respect to his claim,

7  petitioner must seek it through a motion brought under Section 2255.

8  Petitioner can proceed under Section 2241 <u>only</u> if he can show that

9  Section 2255 is inadequate and ineffective.  The Court notes that a

10 claim that Section 2255 is an inadequate or ineffective remedy

11 constitutes "a narrow exception" to the rule that Section 2255

12 represents the federal prisoner's exclusive remedy for challenging a

13 conviction. <u>Pirro</u>, 104 F.3d at 299.

14

15      Petitioner asserts that his remedy under Section 2255 is inadequate

16 and ineffective because "he cannot present constitutional issues under

17 28 USC 2255." (Petition at 1.)  Petitioner's contention is patently

18 frivolous.  As the above-cited authorities make clear, a Section 2255

19 motion is the available remedy for a federal prisoner who claims that

20 his conviction and/or sentence resulted from a violation of his federal

21 constitutional rights.  <u>See, e.g.</u>, <u>Tripati</u>, 843 F.2d at 1162.  In

22 particular, a claim seeking to challenge the effectiveness of counsel

23 in a federal criminal case, as is raised here, should be raised by

24 Section 2255 motion. <u>Pirro</u>, 104 F.3d at 299 (dismissing Section 2241

25 petition raising ineffective assistance claim).  Thus, petitioner's

26 argument for finding his Section 2255 remedy to be inadequate or

27 ineffective is without merit.

28

6

1    The fact that Section 2255 relief already has been sought and
2  denied does not render the remedy inadequate or ineffective.  It is
3  well-established that a "district court's previous denial of relief on
4  the merits is not alone sufficient to show that the section 2255 remedy
5  is inadequate." Tripati, 843 F. 2d at 1163; see also Chandler, 180 F.3d
6  at 756 and 757-78 (collecting cases, and noting that "the § 2255 remedy
7  is not considered inadequate or ineffective simply because § 2255 relief
8  has already been denied").  Similarly, the Section 2255 remedy is not
9  rendered ineffective or inadequate because a petitioner is unable to
10 obtain the required certification to bring a second or successive
11 Section 2255 motion.    Lorentsen, 223 F.3d at 953 ("§2241 is not
12 available under the inadequate-or-ineffective remedy escape hatch of §
13 2255 merely because the court of appeals refuses to certify a second or
14 successive motion under the gatekeeping provisions of § 2255); Moore,
15 185 F.3d at 1055 (holding that the dismissal of a subsequent Section
16 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render Section 2255
17 an inadequate or ineffective remedy).  See also Chandler, 180 F.3d at
18 756 (same). Cf. Felker v. Turpin, 518 U.S. 651, 663-664 116 S. Ct.
19 2333, 2339-2340 (1996) (holding essentially identical limitations on
20 second or successive petitions brought by state prisoner to be
21 constitutional).

22

23    Accordingly, petitioner's previous lack of success under Section
24 2255 in the District of Connecticut and the Second Circuit also does not
25 render his Section 2255 remedy inadequate or ineffective.[2]

26 ────────────────

27    [2]    The Court notes that the District Court for the District of
   Connecticut transferred petitioner's third Section 2255 motion to the
28 Court of Appeals for the Second Circuit.  Northrop II, 2000 WL 631396.

7

1     Petitioner's Section 2255 remedy also is not inadequate or
2 ineffective simply because he claims to now possess a claim arising
3 under a "new rule of constitutional law . . . applied retroactively"
4 which he asserts has arisen since the time he filed his original, and
5 subsequent, Section 2255 motions in the United States District Court for
6 the District of Connecticut.  Once a Section 2255 motion has been
7 brought and lost, a subsequent Section 2255 motion may not be brought
8 absent certification from the United States Court of Appeals.
9 Significantly, certification may be sought when the subsequent motion
10 is based on "a new rule of constitutional law, made retroactive to cases
11 on collateral review by the Supreme Court, that was previously
12 unavailable."  28 U.S.C. § 2255.  Such an allegation is the crux of
13 petitioner's present ineffective assistance of counsel claim.  In short,
14 Petitioner's allegations plainly show that his claim, if cognizable at
15 all, must be raised by a request for certification to bring a second or
16 successive Section 2255 motion.

17

18     Petitioner's sole remedy for the ineffective assistance of counsel
19 claim asserted in the Petition is to obtain certification from the Court
20 of Appeal for the Second Circuit to bring a second or successive Section
21 2255 motion.  Should such certification be obtained, Petitioner must
22 file his Section 2255 motion in the sentencing court, i.e., the District
23 of Connecticut, rather than in this Court.  Petitioner cannot circumvent

24 _____

25 The Court has not seen that Section 2255 motion and, thus, is not aware
of what claim(s) it raises.  However, even if the Second Circuit denies,
26 or has already denied, certification of petitioner's claim asserted in
the instant Petition, that denial would not render petitioner's Section
27 2255 remedy inadequate or ineffective.  See Lorentsen, 223 F.3d at 953;
28 Moore, 185 F.3d at 1055.

8

1   Section 2255's restriction on filing second or successive petitions by

2   the simple expedient of couching a habeas petition as one brought under

3   Section 2241 and by bringing it in a different District than that which

4   preciously has denied him relief.   See Moore, 185 F.3d at 1055;

5   Greenawalt v. Stewart, 105 F.3d 1287, 1287-88 (9th Cir. 1997).

6

7       The remedy provided by Section 2255 is not inadequate or

8   ineffective with respect to the claim asserted by the instant Petition.

9   It is readily apparent that Petitioner is attempting to avoid raising

10  his claim in the proper court, one which previously has denied him

11  Section 2255 relief.  Petitioner's patent attempt at forum shopping --

12  both through the Prior Petition and the instant Petition -- is an abuse

13  of the habeas procedure.  This Petition is not cognizable under Section

14  2241.   Accordingly, the Petition should be denied and this action

15  dismissed, without prejudice.[3]

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  _____

23      [3]   Petitioner is cautioned that the Court's recommendation that
    the Petition be dismissed without prejudice does not constitute
24  permission for him to continue to file with this Court Section 2255
    motions which are improperly designated as Section 2241 petitions.  The
25  only reason that the Court has not recommended a dismissal with
    prejudice with respect to the instant petition is the possibility that
26  Petitioner may seek to raise the present ineffective assistance of
    counsel claim in the District of Connecticut, as he should have done in
27  the first instance.  The merits of petitioner's claim, if they are to
    be considered at all, must be raised in and determined by that court.
28

1

2

3

4

5

6

7

8     **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA**

10

11    AARON BEN NORTHROP,                    )    NO. CV 01-5289-R (MAN)
                                             )
12                    Petitioner,            )
                                             )
13        v.                                 )    ORDER DENYING CERTIFICATE OF
                                             )    APPEALABILITY
14    AL HERRERA,                            )
                                             )
15                    Respondent.            )
                                             )    **EXHIBIT G**
16    _____    )

17

18        On June 17, 2002, Petitioner, a federal prisoner proceeding *pro se*,

19    filed a Notice of Appeal with respect to the Court's Judgment of June

20    10, 2002, dismissing his habeas petition without prejudice.  By Order

21    filed September 25, 2002, the United States Court of Appeals for the

22    Ninth Circuit remanded Petitioner's appeal for the limited purpose of

23    granting or denying a certificate of appealability ("COA"), on the

24    ground that this action appears to arise under 28 U.S.C. § 2255.  *See*

25    Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001)(COA required even

26    when federal prisoner's petition, alleged to be brought under 28 U.S.C.

27    § 2241, was not construed by the district court as a Section 2255

28    motion).  On December 24, 2002, Petitioner filed a COA application.

Entered on ICMS JAN 1 6 2003 . CBuy            36

1    Under 28 U.S.C. § 2253(c)(1)(B), an appeal may not be taken from a
2    "final order in a proceeding under section 2255" unless the appellant
3    first obtains a COA.   Under Section 2253(c)(2), "[a] certificate of
4    appealability may issue . . . only if the applicant has made a
5    substantial showing of the denial of a constitutional right."   Here,
6    however, the dismissal of the instant petition was based on a non-
7    constitutional ground, namely, that jurisdiction pursuant to Section
8    2241 is lacking over the claims alleged by Petitioner.   The Supreme
9    Court has made clear that Section 2253(c)(2) does not bar appellate
10   review when a district court's rejection of a state prisoner's habeas
11   petition rests on procedural grounds.   <u>Slack v. McDaniel</u>, 529 U.S. 473,
12   484, 120 S. Ct. 1595, 1604 (2000).   The Supreme Court also clarified the
13   showing required to satisfy Section 2253(c)(2), and to warrant issuance
14   of a COA, when a petition has been denied on procedural grounds, such as
15   in this case.

16

17         When the district court denies a habeas petition on procedural
18         grounds   without   reaching   the   prisoner's   underlying
19         constitutional claim, a COA should issue when the prisoner
20         shows, at least, that jurists of reason would find it
21         debatable whether the petition states a valid claim of the
22         denial of a constitutional right and that jurists of reason
23         would find it debatable whether the district court was correct
24         in its procedural ruling.

25

26   <i>Id.</i>   Both showings must be made before the Court of Appeal "may
27   entertain the appeal."   <i>Id.</i>   The Supreme Court held further that, in
28   resolving the COA issue, "a court may find that it can dispose of the

2

1 application in a fair and prompt manner if it proceeds first to resolve
2 the issue whose answer is more apparent from the record and arguments,"
3 and that the law "allows and encourages the court to first resolve
4 procedural issues" rather than constitutional questions.  *Id.* at 485,
5 120 S. Ct. at 1604.

6

7      In this case, considering the Court's procedural holding first is
8 appropriate and resolves the COA question.  In her Report and
9 Recommendation, which the Court accepted and adopted by Order filed June
10 10, 2002, the United States Magistrate Judge concluded that Petitioner's
11 attempt to invoke Section 2255's "savings clause" with respect to his
12 instant claims -- alleged to arise under <u>Richardson v. United States</u>,
13 516 U.S. 813, 119 S. Ct. 1707 (1999), and otherwise -- is unavailing.
14 The Magistrate Judge concluded that Petitioner's assertion of "actual
15 innocence" did not mandate a different conclusion, as Petitioner did not
16 state a colorable claim of actual or factual innocence.  Petitioner's
17 remedy, if any, lies under Section 2255, and the fact that he has been
18 denied relief to bring a second or successive Section 2255 motion in the
19 District in which he was sentenced does not convert his claims into
20 grounds for relief cognizable in this Court pursuant to Section 2241.
21 Hence, as there is no basis for Section 2241 jurisdiction over
22 Petitioner's claims, the Petition was properly dismissed without
23 prejudice.

24

25      In <u>Slack</u>, the Supreme Court concluded:

26

27      Where a procedural bar is present and the district court is
28      correct to invoke it to dispose of the case, a reasonable

3

1  jurist could not conclude either that the district court erred

2  in dismissing the petition or that a petitioner should be

3  allowed to proceed further. In such a circumstance, no appeal

4  would be warranted.

6  529 U.S. at 485, 120 S. Ct. at 1604. The same conclusion must follow

7  here. The Court concludes that reasonable jurists would not find its

8  decision that no Section 2241 jurisdiction exists over Petitioner's

9  claims to be "debatable or wrong." Slack, 529 U.S. at 484, 120 S. Ct.

10 at 1603. The Court also concludes that the issues raised by Petitioner

11 are not "adequate to deserve encouragement to proceed further." Id.

12 Therefore, Petitioner has not made the required "substantial showing of

13 the denial of a constitutional right" and has not satisfied Section

14 2253(c)(2). As a result, no COA may issue and Petitioner's application

15 is DENIED.[1]

17 IT IS SO ORDERED.

19 DATED: **Jan. 15, 2003** .

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

24  [1]  The Court notes that Petitioner, in his COA application, seeks

25 a COA on several new issues not raised in this Court prior to Judgment,
   including allegations of a Suspension Clause violation and a purported

26 improper "incorporation" by Congress of res judicata principles into
   Sections 2241 and 2255. Petitioner did not raise these arguments while

27 this action was pending. Moreover, they are meritless. Accordingly,
   the Court declines to grant a COA on these belatedly-raised and

28 frivolous contentions.

4

PRESENTED BY:

*Margaret A. Nagle*

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

5



# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

- - - - - - - - - - - - - - -

NO. 02-56129
CT/AG#: CV-01-05289-R

AARON BEN NORTHROP

       Petitioner - Appellant

v.

AL HERRERA, Warden                     **EXHIBIT  H**

       Respondent - Appellee


- - - - - - - - - - - - - - - - - -

APPEAL FROM the United States District Court for the Central District of California, Los Angeles .

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is  AFFIRMED.

Filed and entered        04/19/04.





41