UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AARON BEN NORTHROP,

    Plaintiff,                    Case No: 3:01CV364(AVC)

  V.

KARL VAILLANCOURT,              January 12, 2006

    Defendant,

## MOTION FOR RECONSIDERATION OF COURT'S ORDER DISMISSING ACTION

    Plaintiff AARON BEN NORTHROP, respectfully requests that this Court reconsider its decision dismissing the case for lack of subject matter jurisdiction. In support of this motion, plaintiff represents as follows;

    The plaintiff has reviewd the court's ruling and believes that the court has erred in two material respects. First, the court has failed to consider evidence that supports the plaintiff's contention that an oral agreement to extend the date of payment existed between the parties. In response to the defendant's motion for summary judgment filed in June of 2003, the plaintiff testified in in an affidavit that in March of 1992, the plaintiff and the defendant entered into a verbal agreement to extend the date of payment on the note. (See Exhibit "B ," in plaintiff's response to defendant's motion for summary judgment). The court makes no mention of the plaintiff's affidavit in the ruling. Moreover, in this case,

1

an opposing affidavit is all that is necessary to defeat the defendant's motion for summary judgment. The court also failed to consider the conduct of the parties. In the instant case, the plaintiff promised to forebear bringing suit, and in accordance with his promise, refrained from filing suit. The conduct of the parties is relevant in determining whether or not an agreement to extend the date of payment existed between the parties.

Second, the court has presumed that "any contract modification has to be in writing." Id., at p. 8. This presumption is based on the court's conclusion that the no-oral-modification clause contained in the pledge agreement applies to the promissory note as well. Even assuming that the court is correct in determining that the contracts are united, in this case, the no-oral-modification clause is inoperative as a matter of law. In the State of Connecticut, as in most states, a contractual prohibition against oral modification may be waived by course of conduct, particularly where there has been performance in reliance on the oral modification. See, U.S. v. Schwimmer, 968 F.2d 1570, 23 Fed. R. Serv. 3d (2d Cir. 1992); see also, 17 Am.Jur.2d Contracts § 514 - Stipulations against oral modification. [*1]

---

[1] Plaintiff does not have access to Connecticut State law books and is in the process of obtaining the Connecticut State case that supports his position.

2

In this case, the court has previously concluded that there is no statute or law that requires the original agreement to be in writing. Therefore, under such circumstances, the contract can be modified orally, even though there is a written provision that states that the contract can only be modified in writing. In addition, the plaintiff has relied on the oral modification and has performed a forebearance.

### RELIEF

Wherefore, the plaintiff requests that the court reconsider its decision in light of the facts and law presented in this motion for reconsideration.

Respectfully submitted,

*[signature]*
AARON BEN NORTHROP
Reg. No: 61713-080
Victorville U.S. Penitentiary
P.O. Box 5500
Adelanto, CA 92301

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Motion for Reconsideration was mailed, postage prepaid, to the defendant KARL VAILLANCOURT, at 29 State Street, North Haven, Connecticut on this 12th day of January, 2006.

*Aaron Northrop*
AARON BEN NORTHROP
Reg. No: 61713-080
Victorville U.S. Penitneitary
P.O. Box 5500 Adelanto, CA 92301

§ 514 —Stipulation against oral modification

Research References

West's Key Number Digest, Contracts ⇐236

Provision—Method of communicating modification. Am. Jur. Legal Forms 2d, Contracts § 68:431

Written modification as necessary. Am. Jur. Legal Forms 2d, Contracts § 68:433

Written modification as necessary. Art. Jur. Legal Forms 2d, Contracts § 158:434

Amendment to agreement—Confirming oral amendment. Am. Jur. Legal Forms 2d, Partnership §§ 194:515

The rule followed by the courts generally, with some authority to the contrary,[1] is that unless a contract is required by law to be in writing,[2] the contract can be modified orally, even though it provides that it can be modified only in writing.[3]

---

◆ **Observation:** Such a stipulation in the original contract may become inoperative because of modification or rescission, waiver or estoppel, or an independent contract.[4]

Some jurisdictions, however, have statutes providing that a written contract containing a provision against oral modification cannot be changed or altered by an executory agreement unless it is in writing.[5]

§ 515 Modification of sealed contract

Research References

West's Key Number Digest, Contracts ⇐239

Where the statute of frauds is not involved[1] the terms of a contract under seal may be varied or waived by a subsequent parol agreement, express or implied.[2] Accordingly, a sealed contract may be modified by a subsequent parol agreement, if the latter has been executed or has been so acted upon

[Section 514]

[1] 25 P.3d 1187 (Colo. 2001), as modified on denial of reh'g, (July 2, 2001); Barlie Excavating & Pipeline Co., Inc. v. Vacuum Underdrain, Inc., 362 So. 2d 117 (Fla. Dist. Ct. App. 1st Dist. 1978) (written contracts, not under seal, can be modified by subsequent oral agreement of the parties, even though the written contract purports to prohibit such modification); Whalen v. Connelly, 545 N.W.2d 284 (Iowa 1996); Illinois Cent. R. Co. v. Manion, 113 Ky. 7, 23 Ky. L. Rptr. 2267, 67 S.W. 40 (1902); Singing River Mall Co. v. Mark Fields, Inc., 599 So. 2d 938 (Miss. 1992); Prime Financial Group, Inc. v. Masters, 141 NH 33, 676 A.2d 528, 32 U.C.C. Rep. Serv. 2d 1068 (1996); Son-Shine Grading, Inc. v. ADC Const. Co., 68 N.C. App. 417, 315 S.E.2d 346 (1984); Bennett v. Farmers Ins. Co. of Oregon, 332 Or. 138, 26 P.3d 785 (2001); Com. ex rel. DiValerio v. DiValerio, 169 Pa. Super. 477, 82 A.2d 687 (1951); Fondedile, S.A. v. C.E. Maguire, Inc., 610 A.2d 87 (R.I. 1992); King v. PYA/Monarch, Inc., 317 S.C. 385, 453 S.E.2d 885 (1995); Robbins v. Warren, 782 S.W.2d 509 (Tex. App. Houston 1st Dist. 1989); Lindsay v. McEnearney Associates, Inc., 260 Va. 48, 531 S.E.2d 573 (2000).

An oral modification of a written contract is permissible, even though the contract contains a provision prohibiting its alteration except in writing. Canada v. Allstate Ins. Co., 411 F.2d 517 (5th Cir. 1969).

The rule allowing proof of an oral modification of a contract, notwithstanding a requirement that all changes to a contract must be in writing, is based upon the premise that a party who has included such a provision in a contract for that party's benefit can certainly waive that provision. Ex parte Coleman, 2003 WL 1145460 (Ala. 2003).

[2] Shah v. Racetrac Petroleum Co., 338 F.3d 557, 2003 FED App. 0244P (6th Cir. 2003); Muth v. Pacific Mut. Life Ins. Co., 266 F.3d 637 (7th Cir. 2001) (applying Illinois law); Hayes Trane Service Agency, Inc. v. American Standard, Inc., 51 Fed. Appx. 786, 49 U.C.C. Rep. Serv. 2d 65 (10th Cir. 2002) (applying Wisconsin law); Teer v. George A. Fur Co., 30 F.2d 30 (C.C.A. 4th Cir. 1929); Agmack, Inc. v. DeJohn Housemoving, Inc.,

[3] Teer v. George A. Fuller Co., 30 F.2d 30 (C.C.A. 4th Cir. 1929); Whalen v. Connelly, 545 N.W.2d 284 (Iowa 1996) (statute of frauds); Valero v. DiValerio, 169 Pa. Super. 477, 82 A.2d 687 (1951); Fondedile, S.A. v. C.E. Maguire, Inc., 610 A.2d 87 (R.I. 1992); King v. PYA/Monarch, Inc., 317 S.C. 385, 453 S.E.2d 885 (1995); Robbins v. Warren, 782 S.W.2d 509 (Tex. App. Houston 1st Dist. 1989); Lindsay v. McEnearney Associates, Inc., 260 Va. 48, 531 S.E.2d 573 (2000).

A provision that an agreement may not be amended orally but only by written instrument does not necessarily bar oral modification of the contract. Cambridgeport Sav. Bank v. Boesrner, 413 Mass. 432, 597 N.E.2d 1017 (1992) (further holding that evidence of a subsequent oral modification must be of sufficient force to overcome the presumption that an integrated and complete agreement, which requires written consent to modification, expresses the intent of the parties).

Although an original contract's written modification or anti-waiver clauses do not serve as barriers to subsequent modification by express mutual agreement, the significance of such clauses regarding the parties' intent to amend is heightened where a party relies on a course of conduct to establish modification; such restrictive amendment clauses are an express mutual statement regarding the parties' expectations regarding amendments. Quality Products and Concepts Co. v. Nagel Precision, Inc., 469 Mich. 362, 666 N.W.2d 251 (2003).

An oral mutual agreement to cancel or rescind a contract operates to do so, despite a clause in the contract which requires that modifications be in writing. Truhe v. Turnac Group, L.L.C., 1999 SD 118, 599 N.W.2d 378 (S.D. 1999).

[4] Sitkin v. Smith, 35 Ariz. 226, 276 P. 521, 66 A.L.R. 645 (1929); Humiston Grain Co. v. Rowley Interstate Transp. Co., Inc., 483 N.W.2d 832 (Iowa 1992); Freeman v. Stanbern Const. Co., 205 Md. 71, 106 A.2d 50 (1954); New York Life Ins. Co. v. O'Dom, 100 Miss. 219, 56 So. 379 (1911); Snowball v. Maney

[5] District of Columbia v. Camden Iron Works, 181 U.S. 453, 21 S. Ct. 680, 45 L. Ed. 948 (1901); White & Hamilton Lumber Co. v. Lynch, 31 Ga. App. 697, 121 S.E. 874 (1924), aff'd, 159 Ga. 283, 125 S.E. 472, 44 A.L.R. 211 (1924); Fuchs v. Peterson, 315 Ill. 370, 146 N.E. 556 (1925); Lampasona v. Capriotti, 296 Mass. 34, 4 N.E.2d 621, 108 A.L.R. 430 (1936); Larose v. Porter, 87 N.H. 241, 177 A. 297 (1935); Kotb v. County Board of Education of Jasper County, 141 S.C. 448, 140 S.E. 99, 55 A.L.R. 682 (1927); Martin v. Martin & Carpenter, 98 Vt. 326, 127 A. 292, 55 A.L.R. 697 (1925).

Bros. & Co., 39 Wyo. 84, 270 P. 167, 61 A.L.R. 199 (1928).

Under New York law, a contractual prohibition against oral modification may be waived by course of conduct, particularly where there has been performance in reliance on the oral modification. U.S. v. Schwimmer, 968 F.2d 1570, 23 Fed. R. Serv. 3d 224 (2d Cir. 1992).

Proof of an oral modification of a contract serves not only as proof of the modification itself, but also as proof of a waiver of the requirement for a writing. Ex parte Coleman, 2003 WL 1145460 (Ala. 2003).

For application of this rule to building and construction contracts, see Am. Jur. 2d, Building and Construction Contracts §§ 25, 26.

[5] DFI Communications, Inc. v. Greenberg, 41 N.Y.2d 602, 394 N.Y.S.2d 586, 363 N.E.2d 312 (1977).

[Section 515]

[1] As to the effect of the statute of frauds, see Am. Jur. 2d, Statute of Frauds §§ 193 to 201.