FILED

UNITED STATES DISTRICT COURT   2006 FEB -b A 11: 21
DISTRICT OF CONNECTICUT

3:01CV364(AVC) February 15, 2006. On December 12, 2005, the court granted the defendant, Karl Vaillancourt's, motion to dismiss for lack of subject matter jurisdiction. The court concluded that because the plaintiff, Aaron Ben Northrop, "is unable to prove the existence of an oral agreement to extend the due date [on a promissory note], it is therefore apparent, to a legal certainty, that the statutory jurisdictional amount of $75,000 cannot be reached."

Northrop has now filed the within "motion for reconsideration" on the grounds that: (1)"the court makes no mention of the plaintiff's affidavit" where he testified that an oral agreement was entered into; (2) the court failed to consider that "the plaintiff promised to forebear bringing suit, and in accordance with his promise, refrained from bringing suit"; (3) "a contractual prohibition against oral modification may be waived by course of conduct, particularly where there has been performance in reliance on the oral modification."

Fed. R. Civ. Pro. 60(b) provides that the court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been released, satisfied or discharged . . .; or (6) any other reason justifying the relief from the operation of judgment." On the basis of the arguments Northrop has advanced in favor of his motion, the court construes the motion to be filed pursuant to Rule 60(b)(1). "The power to rescind or alter a final judgment given to the court under Rule 60(b) is an extraordinary power that should only be invoked in extraordinary circumstances." Fernandez v. Pacquette, 2005 U.S. Dist. LEXIS 25401 (D. Conn. 2005)(citing Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).

Having carefully considered Northrop's arguments, the court concludes that no extraordinary circumstances exist such that the court's December 12, 2005, ruling should be rescinded or altered. First, although the court did not make specific mention of Northrop's affidavit, that is what the court had in mind when it referenced Northrop's "presumptive good faith assertion" that an oral agreement was entered into. Furthermore, even if Northrop had promised to produce evidence supporting his alleged promise to forebear filing suit, this would not be material to whether or not there was an oral agreement. Finally, the court did not assume that a no oral modification clause cannot be overcome but rather that the existence of such a clause "strongly militates" against one party's claim that an oral agreement was entered into.

Therefore, while the motion for reconsideration is GRANTED, the relief requested is denied and the court affirms its December 12, 2005, decision to grant the motion to dismiss.
SO ORDERED.

Alfred V. Covello, U.S.D.J.