Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT  06473



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 3:01-CV-00364 (AVC) |
| v. | ) | |
| | ) | |
| | ) | |
| Karl Vaillancourt, | ) | February _13_ , 2006 |
| Defendant. | ) | |

## RESPONSE AND OBJECTION TO
## PLAINTIFF'S POST-JUDGMENT MOTION

Now comes Karl Vaillancourt, defendant in the instant action, and

pursuant to Fed. R. Civ. P. § 7, responds to plaintiff's post-judgment motion

alleging judicial mistake (Docket Entry No. 143) filed on February 6, 2006.

## PROCEDURAL ISSUES

The plaintiff does not identify what rule he files his motion under, but

the *Motion* asks for reconsideration of the Court's *Ruling* (Docket Entry No.

136, entered December 10, 2005) on the basis of alleged judicial mistake.

The *Motion* has all the characteristics of a motion to alter or amend a

1

judgment, which is normally construed to be a motion under either Rule 52(b) or Rule 59(e). *City of Hartford v. Chase*, 942 F.2d 130, 133-34 (2d Cir. 1991). Motions under either rule are required to be filed within ten (10) business days of the entry of the judgment to which it pertains. See Fed. R. Civ. P. §§ 52(b) and 59(e); See also, Local Rule 7(c). The time for filing such a motion can not be extended by the Court for any reason. See *Lichtenberg v. Bessie Corp.*, 204 F.3d 397, 401 (2d Cir. 2000); Fed. R. Civ. P. § 6(b). The plaintiff's *Motion* is not filed within ten business days of the entry of the judgment to which it pertains. This Court would therefore properly construe plaintiff's *Motion* as a motion for relief from the *Judgment* under Rule 60(b). *Association for Retarded Citizens v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995). The Court would have to construe such to be a motion under Rule 60(b)(1) because the *Motion* alleges "mistake" ("the court has erred"). *United States v. Int'l B'hd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001).

Motions for relief from judgment are generally disfavored, and are properly granted only upon a showing of exceptional circumstances. *Id.*, at 391. The burden of proof falls upon the party seeking relief from a judgment. *Id.*

2

Motions for relief from judgment are committed to the sound discretion of the trial court. _Devlin v. Transportation Comm. Int'l Union_, 175 F.3d 121, 132 (2d Cir. 1999).

## RESPONSE & OBJECTION

### I.    THE PLAINTIFF'S AFFIDAVIT

The plaintiff attributes error, suggesting the Court overlooked his _Affidavit_ in which he alleged the 1992 verbal extension agreement, when making its _Ruling_. The plaintiff is clearly in error, and not the Court. The Court quoted the operative language from plaintiff's _Affidavit_ in the last paragraph of page 2 and continuing onto the top of page 3 of the _Ruling_. The Court clearly took notice of, and considered the evidence presented by the plaintiff's self-serving testimony contained in his _Affidavit_.

Furthermore, the Court clearly considered the proper evidential weight of the plaintiff's _Affidavit_ when it promulgated its _Order to Show Cause_. Docket Entry No. 120, September 27, 2005. The Court therein stated that his testimony, standing alone, was insufficient to support his claim of an oral modification in the face of the contractual provision barring oral modification. The Court ordered plaintiff to produce or allege objective corroborating evidence showing that the claimed oral modification of the contract was adopted in practice by the parties.

3

Plaintiff's gripe in this instance isn't that the Court overlooked his *Affidavit*, but rather the evidential weight that the Court has assigned to his self-serving declaration. Such is not a proper subject for reconsideration, absent law requiring the Court to give his *Affidavit* greater weight. To defendant's knowledge, no such law exists.

## II.    TYPE OF PROCEEDING & DISPUTED FACTS

The plaintiff suggests that this was a summary judgment proceeding. He is incorrect. This was a factual challenge to his jurisdictional allegation raised a in motion to dismiss under Rule 12(b)(1), for which his claims are entitled to no presumption of truthfulness or favorable inferences. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *APWU, et al. v. Potter*, 343 F.3d 619, 623, 627 (2d Cir. 2003). See also, *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363-64 (1st Cir. 2001).

A district court cannot convert a factual challenge under Rule 12(b)(1) into a summary judgment motion. See *Kamen v. AT&T Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

The plaintiff suggests that his *Affidavit* alone is sufficient to prevent judgment from entering against him. Presumably, he is asserting that by placing facts in dispute through his own testimony, he is judgment-proof.

He is incorrect on the law, whether on a motion for summary judgment or on a motion to dismiss.

On a Rule 12(b)(1) motion to dismiss, a party cannot rest on conclusory allegations that factual disputes exist. *Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (citing *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)). The district court may resolve disputed issues of fact by reference to evidence outside the pleadings in order to determine its own subject-matter jurisdiction. *Id.*

"Conclusory allegations . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). A *pro se* plaintiff's bare allegations, without more, are insufficient to withstand a motion for summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

A plaintiff's own testimony, standing alone, is insufficient to withstand a motion to dismiss or for summary judgment. The plaintiff must show he can produce a "preponderance" of competent evidence; not just a scintilla predicated upon his own subjective belief. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (emphasis supplied).

The plaintiff's *Affidavit*, alleging disputed facts without any objective support, has no more evidentiary force than mere conclusory allegations in a complaint. See, e.g., *Zappia Middle East Constr. Co. Ltd.*, *supra*.

## III.   SCHWIMMER, LAW BEFORE THE COURT & EVIDENCE

Plaintiff cites as controlling law the case of *United States v. Schwimmer*, 968 F.2d 1570 (2d Cir. 1992) and asserts that the Court either overlooked or misapplied the enunciated legal principle therein of waiver by conduct.   As plaintiff correctly claims, no-oral-modification clauses generally can be waived by conduct of the parties, and conduct is relevant. Defendant wholeheartedly agrees with this statement of the law.

*Schwimmer* relies upon, and cites as its basis for its "waiver by conduct" conclusion, the case of *Towers Charter & Marine Corp. v. Cadillac Ins. Co.*, 894 F.2d 516, 522 (2d Cir. 1990) as well as a New York case entitled *Rose v. Spa Realty Assocs.*, which is cited in *Towers*.   See *Schwimmer*, 968 F.2d at 1575.

The defendant cited *Towers* in his *Motion to Dismiss*, fully recounting the precise evidentiary standards to be applied, and recounting the exact text with citations, including citation to *Rose*, which enunciates the principle plaintiff now claims the Court overlooked.   Clearly, the law that plaintiff

suggests was overlooked or misapplied was placed directly before the Court by defendant in his *Motion to Dismiss*.

*Towers*, and hence, *Schwimmer*, do not support plaintiff's evidentiary position. *Towers*, citing *Rose*, makes it clear that the conduct required to bring about a waiver of a no-oral-modification clause is conduct that is unequivocally inconsistent with the original agreement between the parties.

The principle of conduct that would affect such a waiver was clearly considered by this Court. The Court weighed the evidentiary allegations that plaintiff put forth in his *Response to Order to Show Cause* (Docket Entry No. 125, October 25, 2005) and correctly concluded that, even if plaintiff could prove his "predisposition" allegations, the predisposition evidence did not constitute conduct inconsistent with the original agreement which would permit the inference defendant waived the no-oral-modification clause in the original contract between the parties. The Court necessarily found plaintiff's claimed forbearance is not conduct clearly inconsistent with the original agreement. Hence, this Court properly reached the conclusion that, as a matter of law, plaintiff cannot present evidence sufficient to overcome the legal presumption that any modification to the original agreement had to be in writing.

## IV.   WAIVER BY CONDUCT & FORBEARANCE

First and foremost, the contract between the parties not only bars modification, but also bars waiver of any of its provisions, including the no-modification clause. "Neither this agreement, nor any provision hereof, may be amended, modified, waived, discharged or terminated orally, but only by an instrument in writing. . . ." *Pledge Agreement*, Clause 7 ("Modification") at page 5 (in relevant part) (emphasis added), Exhibit B to *Motion for Default Judgment*, Docket Entry No. 23, June 16, 2003.

Defendant would respectfully suggest that the no-modification clause cannot be waived, even by subsequent conduct, where the parties have mutually expressed an unambiguous intent, and unmistakably agreed to waive all arguments of an unwritten waiver regarding any of the contract's provisions. Only by an instrument in writing can any provision of the contract be waived. There is a clearly expressed intent in the contract to exclude waiver in any form other than by written agreement.

"A contract must be construed to effectuate the intent of the parties.

. . .

Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." *Tallmadge Bros., Inc. v. Iroquois Gas Transmission System*, L.P., 252 Conn. 479, 498 (2000).

8

The plaintiff claims the no-oral-modification clause in the contract is inoperative because it "may" be waived by a course of conduct. Defendant would suggest that the word "may" does not mean "is." The no-oral-modification clause in this case is not a nullity, because it has not been waived by objective conduct. It is a valid, binding and unambiguous "legal presumption," that can only be overcome by plaintiff's presentation of proof of a "course of conduct" in part performance. Such proof is required to be objective, unequivocal and inconsistent with the original agreement. No such proof has been alleged or produced by plaintiff.

Connecticut law is well defined in this area. In approximately 150 years of jurisprudence, the Connecticut Supreme Court has not estopped a single party from requiring a writing to modify a written agreement without the existence of some objective proof of partial performance. _Glazer v. Dress Barn, Inc_. 274 Conn. 33, 64, 873 A.2d 929 (2005).

"[I]t cannot be permitted that a plaintiff may show by parol evidence a verbal agreement . . . and then a part performance by himself of that agreement, and thus alone lay the foundation for specific performance on the part of the defendant." _Id_., at 70 (emphasis added). The precise factual predicate that plaintiff is trying to claim is sufficient in this case is specifically barred by binding and controlling Connecticut law.

"If the acts [of part performance] are reasonably explicable on some other ground . . . they are not sufficient to take the case out of the statute [of frauds]." 73 Am. Jur. 2d 20, *Statute of Frauds* § 320 (2001).

A "course of conduct" is not equivalent to a solitary, unilateral and equivocal inaction, such as plaintiff's suggested forbearance. It is a significant pattern of non-preliminary acts that are clearly inconsistent with the original agreement between the parties, are undertaken and/or assented to by both parties (demonstrating mutual assent), and are such as would "compel the inference that there was some contract by which these acts were required and therefore explainable upon no other theory." *FDIC v. Altholtz*, 4 F. Supp. 2d 80, 86 (D.Conn. 1998).

Because the plaintiff has not even alleged proof of a course of conduct in part performance, he cannot overcome the legal presumption that any modification to the agreement had to be in writing. The Court was correct on the law and the facts in its *Ruling*.

Moreover, the plaintiff's claim of forbearance is without merit. His claim of forbearance until March of 2001 is not inconsistent with the original agreement between the parties, where he had until February 8, 2001 to bring suit (six years from the maturity date of the *Promissory Note*).

Northrop's own correspondence to Timothy Yolen, [1] wherein he states he had until 2001 (and not 2006) to enforce the contract as it is written, demonstrates that he did not forbear in a manner inconsistent with the original agreement.   Finally, Northrop's incorrect allegation in his *Complaint* that the original contract was made on May 1, 1990 shows that he did not intend to forbear beyond the maximum time permitted to enforce the unmodified original agreement.  Northrop surely thought he had until May 1, 2001 to enforce the original contract as written, without necessity for any conjured extension, at the time he filed his *Complaint*.

The filing of the *Complaint* in March of 2001 does not unequivocally point to, or compel the inference of the existence of, a modification to the original written agreement.  It therefore does not serve as conduct sufficient to support the finding of a waiver by Vaillancourt of the no-oral-modification clause in the original contract.  Further, it does nothing to demonstrate an essential element of an oral modification claim; that there was mutual assent to the meaning and conditions of the claimed modification. *Lar-Rob Bus Corp. v. Fairfield*, 170 Conn. 397, 402 (1976).

---

[1]  Dated December 11, 2002, and appended as Exhibit E to Vaillancourt's *Response to Order to Show Cause*, Docket Entry No. 81, September 16, 2004, as well as Exhibit A to Vaillancourt's *Response to Motions in Limine*, Docket Entry No. 121, September 30, 2005.

Finally, defendant would suggest that any argument of "waiver" of the no-oral-modification clause in the contract had to be specially pled by plaintiff in his first responsive pleading under Fed. R. Civ. P. § 8(c). Defendant raised the bar presented by the contractual clause in July of 2003. See Docket Entry No. 50 at page 7. Plaintiff did not raise waiver by conduct until the present. Plaintiff has therefore long-since waived his "waiver by conduct" argument.

## V.    RELIANCE

Plaintiff seems to be asserting a reliance claim. Assuming only for the sake of argument that a definite promise and a true reliance occurred, reliance remains barred in this case. Because Northrop was a signatory to the *Pledge Agreement* containing the no-oral-modification clause, he knew or should have known that he could not safely or reasonably rely on any oral promise to validly modify the agreement. "[A] promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all. . . ." *Saye v. Howe*, 92 Conn. App. 638, 648 (2005); See also *D'Ulisse-Cupo v. Board of Directors of Notre Dame High School*, 202 Conn. 206, 213, 520 A.2d 217 (1987).

## VI.    CONNECTICUT LAW EXEMPLIFIED

Directly on point under Connecticut law is the case of _Lavelle_. Therein, the plaintiff claimed a modification of a written employment contract by a purported agreement made in 1995. The original 1993 contract prohibited oral modification. The plaintiff could not produce a signed 1995 modification. The statute of frauds was not directly implicated in the case, but identical legal standards as would overcome the statute were applied to determine the validity of the claimed modification.

The trial court evaluated the attending conduct of the parties, looking for evidence of objective acts of part performance that were unequivocally inconsistent with the original 1993 agreement, so as to compel the inference such a modification was mutually agreed to.  Having found no such evidence, the trial court concluded that no valid oral modification existed.

The reviewing appellate court sustained the trial court's adopted legal standards, as well as its resulting finding of fact that no enforceable modification existed.  See _Lavelle v. Ecoair Corp._, 74 Conn. App. 710, 716-18, 814 A.2d 421 (2003).

The _Lavelle_ court essentially came to the same legal conclusions that this Court did: a no-oral-modification clause in a written agreement creates a legal presumption against oral modification, and the presumption that the

parties intended to bar oral modification can only be overcome by objective proof of conduct in part performance that is unequivocally inconsistent with the original agreement.

Interestingly, *Lavelle* demonstrates that even where detailed discussions and drafted proposed modification agreements occur, no modification comes into being without actual signatures on a modifying agreement, or without proof of objective acts of partial performance, unequivocally inconsistent with the original agreement, compelling the inference that the claimed modifying agreement was actually adopted in practice. [2]

## EPILOGUE

"It is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties." *Levine v. Massey*, 232 Conn. 272, 279, 654 A.2d 737 (1995) (internal quotation marks omitted).

"[W]aiver implied by a person's conduct . . . must be unequivocal and must allow room for no other explanation. . . ." *Zenon v. R.E. Yeagher Management Corp.*, 57 Conn. App. 316, 327, 748 A.2d 900 (2000).

---

[2] Vaillancourt strenuously denies that any modification discussion took place between himself and Northrop. Nevertheless, Vaillancourt argues that under the holding in *Lavelle*, even if such a discussion had occurred, it would be irrelevant without a signed modifying agreement, or without proof of objective and unequivocal acts of part performance, inconsistent with the original agreement.

14

## CONCLUSION

This Court's *Ruling* of December 10, 2005 (Docket Entry No. 136), granting the motion to dismiss Northrop's case for lack of subject-matter jurisdiction, was correct on both the law and the facts. The Court did not overlook any pertinent evidence, nor did it overlook or misapply controlling law. Plaintiff has not carried his burden to demonstrate this Court made a material mistake of law or fact, and should have therefore reached a conclusion different than that attained in the Court's *Ruling*.

The plaintiff has not shown exceptional circumstances justifying relief from the *Judgment*. The plaintiff's motion for relief from the *Judgment* should therefore be denied.

Respectfully submitted,

Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT  06473

**ORAL HEARING IS NOT REQUESTED**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within Response and Objection was mailed, certified, return receipt requested and postage pre-paid, to plaintiff Aaron Ben Northrop, Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA 92301 on this ___13th___ day of February, 2006.

Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT 06473

16