Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT 06473

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Aaron Ben Northrop,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>)<br>) | Case No. 3:01-CV-00364 (AVC) |
| Karl Vaillancourt,<br>    Defendant. | )<br>)<br>) | March 9, 2006 |

### DEFENDANT'S RESPONSE & OBJECTION TO
### PLAINTIFF'S MOTION TO TRANSFER

Now comes Karl Vaillancourt, defendant in the instant action, and pursuant to Fed. R. Civ. P. § 7, responds and objects to plaintiff's *Motion to Transfer* (Docket Entry No. 148) filed on March 6, 2006.

### RESPONSE AND OBJECTION

The plaintiff moves this Court under 28 U.S.C. § 1631 to transfer his claim to the Connecticut courts. Said statute does not authorize such a transfer, and such an undertaking would violate the Article III power of this Court.

The applicable statute, 28 U.S.C. § 1631, entitled, "Transfer to cure want of jurisdiction," provides:

1

> "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal <u>to any other such court</u> in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

(emphasis added).

"Court" is defined in 28 U.S.C. § 610 as:

> "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade."

Nothing in Section 1631 permits a federal court lacking subject-matter jurisdiction to transfer a case to a State court. See <u>Moravian School Advisory Bd. v. Rawlins</u>, 70 F.3d 270, 274 (3d Cir. 1995).

Both the statutory language and the legislative history show that this provision was entirely directed to transfers of cases within the federal court system. The Senate Report states, "This provision is broadly drafted to allow transfer between any two Federal courts." S.Rep. No. 275, 97th Cong., 1st Sess. 30, reprinted in <u>1982 U.S. Code Cong. & Ad. News</u>, 11, 40. See also, <u>Hearing on Judicial Housekeeping Before the Subcomm. on Courts, Civil Liberties, and the Administration of Justice of the House Comm. on the Judiciary</u>, 95th Cong., 2d Sess. 372-90 (May 4, 1978).

As there is no other federal court that would have jurisdiction and venue to entertain plaintiff's claim, his <u>Motion for Transfer</u> under the cited statute is meritless.

2

In fact, Fed. R. Civ. P. § 12(h)(3) mandates that a federal court lacking subject matter jurisdiction of an originally filed diversity claim is obligated to take only one action, and that is to "dismiss" the case. Such is the limit of the Article III power of a federal court. See *Mills v. Maine*, 118 F.3d 37, 51 (1st Cir. 1997); *Klett v. Pim*, 965 F.2d 587, 591 n.7 (8th Cir. 1992).

"Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

The filing of this motion is simply another of plaintiff's abuses of the litigation process and another meritless attempt to revive his frivolous claim. The Court should deny plaintiff's *Motion for Transfer* and direct the case be closed.

## CONCLUSION

Wherefore, defendant Vaillancourt prays that this Court would find plaintiff's *Motion for Transfer* is meritless, hold that 28 U.S.C. § 1631 provides no basis for transfer to a State court of an originally filed federal diversity action, deny the plaintiff's *Motion for Transfer*, and direct the Clerk to close this case, thereby concluding this matter.

Respectfully submitted,

Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT  06473

**ORAL HEARING IS NOT REQUESTED**

3

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within Response and Objection was mailed, certified, return receipt requested and postage pre-paid, to plaintiff Aaron Ben Northrop, Reg. No. 61713-080, Victorville U.S. Penitentiary, P.O. Box 5600, Adelanto, CA 92301 on this __9th__ day of March, 2006.

_____
Karl Vaillancourt
Defendant, *Pro Se*
29 State Street
North Haven, CT 06473